**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION**

CASE NO.: 2:20-cv-14159-RLR

DJ LINCOLN ENTERPRISES, INC.

    Plaintiff,

  v.

GOOGLE, LLC,

    Defendant.

## JOINT SCHEDULING REPORT

**Meeting of the Parties**

Pursuant to Federal Rules of Civil Procedure 26(f) and Southern District of Florida Local Rule 16.1, the parties conducted a telephone conference on July 7, 2020, which was attended by Steven S. Biss, counsel for Plaintiff DJ Lincoln Enterprises, Inc. ("Lincoln"), as well as Brian Willen, Alexander Zbrozek, and Nathan M. Berman, counsel for Defendant Google LLC ("Google"). The parties submit this Joint Scheduling Report and Joint Proposed Scheduling Order, pursuant to Federal Rule 26(f) and Local Rule 16.1(b)(2)-(3), to supplement the Court's June 29, 2020 Scheduling Order (Dkt. 15).

**Likelihood of Settlement**

**Lincoln's Position**.  It is incumbent on the parties in every case to explore the possibility of an early resolution.  There are financial, reputational and enterprise risks inherent in litigation, and this case presents no exception.  For the reasons stated in Lincoln's Complaint and in its opposition (to be filed) to Google's motion to dismiss, Lincoln has stated viable claims against

1

Google under both RICO and Florida law. Lincoln recognizes that it takes a willingness on the part of both sides to resolve matters, and is aware of Google's position concerning settlement at this time.

**Google's Position.** For the reasons discussed in its pending motion to dismiss (Dkt. 16), Google believes that Plaintiff's claims are entirely without legal or factual merit. While Google will of course comply with the Court's mediation process, Google believes that there is no realistic chance of settlement at this time.

### Likelihood of Appearance of Additional Parties

The parties agree that no additional parties will be joined.

### Proposed Time Limits

The Court's June 29, 2020 Scheduling Order set deadlines to (i) join other parties and to amend the pleadings; (ii) file and hear motions; and (iii) complete discovery. Should Plaintiff amend its Complaint in response to Google's pending motion to dismiss, the parties reserve the right to seek an amendment of the Scheduling Order to accommodate Google's anticipated motion to dismiss an amended complaint.

### Proposals for the Formulation and Simplification of Issues

**Lincoln's Position**. The First Amendment does not protect Google from the wrongdoing alleged in this action. Lincoln believes that best way to formulate and simplify issues is to stipulate to material facts whenever possible. Discovery, including disclosure of Google's use and manipulation of Search, affords the best opportunity to narrow issues that are central to Plaintiff's claims.

**Google's Position.** As set forth in its Motion to Dismiss, Google believes that Plaintiff's Complaint fails as a matter of law and is barred by the First Amendment, and that the Complaint

7306372.1

should accordingly be dismissed with prejudice. Should some part of the case proceed beyond the pleadings, it may be appropriate at that point for the parties to discuss whether there are ways to simplify any remaining issues.

**Necessity or Desirability of Amendments to the Pleadings**

**Lincoln's Position**.  Lincoln is reviewing Google's motion to dismiss, and may file an amended complaint pursuant to Rule 15(a)(1)(B).

**Google's Position.**  Google understands that Plaintiff may amend its Complaint in response to Google's pending motion to dismiss. Nevertheless, as set forth in its motion to dismiss, Google believes that any amendment would be futile because the core theory underlying all of Plaintiff's claims fails as a matter of law and is barred by the First Amendment.

**Possibility of Obtaining Admissions of Fact and of Documents**

**Lincoln's Position**.  Google maintains exclusive possession and control of the means and methods by which it uses Search and, as alleged in Lincoln's Complaint, by which it manipulated Search to injure Lincoln's business.  Lincoln intends to serve requests for production of documents and requests for admissions in order to obtain agreement concerning the core facts at issue in this action.  Lincoln also intends to serve interrogatories to obtain the identity of Google's engineers who are responsible for the implementation of Google's corporate policies and the creation and use of Google's algorithms.  Lincoln expects that Google will resist any and all discovery.  The purpose of the Federal Rules of Civil Procedure is to provide for a speedy, just and inexpensive determination of every case.  Lincoln intends to proceed with diligence to develop facts to support its claims against Google.  Lincoln will oppose any effort by Google to defer and delay.

**Google's Position.** Google believes that it is premature to agree to detailed discovery procedures while its motion to dismiss is pending, particularly in light of Plaintiff's failure to offer any particularized allegations of fraud, as required by Rule 9(b), and because Plaintiff's claims are barred by the First Amendment. Google further believes that the parties should hold off exchanging discovery requests until its motion to dismiss is resolved. Google further reserves its right to seek a stay of discovery pending the resolution of its motion to dismiss. Such a stay is warranted because all of Plaintiff's claims fail as a matter of law and are constitutionally precluded.

If discovery proceeds, the parties anticipate filing a joint protective order and a stipulation governing electronically stored information ("ESI").

**Avoidance of Unnecessary Proof of Cumulative Evidence**

**Lincoln's Position**. Consistent with Rule 26, Lincoln intends to take care to avoid unnecessary discovery requests. Lincoln will also avoid the presentation of cumulative evidence at trial by, for instance, the presentation of one expert regarding Google's manipulation of Search.

**Google's Position.** Google believes that it is premature to agree to evidentiary procedures while its Motion to Dismiss is pending, particularly in light of Plaintiff's failure to offer any particularized fraud allegations, as required by Rule 9(b), and because Plaintiff's claims are barred by the First Amendment. As discussed above, Google further believes that, at a minimum, the parties should refrain from exchanging discovery requests until its motion to dismiss is resolved, and Google reserves its right to move to stay discovery in light of its motion to dismiss.

If discovery proceeds, the parties anticipate filing joint protective order and ESI stipulation.

**Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master**

The parties understand that the Court has referred discovery issues to Magistrate Judge Maynard, but they have not consented to trial before a United States Magistrate Judge at this time.

**Preliminary Estimate of the Time Required for Trial**

The parties anticipate any trial to last 5 to 7 days.

**Electronic Discovery Issues and Checklist**

**Lincoln's Position**. Lincoln expects that counsel for the parties will work together on the development of an ESI protocol that will facilitate the search for discoverable information.

**Google's Position.** Google believes that it is premature to agree to discovery procedures while its motion to dismiss is pending, particularly in light of Plaintiff's failure to offer any particularized fraud allegations, as required by Rule 9(b), and because Plaintiff's claims are barred by the First Amendment. As discussed above, Google further believes that, at a minimum, the parties should refrain from exchanging discovery requests until its motion to dismiss is resolved, and Google reserves its right to move to stay discovery in light of its motion to dismiss.

If discovery proceeds, the parties anticipate filing a joint ESI stipulation in lieu of the Court's ESI Checklist.

**Privilege Issues**

**Lincoln's Position.** Lincoln does not expect any issues regarding privilege.

**Google's Position.** Google believes that it is premature to agree to discovery procedures while its motion to dismiss is pending, particularly in light of Plaintiff's failure to offer any

particularized fraud allegations, as required by Rule 9(b), and because Plaintiff's claims are barred by the First Amendment. As discussed above, Google further believes that, at a minimum, the parties should refrain from exchanging discovery requests until its Motion to Dismiss is resolved, and Google reserves its right to move to stay discovery in light of its Motion to Dismiss.

If discovery proceeds, the parties anticipate filing a joint protective order and an ESI stipulation that will address Federal Rule of Evidence 502.

**Initial Disclosures**

The Court's Scheduling Order set the deadline for the exchange of Rule 26(a) Initial Disclosures, and the parties do not believe any modifications to form are required. As noted above, should Plaintiff elect to amend its Complaint, the parties reserve the right to seek to amend the scheduled deadline.

**Subjects and Phasing of Discovery**

**Lincoln's Position**.   Lincoln believes that discovery should be had on all matters related to Lincoln's claims and Google's defenses, and that there is no need for any phasing of discovery.

**Google's Position.** Google believes that it is premature to agree to discovery procedures while its motion to dismiss is pending, particularly in light of Plaintiff's failure to offer any particularized fraud allegations, as required by Rule 9(b), and because Plaintiff's claims are barred by the First Amendment.  As discussed above, Google further believes that, at a minimum, the parties should refrain from exchanging discovery requests until its motion to dismiss is resolved, and Google reserves its right to move to stay discovery in light of its motion to dismiss.

**Resolution of All Pre-Trial Motions**

If Plaintiff does not amend its Complaint, the parties believe that Google's pending motion to dismiss should be resolved by no later than August 17, 2020. All other pre-trial motions should be resolved by March 15, 2021.

**Limitations on Discovery**

**Lincoln's Position**.   Except for the limitations imposed on discovery under the Federal Rules, the Court's Local Civil Rules and the Court's Orders entered in this case, Lincoln believes there should be no further limitations on discovery.  Each party have a full and fair opportunity to develop evidence to support its claims and contentions.

**Google's Position.** Google proposes that each party be limited to 25 Requests for Admission (except for RFAs regarding document authentication) and 40 Requests for Production.

The parties do not anticipate any modifications to the standard limits on depositions or interrogatories as set forth in the Federal Rules of Civil Procedure.

Dated:  July 14, 2020                                          Respectfully submitted,


 */s/ John C. Smith*                                s/ *Nathan M. Berman*
John C. Smith, Esquire                          NATHAN M. BERMAN
John C. Smith, P.A.                               Florida Bar No.: 0329230
2385 NW Executive Center Drive,        Email: nberman@zuckerman.com
Suite 100                                                 Zuckerman Spaeder LLP
Boca Raton, FL 33431                          101 E. Kennedy Blvd., Suite 1200
561-394-4666 Voice                              Tampa, Florida 33602
561-962-2710 Fax                                  Telephone: (813) 221-1010
jsmith@bocaiplaw.com                         Facsimile: (813) 223-7961
www.boaciplaw.com

                                                              BRIAN M. WILLEN (*pro hac vice pending*)
Steven S. Biss (VSB # 32972)               Email: bwillen@wsgr.com
300 West Main Street, Suite 102          ALEXANDER S. ZBROZEK (*pro hac vice*
Charlottesville, Virginia 22903              *pending*)

| | |
|---|---|
| Telephone:  (804) 501-8272<br>Facsimile: (202) 318-4098<br> Email: stevenbiss@earthlink.net<br><br>*Counsel for the Plaintiff*<br>*(Application for Admission Pro Hac Vice To be Filed)*<br><br>*Attorneys for Plaintiff*<br>DJ LINCOLN ENTERPRISES, INC. | Email: azbrozek@wsgr.com<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>1301 Avenue of the Americas<br>New York, NY 10019<br>Telephone: (212) 999-5800<br>Facsimile: (212) 999-5899<br><br>LAUREN GALLO WHITE (*pro hac vice pending*)<br>Email: lwhite@wsgr.com<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>650 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100<br><br>*Attorneys for Defendant*<br>GOOGLE LLC |

7306372.1