UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.: 2:20-cv-14159-RLR

DJ LINCOLN ENTERPRISES, INC.

       Plaintiff,

v.

GOOGLE, LLC,

       Defendant.

_____

## JOINT DISCOVERY STATUS REPORT

Plaintiff, DJ Lincoln Enterprises, Inc., and Defendant, Google LLC, pursuant to the *Order Setting Discovery Status Conference* and *Order Requiring Joint Discovery Status Report* [Dkt. 24], respectfully file their Joint Discovery Status Report, as follows:

a) Discovery propounded by each party.

    The parties have not served any discovery requests. Plaintiff intends to propound interrogatories and a request for production of documents on October 26, 2020.

b) Whether the discovery requests have been answered.

    No discovery requests have been served or answered.

c) The status of deposition, including number already taken, number of remaining depositions and whether they have been scheduled, and an explanation of any delay in scheduling the remaining depositions.

    The parties have not scheduled or taken any depositions.

d) <u>The status of expert disclosures</u>.

    The parties have not exchanged expert disclosures. Plaintiff expects to submit its Rule 26(a)(2) disclosure on November 10, 2020, but may request an extension of 14 days.

e) <u>Whether there are outstanding discovery disputes.</u>

    **By Plaintiff:**

    Plaintiff has refrained from serving discovery because of the pendency of Google's motion to dismiss and because of Google's stated intention to file a motion to stay discovery. Plaintiff intends to serve interrogatories and a request for production of documents on October 26, 2020. Plaintiff anticipates that this will trigger objections and a motion to stay discovery.

    **By Defendant:**

    As reflected in the parties' Rule 16.1 statement [Dkt. 17], Defendant has objected to proceeding with discovery while its motion to dismiss is pending. Plaintiff indicated that it planned to proceed with discovery over Defendant's objection, but has not yet propounded any requests. Defendant is prepared to file a motion to stay discovery if that motion becomes necessary, but unless and until Plaintiff propounds discovery in this case, Defendant submits that there are no discovery disputes ripe for this Court's consideration.

f) <u>Whether the parties believe that a discovery status conference is needed and whether it may be canceled.</u>

    **By Plaintiff:**

    In light of the procedural posture of the case and Google's stated position regarding discovery, Plaintiff submits that the discovery status should occur at a later date prior to the discovery cutoff on January 8, 2021.

    **By Defendant:**

    Defendant submits that a discovery status conference would be premature. As reflected in the parties' Rule 16.1 statement [Dkt. 17], Defendant objected to

proceeding with discovery while its motion to dismiss was pending, and the parties have not exchanged any discovery requests. Defendant proposes the status conference presently scheduled to occur at 3:00 PM on October 29, 2020, be vacated and continued to a later date following the Court's resolution of Defendant's motion to dismiss.

g) <u>Whether the parties can certify that all discovery will be completed by the discovery deadline.</u>

**By Plaintiff:**

In light of Google's stated position regarding discovery, Plaintiff certifies that it will likely be unable to complete discovery by the January 8, 2021 deadline. Plaintiff anticipates needing to take depositions of Google's officers and engineers responsible for implementation of the censorship policies and practices at issue in this case. If a motion to stay discovery is filed, Plaintiff believes there will be no way to complete the discovery and deposition prior to the January 8, 2021 deadline.

**By Defendant:**

In the event that any part of Defendant's motion to dismiss is denied, Defendant certifies that it currently anticipates being able to complete discovery on an expedited basis and by the January 8, 2020 discovery deadline. Defendant does not anticipate needing to exchange large volumes of documents, does not currently intend to call any primary/initial expert witnesses, and anticipates that it will only need to take 2 depositions, of Plaintiff's principals Darren and Jennifer Lincoln, in connection with its defense in this case.

Signatures on Counsel on Next Page

Respectfully Submitted,

*Attorneys for Plaintiff*

John C. Smith, Esquire
John C. Smith, P.A.
2385 NW Executive Center Drive, Suite 100
Boca Ratori, FL.33431
Telephone: (561) 394-4666
Fax: (561) 962-2710
Email: jsmith@bociaplaw.com

Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Fax: (202) 318-4098
Email: stevenbiss@earthlink.net

*Attorneys for Defendant*

Nathan M. Berman
Email: nberman@zuckerman.com
ZUCKERMAN SPAEDER LLP
101 E. Kennedy Blvd., Suite 1200
Tampa, Florida 33602
Telephone: (813) 221-1010
Facsimile: (813) 223-7961

Brian M. Willen (admitted pro hac vice)
Email: bwillen@wsgr.com
ALEXANDER S. ZBROZEK (admitted pro hac vice)
Email: azbrozek@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

Lauren Gallo White (admitted pro hac vice)
Email: lwhite@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 565-5100