**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION**

CASE NO.: 2:20-cv- 14159-ROSENBERG-MAYNARD

DJ LINCOLN ENTERPRISES, INC.

        Plaintiff,

   v.

GOOGLE, LLC,

        Defendant.

_____

**DEFENDANT GOOGLE LLC'S MOTION TO STAY DISCOVERY
<u>AND MEMORANDUM OF LAW IN SUPPORT THEREOF</u>**

## **TABLE OF CONTENTS**

**Page**

**INTRODUCTION**...................................................................................................... 1

**PROCEDURAL HISTORY** ...................................................................................... 2

      A.    Plaintiff's Claims and Google's Motion to Dismiss ................................. 2

      B.    Plaintiff's Belated and Highly Burdensome Discovery Requests ........................ 3

**ARGUMENT** ............................................................................................................. 6

I.     GOOD CAUSE EXISTS TO STAY DISCOVERY PENDING RESOLUTION
      OF GOOGLE'S CASE-DISPOSITIVE MOTION TO DISMISS.................................... 6

II.    PLAINTIFF IS NOT ENTITLED TO DISCOVERY DUE TO ITS PATENTLY
      DEFICIENT COMPLIANCE WITH RULE 9(B)........................................................ 8

III.   A STAY OF DISCOVERY IS ESPECIALLY APPROPRIATE BECAUSE
      PLAINTIFF'S CLAIMS ARE BARRED BY THE FIRST AMENDMENT ................. 10

**CONCLUSION** ......................................................................................................... 11

i

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*American Dental Ass'n v. Cigna Corp.*,
605 F.3d 1283 (11th Cir. 2010) .......................................................................9

*Blankenship v. Napolitano*,
2019 U.S. Dist. LEXIS 200572 (S.D. W. Va. Nov. 19, 2019) .........................................11

*Borislow v. Canaccord Genuity Grp. Inc.*,
2014 U.S. Dist. LEXIS 190681 (S.D. Fla. June 23, 2014) ...............................................11

*Brooks v. Blue Cross and Blue Shield of Fla.*,
116 F.3d 1364 (11th Cir. 1997) .......................................................................8

*Chudasama v. Mazda Motor Corp.*,
123 F.3d 1353 (11th Cir. 1997) .......................................................................7

*e-ventures Worldwide, LLC v. Google, Inc.*,
2017 U.S. Dist. LEXIS 88650 (M.D. Fla. Feb. 8, 2017) ...............................................10

*Hicks v. Wal-Mart Stores, Inc.*,
2019 U.S. Dist. LEXIS 231763 (S.D. Fla. Oct. 10, 2019)...............................................8

*Hirsh v. Silversea Cruises Ltd.*,
2015 U.S. Dist. LEXIS 191529 (S.D. Fla. Mar. 5, 2015) (Rosenberg, J.) .........................9

*Isaiah v. JPMorgan Chase Bank, N.A.*,
960 F.3d 1296 (11th Cir. 2020) .......................................................................8

*James v. Hunt*,
761 F. App'x. 975 (11th Cir. 2018) ...............................................................6, 8

*Kaylor v. Fields*,
661 F.2d 1177 (8th Cir. 1981) .......................................................................7

*Lan Li v. Walsh*,
2019 U.S. Dist. LEXIS 14836 (S.D. Fla. Jan. 29, 2019) ...............................................9

*Moldea v. N.Y. Times Co.*,
137 F.R.D. 1 (D.D.C. 1990)...........................................................................11

*Rivas v. Bank of N.Y. Mellon*,
676 F. App'x 926 (11th Cir. 2017) ...................................................................7

*Soldevilla v. On the Barrelhead, Inc.*,
  2020 U.S. Dist. LEXIS 20847 (S.D. Fla. Feb. 5, 2020)..................................................6, 7

*United States ex rel. Atkins v. McInteer*,
  470 F.3d 1350 (11th Cir. 2006) ...................................................................................9

*United States ex rel. Bumbury v. Med.-Care Diabetic & Med. Supplies*,
  2014 U.S. Dist. LEXIS 194078 (S.D. Fla. June 16, 2014) .................................................6

*United States ex. rel. Clausen v. Lab. Corp. of Am., Inc.*,
  290 F.3d 1301 (11th Cir. 2002) ...................................................................................8

*United States ex rel. Mastej v. Health Mgmt. Assocs., Inc.*,
  869 F. Supp. 2d 1336 (M.D. Fla. 2012).........................................................................9

*Zhang v. Baidu.com, Inc.*,
  10 F. Supp. 3d 433 (S.D.N.Y. 2014)............................................................................10

## STATUTES

18 U.S.C. § 1962(c) .......................................................................................................3

Fla. Stat. Ann. § 501.201 ...............................................................................................3

Fla. Stat. Ann. § 772.104(1).............................................................................................3

## RULES

Fed. R. Civ. P. 9(b) ................................................................................................ *passim*

Fed. R. Civ. P. 26(c)(1)(B) ........................................................................................1, 6

Local Rule 16.1 ...........................................................................................................3

Pursuant to Fed. R. Civ. P. 26(c)(1)(B), Defendant Google LLC ("Google") moves to stay discovery in this action pending resolution of its motion to dismiss Plaintiff's Amended Complaint ("Motion to Dismiss," Dkt. 21) and submits this memorandum of law in support of its motion to stay.

## INTRODUCTION

On August 6, Google moved to dismiss Plaintiff's Amended Complaint in its entirety on multiple, independent grounds. That motion is fully briefed and pending decision. On October 26, after showing no interest in discovery for nearly four months, Plaintiff served Google with a set of sweeping interrogatories that seek highly burdensome, obtrusive, and irrelevant discovery into some of Google's most closely guarded trade secrets. Google now seeks a stay of discovery pending resolution of its Motion to Dismiss.

There is good cause for a stay. First, as explained in Google's Motion to Dismiss, Plaintiff's legal claims are frivolous and wholly unsupported by competent factual allegations. Among other things, Plaintiff asserts RICO claims without even attempting to allege the most basic element of that cause of action; Plaintiff asserts a tortious interference claim without any allegation that Google even knew about any of Plaintiff's business relationships, much less acted specifically to harm them; Plaintiff asserts various species of fraud claims under RICO, FDUTPA, and Florida common law without coming close to pleading fraud with particularity required by Fed. R. Civ. P. 9(b); and the core theory underlying each cause of action (that Google supposedly excluded Plaintiff's website from search results because of its alleged political bias) is categorically barred by the First Amendment. In short, this case—in which Plaintiff seeks *$90 million* in damages and an order dissolving Google—has no merit, and Plaintiff should not be permitted to take discovery until the Court has had a chance to rule on Google's Motion to Dismiss.

1

Moreover, Plaintiff has unreasonably delayed in commencing discovery. Several weeks before Google filed its pending Motion to Dismiss, Google explained its position that discovery should not proceed until after the Court's resolution of its anticipated Motion. *See* Dkt. 17. In response, Plaintiff stated its intention "to proceed with diligence to develop facts to support its claims against Google." *Id.* But Plaintiff failed to make good on that plan, serving no discovery requests for nearly four months. Now, on the deadline for the parties' submission of a joint discovery report, Plaintiff has issued several highly burdensome interrogatories, demanding, among other things, "all algorithms" and "all written policies, practices, methods, procedures, and guidelines" that Google uses to rank websites in its search results. *See* Declaration of Brian M. Willen in Support of Google LLC's Motion to Stay Discovery ("Willen Decl."), Ex. 1 at 5. At the same time, however, Plaintiff has separately informed the Court that it will be unable to complete the discovery it wants by the discovery deadline. *See* Dkt. 28. Plaintiff's effort to misuse the discovery process when it has no viable legal claim should not be allowed. Google respectfully requests that the Court stay discovery until Google's legal challenges to Plaintiff's complaint are resolved.

## PROCEDURAL HISTORY

### A.      Plaintiff's Claims and Google's Motion to Dismiss

Plaintiff DJ Lincoln Enterprises, Inc. ("Lincoln") owns and operates SeniorCare.care, a website that "connected caregivers and assisted living professionals with seniors and families in need." Am. Compl. ¶ 5. Plaintiff claims that its website has been demoted in Google's search results or can no longer be found in search results for certain generic queries. *Id*. ¶¶ 45-50. Alleging that "Google discriminated against Lincoln because Lincoln is owned and operated by conservative Republicans" (*id.* ¶ 15), Plaintiff filed this lawsuit on May 20, 2020 (Dkt. 1). Shortly after Google moved to dismiss the original complaint (Dkt. 16), Plaintiff filed its

Amended Complaint (Dkt. 19), asserting claims under the federal and Florida RICO statutes, 18 U.S.C. § 1962(c) and Fla. Stat. Ann. § 772.104(1); the Florida Unfair and Deceptive Trade Practices Act ("FDUTPA"), Fla. Stat. Ann. § 501.201 *et seq.*; and under Florida law for tortious interference and fraudulent inducement. Among other things, Plaintiff seeks over $90 million in damages and the "[d]issolution and/or reorganization of Google to prevent Google from engaging in Search manipulation in the future." Am. Compl. at 42.

On August 6, Google filed its Motion to Dismiss the Amended Complaint, Dkt. 21, which seeks dismissal of Plaintiff's entire case with prejudice on multiple, independent grounds. As Google's Motion to Dismiss explains, Plaintiff's claims suffer from overwhelming and obvious problems, both pleading failures and substantive legal defects, and all of which were also present in Plaintiff's initial complaint. Mot at 1, 20. Among other things: Plaintiff grounds certain of its claims in fraud or deception, but manifestly fails to comply with Rule 9(b)'s requirements for alleging fraud with particularity; and Plaintiff's core RICO claims fail to even allege the most fundamental predicate of any RICO theory—the existence of an "enterprise" separate from the defendant that engaged in a pattern of racketeering. And beyond all that, Plaintiff's core theory in this case—that Google supposedly "manipulat[ed] Search results because of Darren and Jennifer's conservative political ideology" (Am. Compl. ¶ 53)—is fatally implausible, but even if accepted, is categorically barred by the First Amendment. Mot. at 18-20. In light of these failures, and Plaintiff's evident inability to cure them despite an amendment, Google's Motion to Dismiss should result in the dismissal of all of Plaintiff's claims in this action with prejudice.

**B.     Plaintiff's Belated and Highly Burdensome Discovery Requests**

On June 29, 2020 the Court entered a Scheduling Order commencing discovery. Dkt. 15. The parties filed their joint Local Rule 16.1 statement on July 14, in which Google made clear its

position "that the parties should hold off exchanging discovery requests until" after the
resolution of its previously-filed motion to dismiss the original complaint, and reserved the "right
to seek a stay of discovery pending the resolution of its motion to dismiss." Dkt. 17 at 4. Plaintiff
disagreed, stating that it "intend[ed] to proceed with diligence to develop facts to support its
claims against Google" and would "oppose any effort by Google to defer and delay." *Id.*

But despite this representation, Plaintiff has not acted with diligence in the nearly four
months that have passed since filing that statement. Beyond exchanging initial disclosures,
Plaintiff has done nothing whatsoever to pursue discovery. Instead, Plaintiff waited until October
26—the parties' deadline for filing a joint discovery status report (Dkt. 28)—to issue several
sweeping, general, and highly burdensome interrogatories that have little to do with Plaintiff's
own allegations or experiences. Plaintiff's interrogatories seek, among other things:

- "[A]ll algorithms, systems and/or programs created by Defendant that were/are
  intended to rank, re-rank, index, de-index, classify, manipulate, favor, penalize,
  restrict, limit, promote, improve or otherwise alter or affect the position of a webpage
  or website on Defendant's search engine results page."

- "[A]ll written policies, practices, methods, procedures and guidelines published by
  Defendant, internally or otherwise, between 2010 and 2020 that discuss how
  Defendant finds, indexes, evaluates, and/or ranks websites."

- "[A]ll documents, including reports and emails, published by Defendant, internally or
  otherwise, between 2010 and 2020 that mention or discuss 'black lists', blacklisting
  of websites, or that discuss the suppression, filtering, classification or categorization
  of websites, including the application of value judgments or opinions like as 'unsafe'
  and 'inappropriate'."

- Identification of "all Search Quality Raters employed or engaged by Defendant
  between 2010 and 2020, and all employees or agents of Defendant who manually
  intervened in Search results."

- "[A]ll articles or blogs published by Defendant and all consoles, help
  communities/centers or chatrooms in which any agent of Defendant, human or
  otherwise, offered advice between 2010 and 2020 concerning search engine
  optimization, how to increase the quantity and quality of traffic to a website, and/or
  the improvement of Search results."

4

Willen Decl., Ex. 1 at 5-6. Not only do these discovery requests encompass a decade's worth of information that far exceeds the scope of this case—which pertains to the relationship between Google and Plaintiff alone, and the search ranking of just one of Plaintiff's websites—they also seek discovery of some of Google's most highly confidential trade secrets—including all of its proprietary search algorithms and all of the policies and methods Google uses to index and rank websites in its search engine. *Id*. at 5. Beyond that, Plaintiff's discovery requests ask Google to do what Plaintiff itself was required (but unable) to do in its Amended Complaint: identify with particularity the allegedly fraudulent communications between Google and Plaintiff:

- "Describe in detail and identify ALL communications between Plaintiff and Defendant, including, without limitation, the substance of all chats, between 2010 and May 20, 2020. For EACH such statement, identify:

  - Where and/or how such communications occurred, i.e., in person, by telephone, by mail, by email, by text message, or via an Internet chat;

  - the date(s) of ALL communications;

  - The identity of all participants;

  - The exact words and/or entire substance of ALL statements made by Defendant to Plaintiff; and

  - PRODUCE all documents that constitute, memorialize, evidence, demonstrate, show or refer to such communications, including all emails, text messages, notes, memoranda, correspondence, transcripts, records of conversations, screenshots, posts, and other records."

*Id*. at 7 (emphases in original). Plaintiff's interrogatory even goes so far as to announce:

"**THERE WILL BE AN OBJECTION RAISED TO ANY FACT NOT DISCLOSED IN RESPONSE TO THIS INTERROGATORY**." *Id*. (emphasis in original).

Alongside these long-delayed and improper discovery requests, Plaintiff tells the Court in the parties' joint discovery status report that "it will likely be unable to complete discovery by the January 8, 2021 deadline." Dkt. 28 at 3. In other words, having for months implicitly acceded

to Google's request to hold discovery in abeyance pending the disposition of the motion to dismiss, Plaintiff now belatedly seeks to change course, asking this Court to modify the case management schedule in the process. These bait-and-switch tactics only underscore the importance of resolving the issues raised by Google's motion to dismiss before the parties and the Court are subjected to the burdens of discovery.

For these reasons and those that follow, Google respectfully requests that the Court stay discovery pending the resolution of its pending Motion to Dismiss and unless and until Google is required to file a responsive pleading to Plaintiff's allegations.

## **ARGUMENT**

For good cause, the Court may issue an order "to protect a party . . . from undue burden or expense" by "specifying terms, including time and place . . . for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B). Determining whether a stay is warranted "requires 'the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive.'" *United States ex rel. Bumbury v. Med.-Care Diabetic & Med. Supplies*, 2014 U.S. Dist. LEXIS 194078, at *6 (S.D. Fla. June 16, 2014). Under these principles, a stay of discovery pending resolution of Google's Motion to Dismiss is clearly warranted here.

## I.    GOOD CAUSE EXISTS TO STAY DISCOVERY PENDING RESOLUTION OF GOOGLE'S CASE-DISPOSITIVE MOTION TO DISMISS

To begin, this Court should stay discovery because Google's Motion to Dismiss should dispose of this entire case. "A district court has broad discretion to stay discovery until preliminary and potentially case-dispositive questions are determined." *Soldevilla v. On the Barrelhead, Inc.*, 2020 U.S. Dist. LEXIS 20847, at *2 (S.D. Fla. Feb. 5, 2020); *see also James v. Hunt*, 761 F. App'x. 975, 981 (11th Cir. 2018) (same); *Rivas v. Bank of N.Y. Mellon*, 676 F.

App'x 926, 932 (11th Cir. 2017) ("[D]istrict courts are entitled to broad discretion in managing pretrial discovery matters."). "Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility." *Rivas*, 676 F. App'x at 932. Indeed, as the Eleventh Circuit has explained, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (citing *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.")); *accord Rivas*, 676 F. App'x at 932 ("neither the parties nor the court have any need for discovery before the court rules on the motion"); *Soldevilla*, 2020 U.S. Dist. LEXIS 20847, at *4 (motions to dismiss should, ideally, be resolved before discovery begins so that "the parties will avoid the burden of potentially unnecessary, expensive and fruitless discovery").

Here, Google's Motion to Dismiss explains the multiple manifest deficiencies in Plaintiff's Amended Complaint that require dismissal without leave to amend. The centerpiece of Plaintiff's lawsuit is its claims under the federal and Florida RICO statutes, but Plaintiff fails *even to plead*—let alone in a plausible manner—the most basic element of any RICO claim: the existence of a distinct "enterprise" separate from the defendant, which engaged in a pattern of racketeering activity. Mot. at 6-9. Nor, as a matter of law, does Google's alleged concealment of its supposed political viewpoint discrimination amount to wire fraud that can support a RICO claim. *Id*. at 10-11. Plaintiff's FDUTPA claim likewise fails as a matter of law because, among other reasons, Plaintiff does not assert claims in connection with any purchase of Google's goods or services, and because FDUTPA simply is not an anti-discrimination statute that can be used to mount a claim for alleged political-viewpoint discrimination (which is not prohibited by

7

Florida's actual discrimination laws). *Id*. at 12-16. Finally, Plaintiff's threadbare tortious interference claim does not even try to allege that Google was aware of—much less that it specifically and maliciously intended to disrupt—Plaintiff's supposed business relationships or contracts (none of which are even identified in the Complaint). *Id*. at 16-17.

In short, Plaintiff's claims are frivolous, and its Complaint is deficient in nearly every respect. Google should not be subjected to discovery in this case—especially the blunderbuss, highly burdensome discovery that Plaintiff is now seeking—prior to the Court ruling on Google's Motion to Dismiss these baseless claims. *See, e.g*., *Isaiah v. JPMorgan Chase Bank, N.A.*, 960 F.3d 1296, 1310 (11th Cir. 2020) (affirming grant of discovery stay pending motion to dismiss); *Hunt*, 761 Fed. App'x at 981 (same, where "Plaintiffs' fraud-based claims would have substantially enlarged the scope of discovery and were largely unpersuasive"); *Hicks v. Wal-Mart Stores, Inc*., 2019 U.S. Dist. LEXIS 231763, at *3-4 (S.D. Fla. Oct. 10, 2019) ("a defendant should not be forced to expend substantial resources answering discovery when the plaintiff's claims clearly lack merit").

## II.   PLAINTIFF IS NOT ENTITLED TO DISCOVERY DUE TO ITS PATENTLY DEFICIENT COMPLIANCE WITH RULE 9(b)

That result is especially warranted in light of Plaintiff's manifest failure to comply with Rule 9(b). "This Rule serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Brooks v. Blue Cross and Blue Shield of Fla.*, 116 F.3d 1364, 1370-71 (11th Cir. 1997); *accord United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1313 n.24 (11th Cir. 2002) (one of the "strong purpose[s]" of Rule 9(b) is "protecting defendants from frivolous suits, or 'spurious charges of immoral and fraudulent behavior'"). And, as the Eleventh Circuit has recognized, the "particularity requirement of Rule

9 is a nullity if Plaintiff gets a ticket to the discovery process without identifying a single claim." *United States ex rel. Atkins v. McInteer,* 470 F.3d 1350, 1359-60 (11th Cir. 2006); *see also United States ex rel. Mastej v. Health Mgmt. Assocs., Inc.*, 869 F. Supp. 2d 1336, 1350 (M.D. Fla. 2012) ("Rule 9(b)'s very purpose is to protect from discovery defendants facing inadequately pled fraud claims.").

Here, there is no question that Plaintiff's RICO, FDUTPA deception, and fraudulent inducement claims sound in fraud and thus are governed by Rule 9(b). *See, e.g.*, *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (RICO); *Hirsh v. Silversea Cruises Ltd.*, 2015 U.S. Dist. LEXIS 191529, at *21 (S.D. Fla. Mar. 5, 2015) (Rosenberg, J.) (FDUTPA); *Lan Li v. Walsh*, 2019 U.S. Dist. LEXIS 14836, at *16 (S.D. Fla. Jan. 29, 2019) (fraudulent inducement). Under that Rule, Plaintiff was required to allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *American Dental*, 605 F.3d at 1291. But, as explained in Google's Motion to Dismiss, Plaintiff has not come close to satisfying these requirements. The Amended Complaint gestures vaguely to unspecified communications that Plaintiff allegedly had with "Google and its agents" sometime between 2014 and 2019 (¶ 54), but fails to identify any of the information required by Rule 9(b). Mot. at 9-10. As the Eleventh Circuit has explained, the "particularity requirement of Rule 9(b), if enforced, will not only protect defendants against strike suits, but will result in claims with discernable boundaries and manageable discovery limits." *McInteer*, 470 F.3d at 1360.

That concern is borne out here, as Plaintiff's interrogatories ask Google to do exactly what Rule 9(b) required Plaintiff to do in its complaint: to "describe in detail and identify ALL communications between Plaintiff and Defendant" between 2010 and 2020, including "[w]here

and/or how such communications occurred, *i.e.*, in person, by telephone, by mail, by email, by text message, or via an Internet chat"; "the date(s) of ALL communications"; "[t]he identity of all participants"; and "[t]he exact words and/or entire substance of ALL statements made by Defendant to Plaintiff." Willen Decl., Ex. 1 at 7. In other words, after successive failures to plead particularized allegations of fraud, which are the very subject of Google's pending motion to dismiss, Plaintiff now tries to misuse the discovery process in the hope that it can force Google to make Plaintiff's case for it. Plaintiff's manifest disregard of Rule 9(b) provides a further and compelling basis for staying discovery.

## III. A STAY OF DISCOVERY IS ESPECIALLY APPROPRIATE BECAUSE PLAINTIFF'S CLAIMS ARE BARRED BY THE FIRST AMENDMENT

On top of all that, Plaintiff's claims are not just insufficiently pled: they also run headlong into Google's First Amendment rights. As explained in the Motion to Dismiss, the First Amendment is a complete bar to all of Plaintiff's claims because they impermissibly seek to hold Google liable for the editorial judgments it has allegedly made about what websites to include in its search results. *See, e.g.*, *Zhang v. Baidu.com, Inc.*, 10 F. Supp. 3d 433, 440 (S.D.N.Y. 2014) (First Amendment protected allegedly "conscious decision to design . . . search-engine algorithms to favor certain expression on core political subjects over other expression on those same political subjects"); *e-ventures Worldwide, LLC v. Google, Inc.*, 2017 U.S. Dist. LEXIS 88650, at *11-12 (M.D. Fla. Feb. 8, 2017) ("The First Amendment protects [Google's search ranking] decisions, whether they are fair or unfair, or motivated by profit or altruism."). Google's First Amendment rights not only provide an immunity from liability (which requires dismissal of Plaintiff's claims with prejudice), they protect Google against the burdens of litigation, including unwanted and intrusive discovery.

10

Indeed, courts regularly issue stays where a "preliminary peek" at a motion to dismiss reveals that the plaintiff's claims conflict with the First Amendment. *See, e.g.*, *Borislow v. Canaccord Genuity Grp. Inc.*, 2014 U.S. Dist. LEXIS 190681, at *3 (S.D. Fla. June 23, 2014) (staying discovery because the "Court's review of the complaint and the motion to dismiss leaves it with the concern that Plaintiff's defamation claim may be legally insufficient because the challenged statements may be expressions of opinion, and/or truthful and/or protected by the First Amendment"); *Blankenship v. Napolitano*, 2019 U.S. Dist. LEXIS 200572, at *14 (S.D. W. Va. Nov. 19, 2019) (staying discovery pending motion to dismiss because "the plaintiff's allegations pose a particular threat to the First Amendment rights of the defendants and . . . discovery at this stage could have a deterrent effect on the exercise of those First Amendment rights"); *Moldea v. N.Y. Times Co.*, 137 F.R.D. 1, 3 (D.D.C. 1990) (staying discovery because of "the significant First Amendment issues raised in this case"). This case is no different. Through its baseless allegations, Plaintiff seeks to attack core editorial choices that lie at the heart of what the First Amendment protects. Allowing discovery to proceed pending resolution of the Motion to Dismiss would undermine those rights while imposing unjustified burdens on Google. A stay is needed to ensure that this does not happen.

## **CONCLUSION**

For these reasons, Google respectfully asks the Court to stay discovery pending resolution of Google's Motion to Dismiss and until such time as the Court determines that Google is required to answer the Amended Complaint.

11

Dated:  October 27, 2020

Respectfully submitted,

*/s/ Nathan M. Berman*
NATHAN M. BERMAN
Florida Bar No.: 0329230
Email: nberman@zuckerman.com
ZUCKERMAN SPAEDER LLP
101 E. Kennedy Blvd., Suite 1200
Tampa, Florida 33602
Telephone: (813) 221-1010
Facsimile: (813) 223-7961

BRIAN M. WILLEN (*pro hac vice*)
Email: bwillen@wsgr.com
ALEXANDER S. ZBROZEK (*pro hac vice*)
Email: azbrozek@wsgr.com
WILSON SONSINI
   GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

LAUREN GALLO WHITE (*pro hac vice*)
Email: lwhite@wsgr.com
WILSON SONSINI
   GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

***Attorneys for Defendant***
**GOOGLE LLC**

## **LOCAL RULE 7.1 CERTIFICATION**

Prior to filing this motion, Defense counsel contacted Plaintiff's counsel in good faith to inquire if Plaintiff would consent to a stay of discovery until the Court rules on Defendant's Rule 12 Motion. Plaintiff's counsel objected to doing so.

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on October 27, 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Nathan M. Berman*
Nathan M. Berman