# Exhibit 1

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:20-CV-14159-ROSENBERG/MAYNARD

DJ LINCOLN ENTERPRISES, INC.         )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )
                                     )
                                     )
GOOGLE, LLC                          )
                                     )
        Defendant.                   )
                                     )

# PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, DJ Lincoln Enterprises, Inc. ("Plaintiff"), by counsel, pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure (the "Rules"), hereby requests that defendant, Google, LLC ("Defendant"), answer the following interrogatories, separately in writing and under oath, and produce the following documents for inspection and copying at the law office of John C. Smith, Esquire, John C. Smith, P.A., 2385 NW Executive Center Drive, Suite 100, Boca Raton, FL 33431 or at another location or by another method agreed to by the parties, within the time prescribed by the Rules:

Continued On Next Page

## DEFINITIONS AND INSTRUCTIONS

1. The term "document" shall mean and include all written and graphic matter of every kind and description, whether written or produced or transmitted by computer, typewriter, printer, photocopier or other machine or by hand, whether in printed form or on computer disk, and whether in the actual or constructive possession, custody or control of you, including, without limitation, any and all files, records, disks, emails, text messages, instant messages, iMessages, direct messages, letters, correspondence, memoranda, notes, statements, transcripts, workpapers, sound recordings, cds, dvds, videotapes, charts, reports, books, ledgers, registers, books of account, account statements, financial statements, checks, check stubs, deposit receipts, and any other written or graphic record of any kind, whether or not such documents are claimed to be privileged from discovery on any ground.

2. "You" and "your" shall mean the person or entity to whom/which this request or subpoena is directed, including his, her, their or its agents, representatives, employees, attorneys, experts, investigators, insurers or anyone acting on behalf of the foregoing.

3. "Person" or "person" means any individual, sole proprietorship, partnership (general or limited), limited liability company, limited liability partnership, corporation, association, trust or other entity.

4. "Relating to" means to refer to, reflect, pertain to, or in any manner be connected with the matter discussed.

5. "Plaintiff" means Plaintiff, DJ Lincoln Enterprises, Inc., including any agent, representative or employee of Plaintiff.

6. "Defendant" means Defendant, Google, LLC, including any employee, independent contractor, engineer, officer, director, representative, or agent of the Defendant.

7. "Identify" or "identification", when used in reference to a person, means to state their full name, their present or last known home and business addressees) and their present or last known home and business telephone number(s). "Identify" or "identification", when used in reference to a document, means to state or specify the type of document, e.g. letter, memoranda, etc., its date, its author, signer, addressee, its contents, and any other information necessary to identify the document for purposes of an interrogatory, request for production of documents or subpoena duces tecum. As an alternative to identifying the document, a copy may be attached to your answer. If any such document was but is no longer in your possession or subject to your control, state what happened to the document. "Identify" or "identification", when used in reference to a communication, representation or discussion, means to state the person(s) to whom such communication was made, the medium of communication, *e.g.,* letter, telephone, fax, email, etc., the date of such communication, and the subject matter and substance of such communication.

8. "Describe" means state what is requested to be described, including all facts and opinions known and held regarding what is requested to be described, and (I) the identity of each person involved or having knowledge of each fact or opinion relating to what is described, (II) the identity of each document evidencing the answer given or relating to what is disclosed in the answer given, and (III) all relevant or material dates or time periods.

9. If you consider any document called for by a request for production of documents to be privileged from discovery, include in your answer/response a list of the documents withheld, identifying each document by date, author, addressee, all recipients, all persons who have seen the document, the title and a brief description of the subject matter which will allow for a determination whether the document is privileged. Finally, you should state the grounds upon which each document is claimed to be privileged.

10. The definitions used in the Plaintiff's Amended Complaint filed in this action [*ECF No. 19*] are restated and incorporated herein by reference. To the extent of any inconsistency, the definitions in the Amended Complaint control.

Continued on Next Page

## INTERROGATORIES

Plaintiff propounds the following interrogatories upon Defendant, to be answered separately, in writing, and under oath:

1.     Identify all algorithms, systems and/or programs created by Defendant that were/are intended to rank, re-rank, index, de-index, classify, manipulate, favor, penalize, restrict, limit, promote, improve or otherwise alter or affect the position of a webpage or website on Defendant's search engine results page.

**ANSWER**:


2.     Identify all written policies, practices, methods, procedures and guidelines published by Defendant, internally or otherwise, between 2010 and 2020 that discuss how Defendant finds, indexes, evaluates, and/or ranks websites.

**ANSWER**:


3.     Identify all documents, including reports and emails, published by Defendant, internally or otherwise, between 2010 and 2020 that mention or discuss "black lists", blacklisting of websites, or that discuss the suppression, filtering, classification or categorization of websites, including the application of value judgments or opinions like as "unsafe" and "inappropriate".

**ANSWER**:

4. Identify all documents, including reports and emails, published by Defendant, internally or otherwise, between 2010 and 2020 that mention or discuss the imposition of penalties by Defendant against websites.

**ANSWER**:

5. Identify all Search Quality Raters employed or engaged by Defendant between 2010 and 2020, and all employees or agents of Defendant who manually intervened in Search results.

**ANSWER**:

6. Identify all articles or blogs published by Defendant and all consoles, help communities/centers or chatrooms in which any agent of Defendant, human or otherwise, offered advice between 2010 and 2020 concerning search engine optimization, how to increase the quantity and quality of traffic to a website, and/or the improvement of Search results.

**ANSWER**:

7. Identify all sitemaps provided to Defendant by Plaintiff between 2010 and 2020.

**ANSWER**:

8. Identify all information about Plaintiff's websites www.SeniorLivingNation,com and https://SeniorCare.care contained in Defendant's Search index, including, without limitation, the results of daily and/or monthly crawls and indexing between 2010 and 2020.

**ANSWER**:


9. Describe in detail and identify ALL communications between Plaintiff and Defendant, including, without limitation, the substance of all chats, between 2010 and May 20, 2020. For EACH such statement, identify:

    a. Where and/or how such communications occurred, *i.e., in person, by telephone, by mail, by email, by text message, or via an Internet chat*;

    b. the date(s) of ALL communications;

    c. The identity of all participants;

    d. The exact words and/or entire substance of ALL statements made by Defendant to Plaintiff; and

    e. PRODUCE all documents that constitute, memorialize, evidence, demonstrate, show or refer to such communications, including all emails, text messages, notes, memoranda, correspondence, transcripts, records of conversations, screenshots, posts, and other records.

**THERE WILL BE AN OBJECTION RAISED TO ANY FACT NOT DISCLOSED IN RESPONSE TO THIS INTERROGATORY.**

**ANSWER**:

**REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff requests Defendant to produce complete and genuine copies of the following:

**UNLESS OTHERWISE NOTED, THE FOLLOWING REQUEST FOR PRODUCTION OF DOCUMENTS SEEKS DOCUMENTS AND ELECTRONICALLY STORED INFORMATION FOR THE TIME PERIOD BETWEEN MAY 20, 2010 AND MAY 20, 2020, INCLUSIVE (the "RELEVANT PERIOD")**

**IF DEFENDANT HAS NO DOCUMENTS RESPONSIVE TO THE FOLLOWING REQUESTS, THE ANSWER SHOULD CLEARLY STATE "NONE" OR "NO DOCUMENTS".**

1. All documents identified in Defendant's answers to the above Interrogatories and/or requested in or by the above Interrogatories.

2. All documents that constitute, evidence or reflect communications between Plaintiff and Defendant.

**THESE REQUESTS ARE CONTINUING IN NATURE AS PROVIDED FOR IN THE RULES.**

**PLAINTIFF HEREBY REQUESTS THAT DEFENDANT SUPPLEMENT ITS DISCOVERY RESPONSES IMMEDIATELY UPON RECEIPT OF ADDITIONAL DOCUMENTS AND INFORMATION.**

DATED:       October 26, 2020

DJ LINCOLN ENTERPRISES, INC.


By:   */s/ John C. Smith*
      John C. Smith, Esquire
      John C. Smith, P.A.
      2385 NW Executive Center Drive, Suite 100
      Boca Raton, FL 33431
      561-394-4666 Voice
      561-962-2710 Fax
      **jsmith@bocaiplaw.com**
      **www.boaciplaw.com**

*Counsel for the Plaintiff*

Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:   (804) 501-8272
Facsimile:   (202) 318-4098
Email:   **stevenbiss@earthlink.net**

*Counsel for the Plaintiff*
   *(Application for Admission Pro Hac Vice*
   *To be Filed)*

9

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2020 the foregoing was served on counsel for the Defendants electronically in PDF.

By: */s/ John C. Smith*
John C. Smith, Esquire
John C. Smith, P.A.
2385 NW Executive Center Drive, Suite 100
Boca Raton, FL 33431
561-394-4666 Voice
561-962-2710 Fax
**jsmith@bociplaw.com**
**www.boaciplaw.com**

*Counsel for the Plaintiff*

Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:     (804) 501-8272
Facsimile:     (202) 318-4098
Email:          **stevenbiss@earthlink.net**

*Counsel for the Plaintiff
    (Application for Admission Pro Hac Vice
    To be Filed)*