UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:20-CV-14159-ROSENBERG/MAYNARD

DJ LINCOLN ENTERPRISES, INC.    )
                                )
       Plaintiff,               )
                                )
v.                              )
                                )
                                )
GOOGLE, LLC                     )
                                )
       Defendant.               )
_____ )

# PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY

Plaintiff, DJ Lincoln Enterprises, Inc. ("Lincoln"), by counsel, pursuant to Local Civil Rule 7.1(c), respectfully submits this Memorandum in Opposition to the motion to stay discovery [*ECF No. 29*] filed by defendant, Google, LLC ("Google").

## I. BACKGROUND

1. Lincoln commenced this action in May 2020. On July 27, 2020, Lincoln filed an amended complaint [*ECF No. 19*], in which Lincoln stated claims for relief under Title 18 U.S.C. § 1962 and the Florida RICO (Racketeering Influenced Corrupt Organizations) Act and the provisions of Fla. Stat, § 772.103 (Civil Remedies for Criminal Practices), and for violations of the Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*, tortious interference with contract and business expectancies, fraud in the inducement and actual fraud. Lincoln seeks money damages for the injury to its business caused by Google's actions.

1

2. On August 6, 2020, Google filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [*ECF No. 21*]. Lincoln opposed each and every ground raised by Google for dismissal. [*ECF No. 26*]. The District Court has the matter under advisement.

3. On June 29, 2020, the Court entered a Scheduling Order and Order Referring Case to Mediation ("Scheduling Order"). [*ECF No. 15*]. The Scheduling Order establishes deadlines, *inter alia*, for the disclosure of experts, the completion of discovery, the filing of Pretrial motions, etc.:

    a. Expert disclosures are due November 10, 2020;

    b. All discovery must be completed by January 8, 2021;

    c. Pretrial motions are due by February 10, 2021.

4. On July 14, 2020, the parties submitted a Joint Scheduling Report. [*ECF No. 17*]. In the Joint Scheduling Report, Google stated its position regarding discovery:

> **Google's Position.** Google believes that it is premature to agree to detailed discovery procedures while its motion to dismiss is pending, particularly in light of Plaintiff's failure to offer any particularized allegations of fraud, as required by Rule 9(b), and because Plaintiff's claims are barred by the First Amendment. Google further believes that the parties should hold off exchanging discovery requests until its motion to dismiss is resolved. Google further reserves its right to seek a stay of discovery pending the resolution of its motion to dismiss. Such a stay is warranted because all of Plaintiff's claims fail as a matter of law and are constitutionally precluded.

5. On October 26, 2020, Lincoln served Google with interrogatories and a request for production of documents.

6. On October 27, 2020, Google filed a motion to stay discovery.

## II.  DISCUSSION

The Court is familiar with the facts and issues.

The express purpose of the Federal Rules of Civil Procedure (the "Rules") is to "secure the just, speedy, and inexpensive determination of every action and proceeding." *Fed. R. Civ. P. 1*.  The Federal Rules authorize broad discovery. *See, e.g., Fed.R.Civ.P. 26(b)(1)* ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.").  For purposes of pretrial discovery, relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) .  "Discovery Rules are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement.'" *Daniels v. City of Sioux City*, 294 F.R.D. 509, 512 (N.D. Iowa 2013) (quotation omitted)).

Rule 26(c)(1) provides that a party from whom discovery is sought "may move for a protective order" and that the Court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense". *See* 8A Wright & Miller, Federal Practice & Procedure § 2037 (3rd ed. 2012) (Rule 26(c)'s good cause standard applies to a request to stay discovery pending the resolution of a motion to dismiss).  "Rule 26(c)'s good cause requirement 'creates a rather high hurdle' for the moving party." *Wilson v. First Class Patrol Officers*, 2016 WL 1253179, at * 4 (D.S.C. 2016) (quoting *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006)).

3

Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing *Kron Medical Corp. v. Groth,* 119 F.R.D. 636 (M.D.N.C. 1988)); *id. Bennett v. Fastenal Co.*, 2016 WL 10721816, at *1 (W.D. Va. 2016) (Although the Court "'has broad discretion to stay discovery pending resolution of a motion to dismiss,'" granting a stay on that basis is "'generally disfavored because delaying discovery may cause case management problems as the case progresses.'") (quoting *Fed. Ins. Co. v. S. Lithoplate, Inc.*, 2013 WL 4045924, at *1 fn. 2 (E.D.N.C. 2013) (the fact that a defendant's Rule 12(b)(6) motion, if granted, could dispose of all claims against him is not reason enough to delay discovery)); *Moran v. Flaherty*, 1992 WL 276913, at * 1 (S.D.N.Y. 1992) ("the issuance of a stay is not mandated by rule or decision.  Rather, … discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed.") (citations omitted).

Google's main reason for a stay of discovery is that there is a pending motion to dismiss.  **This is not good cause**. *See Bowens v. Columbus Metropolitan Library Bd. Of Trustees*, 2010 WL 3719245, at * 2 (S.D. Ohio 2010) ("Here, defendants fail to explain why conducting discovery will place an unnecessary burden on them.  They make no showing whatsoever that proceeding with discovery will be burdensome.  Instead, defendants rely solely on the fact that they have a motion for summary judgment pending, but the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery.").  A stay of discovery should never be granted on a mere suggestion by counsel for a defendant that "there is some degree of

4

foundation in law for the dispositive motion and a possibility that Defendants may prevail." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013); *id. Pioneer Centres Holding Co. Employee Stock Ownership Plan and Trust v. Alerus Financial N.A.*, 2013 WL 589187, at * 3 (D. Colo. 2013) (denying a motion to stay discovery awaiting the court's resolution of dispositive motions – "Defendants always are burdened when sued, whether the case is dismissed, summary judgment is granted, a settlement occurs, or there is a trial. It is a consequence of our judicial system and the rules of civil procedure. There is no special burden on the defendants in this case. Similarly, there is no special burden imposed on the court or persons not parties to the suit by permitting discovery to proceed while motions to dismiss are pending, and the public interest is advanced by proceeding as expeditiously as possible."); *Hoxie v. Livingston County*, 2010 WL 822401, at *1 (E.D. Mich. 2010) ("The wheels of justice would surely grind to a halt if discovery were stayed pending dispositive motions and based on such generic allegations of undue burden and expensive."). The Court put it very well in *Daniels*:

> "While it is certainly true that future events and rulings may have the effect of rendering that discovery unnecessary, that is hardly an uncommon feature of civil litigation. Claims in many cases are disposed of, either by voluntary withdrawal or summary judgment, only after extensive discovery has taken place. I will not bar Daniels from conducting discovery at this stage of case simply because circumstances might change later."

294 F.R.D. at 513.

**Google bears the heavy burden to show good cause**. Mere conclusory statements, such as "Plaintiff has served several highly burdensome interrogatories" and Plaintiff is "misus[ing]" the discovery process, are insufficient to satisfy high bar of good cause. *See Stolmeier v. Strategic America, Inc.*, 2014 WL 12873091, at * 2 (W.D. Tex.

5

2014) ("The absence of prejudice to the nonmovant … [is] generally insufficient to demonstrate 'good cause.'"); *Merit Indus., Inc. v. Feuer*, 201 F.R.D. 382, 384-385 (E.D. Pa. 2001) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing."); *Medlin v. Andrew*, 113 F.R.D. 650, 653 (M.D.N.C. 1987) (burden of demonstrating good cause is a heavy one) (citation omitted); Wright, Miller & Marcus, Federal Practice and Procedure (Civil) 2$^d$ § 2035 (1994) (to establish good cause, the moving party may not rely upon "stereotyped and conclusory statements," but must present a "particular and specific demonstration of fact," as to why a protective order should issue) (citations omitted); *see also Worldcom Technologies, Inc. v. Intelnet Int'l, Inc.*, 2002 WL 1971256, at * 6 (E.D. Pa. 2002) (delaying discovery "creates the risk of prejudice to plaintiffs in the form of lost evidence, fading memories, and potentially dissipating assets to pay any judgment that plaintiffs might secure.").

A.  **There Is No Good Cause To Stay Discovery In This Case**

District courts have developed a variety of factors to consider in determining whether to grant a stay of discovery, "including: (1) whether there is a strong showing that a claim is unmeritorious; (2) the breadth of discovery and burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Allen v. Agreliant Genetics, LLC*, 2016 WL 5416418, at * 2 (N.D. Iowa 2016) (citing *Chesney v. Valley Stream Union Free Sch. Dist.*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006)).  A court may also consider the complexity of the action, the stage of litigation, and conservation of judicial resources. *United States ex rel. Donegan v. Anesthesia Assocs. Of Kansas City, P.C.*, 2014 WL 12618074, at * 1 (W.D. Mo. 2014) ("In determining whether to grant a motion

to stay discovery pending the outcome of a dispositive motion, a court considers a variety of factors, including the movant's likelihood of success on the underlying motion; whether the movant will be irreparably harmed absent a stay; the breadth of the pending discovery; the balance of harms in delaying discovery against the possibility that the underlying motion will dispose of the case; the public interest; and judicial economy.").

Applying the identified factors and considering the purpose of the Federal Rules and the disfavored status of motions to stay discovery, *see, e.g., Feldman supra*, the Court should deny Google's motion in this case. Although a stay would benefit Google, it would significantly prejudice Lincoln, interfere with the established Scheduling Order, and delay justice. Simply put, there is no good cause.

1. **<u>Lincoln's Claims Are Meritorious</u>**

Google argues in its brief that a stay of discovery is appropriate because of Google says so. The mere pendency of a motion to dismiss is never "good cause" to stay discovery. Further, and contrary to Google's argument, in its amended complaint, Lincoln fully complied with Rule 9(b) by alleging *who* made the misrepresentations to Lincoln, *what* was misrepresented, *when* the fraud occurred, and *how* Google's misrepresentations induced Lincoln to make the changes to its website that cost Lincoln a fortune. Google's attempt to shield its fraud and wrongdoing behind the First Amendment is patently offensive and incorrect. This is not a defamation case, where Google usually tries to explain away its false statements as "pure opinion".

2. **<u>Breadth and Burden</u>**

The discovery to Google is narrowly tailored to the issues in this action, and is designed, *inter alia*, to gather evidence to support Lincoln's case that Google, contrary to

7

its representations to Lincoln, actually engaged in efforts to suppress traffic to Lincoln's website.

Lincoln's discovery requests come as no surprise to Google and impose no special burden on Google.

**3.** *<u>Prejudice</u>*

The litigation process is – or should be – a search for the truth. *Littlewood v. Federal Realty Inv. Trust*, 2014 WL 6713468, at * 2 (Sup. Mass. 2014); *id. Bartsch v. Lage*, 2019 WL 166206, at * 6 (N.J. Super. 2019) ("The discovery rules are to be construed liberally and broadly to facilitate the search for the truth during litigation"); *Riley v. Goodman*, 315 F.2d 232, 234 (3rd Cir. 1963) ("We have long abandoned the adversary system of litigation which regards opposing lawyers as players and the judge as a mere umpire whose only duty is to determine whether infractions of the rules of the game have been committed. A trial is not a contest but a search for the truth so that justice may properly be administered."). Obstruction, obfuscation and delay transforms litigation into a mere game and renders the entire judicial process – the search for the truth – futile and illusive.

Lincoln came to this Court seeking justice. Lincoln suffered injury to its business as a direct result of Google's fraud. Significantly, the Court has entered a Scheduling Order. A stay of discovery will most certainly throw a wrench into the schedule and materially interfere with Lincoln's ability and efforts to marshal evidence and prove its case.

## **CONCLUSION**

For the reasons stated above, Lincoln respectfully requests the Court to deny Google's motion to stay discovery.

DATED: November 5, 2020

DJ LINCOLN ENTERPRISES, INC.

By: */s/ John C. Smith*
John C. Smith, Esquire
John C. Smith, P.A.
2385 NW Executive Center Drive, Suite 100
Boca Raton, FL 33431
561-394-4666 Voice
561-962-2710 Fax
jsmith@bocaiplaw.com
www.boaciplaw.com

*Counsel for the Plaintiff*

Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:	(804) 501-8272
Facsimile:	(202) 318-4098
Email:		stevenbiss@earthlink.net

*Counsel for the Plaintiff*
	*(Application for Admission Pro Hac Vice*
	*To be Filed)*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2020 the foregoing was served on counsel for Google electronically in PDF.

By: ___*/s/ John C. Smith*_____
John C. Smith, Esquire
John C. Smith, P.A.
2385 NW Executive Center Drive, Suite 100
Boca Raton, FL 33431
561-394-4666 Voice
561-962-2710 Fax
jsmith@bocaiplaw.com
www.boaciplaw.com

*Counsel for the Plaintiff*

Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:   (804) 501-8272
Facsimile:    (202) 318-4098
Email:          stevenbiss@earthlink.net

*Counsel for the Plaintiff*
       *(Application for Admission Pro Hac Vice*
       *To be Filed)*

10