**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION**

CASE NO.: 2:20-cv- 14159-ROSENBERG-MAYNARD

DJ LINCOLN ENTERPRISES, INC.

            Plaintiff,

   v.

GOOGLE, LLC,

            Defendant.

_____

**DEFENDANT GOOGLE LLC'S REPLY MEMORANDUM OF LAW
<u>IN SUPPORT OF MOTION TO STAY DISCOVERY</u>**

Plaintiff's Memorandum in Opposition ("Opp.," Dkt. 34) to Google's Motion to Stay Discovery offers no actual reasons why discovery should proceed. Instead, Plaintiff relies on out-of-Circuit case law to argue that a pending motion to dismiss does not, on its own, warrant a stay of discovery. But Google has not argued otherwise. Instead, as explained in its Motion to Stay (Dkt. 29 at 6-8), Google has demonstrated far more than "some degree of foundation in law" (Opp. at 4-5) in support of its Motion to Dismiss. Plaintiff's counsel himself admitted as much during the October 29, 2020 discovery conference, when he explained that Plaintiff did not initiate discovery because of Google's "substantial motion to dismiss." Oct. 29, 2020 Conference Tr. at 8:16-19. And it is not just the substantiality of Google's pending motion to dismiss, but its substance that warrants a stay of discovery; indeed, Plaintiff's Opposition does not even address, much less attempt to rebut, the presumption in favor of a stay that arises where, as here, a plaintiff fails to allege fraud with the particularity required by Rule 9(b). *See* Dkt. 29 at 8-10. It would wholly subvert Rule 9(b) to allow fraud claims to proceed to discovery when a plaintiff offers nothing more than the highly general and wholly conclusory allegations that the Amended Complaint offers here. Finally, and especially in light of Plaintiff's nearly four-month delay in serving discovery requests, Plaintiff cannot show that it would be prejudiced by a stay pending resolution of Google's motion to dismiss.

## <u>ARGUMENT</u>

## I. PLAINTIFF IS NOT ENTITLED TO DISCOVERY DUE TO ITS MULTIPLE PLEADING DEFECTS AND ITS PATENTLY DEFICIENT COMPLIANCE WITH RULE 9(b)

Plaintiff argues that "Google's main reason for a stay of discovery is that there is a pending motion to dismiss." Opp. at 4. This is wrong. Instead, as Google argued in its opening brief, a stay of discovery is warranted here because Plaintiff has utterly failed to plead every one

of its federal and state law claims on multiple, independent grounds. Plaintiff does not come

close to alleging a viable RICO claim (Dkt. 21 at 6-9); his lawsuit as a whole seeks to impose

liability on Google for exercising its constitutional right to decide how to order its search results

(*id*. at 18-20); and, perhaps most critically for purposes of this motion, Plaintiff has entirely

failed to satisfy the particularity required by Rule 9(b) with respect to those of Plaintiff's claims

that are grounded in fraud (all but its tortious interference claim) (*id*. at 9-10, 13-14, 18). *See*

Dkt. 29 at 6-8; *see also Borislow v. Canaccord Genuity Grp. Inc.*, 2014 U.S. Dist. LEXIS

190681, at *3 (S.D. Fla. June 23, 2014) (granting stay of discovery pending determination of

threshold issues including claims potentially barred by the First Amendment).[1]

The Rule 9(b) problem is especially acute and, by itself, warrants a stay. The Eleventh

Circuit has expressly recognized that the "particularity requirement of Rule 9 is a nullity if

Plaintiff gets a ticket to the discovery process without identifying a single claim." *United States*

*ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1359-60 (11th Cir. 2006); *accord United States ex. rel.*

*Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1313 n.24 (11th Cir. 2002) (one of the

"strong purpose[s]" of Rule 9(b) is "protecting defendants from frivolous suits, or 'spurious

charges of immoral and fraudulent behavior'"). Following that guidance, courts in this Circuit

have consistently stayed discovery when "Defendants are alleging that Plaintiffs failed to plead

fraud with particularity as required by Federal Rule of Civil Procedure 9(b)." *Tradex Glob.*

---

[1] Plaintiff argues that a three-factor test from an Iowa district court opinion should be applied to determine whether a stay is warranted in this matter. Opp. at 6 (citing *Allen v. Agreliant Genetics, LLC*, 2016 WL 5416418, at * 2 (N.D. Iowa Sept. 26, 2016). This test does not apply in the Eleventh Circuit. But even under this scheme, Google has demonstrated that a stay is warranted: (1) the Motion to Dismiss makes a strong showing that Plaintiff's claims are frivolous; (2) Plaintiff's discovery requests are wildly overbroad and unduly burdensome; and (3) Plaintiff cannot be prejudiced by a brief stay in discovery where it chose to wait four months to request discovery.

*Master Fund SPC, Ltd. v. Palm Beach Capital Mgmt.*, LLC, 2009 U.S. Dist. LEXIS 135687, at

*4 (S.D. Fla. Nov. 23, 2009); *see also United States ex rel. Bumbury v. Med-Care Diabetic &*

*Med. Supplies*, 2014 U.S. Dist. LEXIS 194078, at *8 (S.D. Fla. June 16, 2014) (same); *United*

*States ex rel. Tirella* v. *Klausner Lumber One, LLC*, 2016 U.S. Dist. LEXIS 196036, at *2-4

(M.D. Fla. Sept. 27, 2016) (same) (citing *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350,

1359-60 (11th Cir. 2006)). Indeed, "***Rule 9(b)'s very purpose is to protect from discovery***

***defendants facing inadequately pled fraud claims***." *United States ex rel. Mastej v. Health*

*Mgmt. Assocs.*, 869 F. Supp. 2d 1336, 1350 (M.D. Fla. 2012) (emphasis added) (citing

*Friedlander v. Nims*, 755 F.2d 810, 813 n.3 (11th Cir. 1985)).

Plaintiff ignores all of this. Instead, it asserts in conclusory fashion that it has alleged the

required "who, what, when, where, and why" of the purported fraudulent scheme underpinning

its claims. But that simply is not so. Despite having already amended its complaint, Plaintiff has

left all of those basic questions unanswered. Dkt. 21 at 9-10; Opp. at 7. And Rule 9(b) forbids

Plaintiff from using discovery to shore up its pleading defects. *Accord Bingham v. HCA, Inc.*,

783 F. App'x 868, 876 (11th Cir. 2019) (explaining that "it is important to discourage plaintiffs

from being able to 'learn the complaint's bare essentials through discovery' which could

'needlessly harm a defendants' [sic] goodwill and reputation by bringing a suit that is, at best,

missing some of its core underpinnings, and, at worst, are baseless allegations used to extract

settlements'"); *Apex Toxicology, LLC v. United Healthcare Servs.*, 2020 U.S. Dist. LEXIS

120460, at *23-24 (S.D. Fla. July 6, 2020) (holding that a plaintiff could not take discovery to

shore up non-particularized fraud claims); *Madonna v. United States*, 878 F.2d 62, 66 (2d Cir.

1989) ("[Plaintiff's] contention, that discovery will unearth information tending to prove his

contention of fraud, is precisely what Rule 9(b) attempts to discourage.").[2]

## II. PLAINTIFF WILL NOT SUFFER ANY PREJUDICE IF DISCOVERY IS STAYED

Finally, Plaintiff's Opposition asserts that a stay of discovery will "materially interfere with Lincoln's ability and efforts to marshal evidence and prove its case." Opp. 8. But Plaintiff offers no actual basis to support this argument. Nor could it. Plaintiff's failure to seek any discovery from Google for nearly four months belies any suggestion of prejudice. A stay would not "delay justice" (Opp. 7) any more than Plaintiffs' own choices have caused delay, and Plaintiff would not suffer any prejudice if the Court briefly holds discovery in abeyance to allow the Court to first address the many fundamental flaws in Plaintiff's claims.

Moreover, and as Plaintiff all but acknowledged at the parties' October 29 status conference, staying discovery would actually promote judicial economy because it would avoid entangling the Court in needless disputes over unreasonable discovery. Oct. 29, 2020 Conference Tr. at 8:10-24 (counsel explaining that Plaintiff did not initiate discovery for reasons of "judicial economy" and because it "felt like it might be good to wait and see whether the district court ruled on it and gave us a clear indication of where the case is going"); *accord Nuwer v. FCA US LLC*, 2020 U.S. Dist. LEXIS 182511, at *3-4 (S.D. Fla. June 24, 2020) (staying discovery to promote judicial economy when claims may be dismissed or narrowed before starting

---

[2] The cases that Plaintiff cites simply say that filing a motion to dismiss does not automatically constitute grounds for a discovery stay. *Bowens v. Columbus Metro. Library Bd. of Trustees*, 2010 WL 3719245 (S.D. Ohio Sept. 16, 2010); *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013); *Pioneer Centres Holding Co. Employee Stock Ownership Plan and Trust v. Alerus Fin. N.A.*, 2013 WL 589187 (D. Colo. Feb. 14, 2013); *Hoxie v. Livingston County*, 2010 WL 822401 (E.D. Mich. Mar. 4, 2010); *Daniels v. City of Sioux City*, 294 F.R.D. 509 (N.D. Iowa 2013). Google has not claimed otherwise, and these cases do not offer any reason why a stay would not be warranted here.

discovery); *Baine v. Citibank, Nat'l Ass'n*, 2018 U.S. Dist. LEXIS 224594, at *4 (N.D. Ga. Oct. 10, 2018) (staying discovery pending dispositive motion in the interest of judicial economy).

In contrast, Google would be prejudiced if Plaintiff's overbroad discovery requests are allowed to proceed. Contrary to Plaintiff's assertion (Opp. at 7), Plaintiff's discovery is not at all "narrowly tailored." Plaintiff has asked for a decade's worth of highly sensitive trade secret information without any connection to Plaintiff, its business, or the website that is the subject of its claims. *See* Dkt. 29 at 3-5 and Willen Decl., Ex. 1. These requests are improper, overbroad, and unduly burdensome. Moreover, Plaintiff has attempted to abuse the discovery process specifically to obtain the information needed to support its fraud allegations (Oct. 29, 2020 Conference Tr. at 20:9-16 (counsel claiming that Plaintiff could use "facts adduced in discovery" to "give more flavor to the Rule 9(b) issue")—exactly what Eleventh Circuit law forbids. *See Bingham*, 783 F. App'x at 876.

In short, Plaintiff's own inaction confirms that it would suffer no prejudice from a stay, and granting one would further the interests in judicial economy, in avoiding unnecessary disputes, and in furthering the purposes of Rule 9(b).

## <u>CONCLUSION</u>

For these reasons, Google respectfully requests that the Court stay discovery until such time as the Court determines that Google is required to answer the Amended Complaint.

Dated:  November 9, 2020                                Respectfully submitted,

                                                        */s/ Nathan M. Berman*
                                                        NATHAN M. BERMAN
                                                        Florida Bar No.: 0329230
                                                        Email: nberman@zuckerman.com
                                                        ZUCKERMAN SPAEDER LLP
                                                        101 E. Kennedy Blvd., Suite 1200
                                                        Tampa, Florida 33602
                                                        Telephone: (813) 221-1010
                                                        Facsimile: (813) 223-7961

BRIAN M. WILLEN (*pro hac vice*)
Email: bwillen@wsgr.com
ALEXANDER S. ZBROZEK (*pro hac vice*)
Email: azbrozek@wsgr.com
WILSON SONSINI
  GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

LAUREN GALLO WHITE (*pro hac vice*)
Email: lwhite@wsgr.com
WILSON SONSINI
  GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

*Attorneys for Defendant*
**GOOGLE LLC**

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on November 9, 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.


*/s/ Nathan M. Berman*
Nathan M. Berman