## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 2:20-CV-14159-ROSENBERG/MAYNARD

DJ LINCOLN ENTERPRISES, INC.,

      Plaintiff,

v.

GOOGLE, LLC,

      Defendant.

_____/

### ORDER GRANTING MOTION TO DISMISS AND CLOSING CASE

**THIS CAUSE** comes before the Court on Defendant Google, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint.  DE 49.  The Court has carefully considered the Motion to Dismiss, Plaintiff DJ Lincoln Enterprises, Inc.'s Response [DE 50], Defendant's Reply [DE 51], and the record and is otherwise fully advised in the premises.  For the reasons set forth below, the Motion to Dismiss is granted.  The Court's dismissal is with prejudice.

The instant Motion to Dismiss presents Defendant's third request for the Court to dismiss Plaintiff's claims with prejudice.  The Court denied as moot Defendant's first Motion to Dismiss after Plaintiff filed an Amended Complaint.  *See* DE 16; DE 20.  The Court ruled on Defendant's second Motion to Dismiss, granting the Motion and dismissing the Amended Complaint without prejudice and with one further opportunity to amend.  *See* DE 21; DE 43.  Plaintiff then filed the Second Amended Complaint, raising claims of violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) (Count 1); declaratory and injunctive relief for the RICO violation under 18 U.S.C. § 1964(a) (Count 2); violation of Florida's RICO counterpart, Fla. Stat. § 772.103 (Count 3); violation of the Florida Deceptive and Unfair Trade Practices Act

("FDUTPA"), Fla. Stat. § 501.204 (Count 4); fraud in the inducement and actual fraud (Count 5); and constructive fraud (Count 6). DE 46. Defendant now seeks the dismissal of the Second Amended Complaint. DE 49.

The Court set forth Plaintiff's basic factual allegations in its prior Order and, because those basic allegations have not changed, the Court need not recite them here. *Compare* DE 43 at 1-2, *with* DE 46. The Court also previously set forth the applicable legal standard for a court's review of a motion to dismiss. DE 43 at 3. The Court therefore proceeds to its analysis of Plaintiff's claims.

A.      **Counts 1, 2, and 3 – Federal and State RICO Claims**

In its prior Order, the Court ruled that Plaintiff failed to plausibly allege the existence of two distinct entities—a "person" and an "enterprise" that was not simply the person referred to by a different name—for the purpose of pleading the RICO claims because the purported enterprise consisted only of related (not distinct) corporate entities and miscellaneous unidentified individuals or entities. *Id.* at 6; *see* 18 U.S.C. § 1962(c); *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001) ("We do not quarrel with the basic principle that to establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name."). Plaintiff now alleges that a RICO enterprise consisted of Defendant together with "Alphabet, Inc., its CEO and Board of Directors, YouTube, its CEO and Board of Directors, and outside third-party engineers, search engine optimizers, and digital sales marketing consultants (identified above)." DE 46 ¶ 67. Alphabet, Inc. is Defendant's parent company, YouTube is a video-sharing platform that Defendant owns and operates, and Plaintiff has pled no allegations to show that the unnamed CEOs and Board of Directors members were not operating in their official capacities for Alphabet,

Inc. and YouTube.  *See id.* ¶¶ 7, 38, 67.  As the Court previously held, Plaintiff has not alleged

facts showing that Defendant, Alphabet, Inc., YouTube, and their officers, agents, or employees

are separate entities for RICO purposes, rather than a single "person."  *See* DE 43 at 5-6 (citing

caselaw).  Thus, Plaintiff has not demonstrated that these entities and individuals on their own

could form a RICO enterprise.  Plaintiff does not argue otherwise.

As to the "outside third-party engineers, search engine optimizers, and digital sales

marketing consultants," Plaintiff identifies those entities as "Godaddy.com, Bernstein-Rein

(b-r.com) and Ucodice.com."  *See* DE 50 at 4 (citing DE 46 ¶ 13 n.2).  But Plaintiff has not pled

concrete, non-conclusory facts to support a plausible inference that each of these outside entities

knew about and shared a fraudulent or otherwise criminal common purpose with the purported

RICO enterprise.  *Cf. Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211-15 (11th Cir. 2020)

(explaining that a RICO claim requires a "common purpose of engaging in a course of conduct

among the enterprise's alleged participants" and affirming the dismissal of a RICO claim where

the plaintiff failed to plead concrete facts plausibly supporting an inference that the purported

enterprise's participants shared a fraudulent purpose); *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340,

1352-55 (11th Cir. 2016).  Plaintiff alleges in a conclusory manner that the outside entities shared

Defendant's common purpose to misrepresent its corporate philosophy and business model, to

induce Plaintiff to modify its website and business practices, and to discriminate against political

conservatives and their businesses.  DE 46 ¶¶ 13 n.2, 67.[1]  Plaintiff has failed to identify any

---

[1] Plaintiff states in its Response to the Motion to Dismiss that it has agreed with Defendant to alter certain language in footnote 2 of the Second Amended Complaint.  DE 50 at 5 n.2.  A party may not amend a complaint through motion briefing.  *See, e.g.*, *Sinclair Refin. Co. v. Tompkins*, 117 F.2d 596, 598 (5th Cir. 1941) ("Pleadings are for the purpose of accurately stating the pleader's version of the case, and they bind unless withdrawn or altered by amendment.").  Plaintiff has not moved to amend the Second Amended Complaint and cannot make such a motion as part of motion briefing.  *See, e.g.*, *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (quotation marks omitted)).  The deadline to amend pleadings passed on August 28, 2020, and Plaintiff has not moved to extend that deadline.  *See* DE 15.

specific actions taken by any particular outside entity.  Moreover, the outside entities' conduct that is alleged at a high level of generality—providing information about how to improve website search results—is innocuous conduct that does not itself demonstrate a fraudulent purpose.  *Id.* ¶¶ 13 n.2, 54.  Even if the outside entities are distinct from Defendant and *could* form a RICO enterprise with Defendant, Plaintiff has not plausibly alleged that the outside entities *were* part of the enterprise because the allegations do not support an inference that the outside entities shared the purported enterprise's common purpose.

For these reasons, Plaintiff has failed to state a federal RICO claim upon which relief can be granted, and Counts 1 and 2 of the Second Amended Complaint are dismissed.  A Florida RICO claim similarly requires an enterprise with a common purpose.  *Doorbal v. State*, 983 So. 2d 464, 492 (Fla. 2008).  The interpretation of Florida RICO law is informed by caselaw interpreting federal RICO law, and Plaintiff has provided no argument or legal authority to show that its Florida RICO claim is plausibly pled even if its federal RICO claim is not.  *See Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004).  Plaintiff has failed to state a Florida RICO claim upon which relief can be granted, and Count 3 of the Second Amended Complaint is dismissed.

**B.      Counts 4, 5, and 6 – Florida Fraud Claims**

Counts 4, 5, and 6 of the Second Amended Complaint are premised on fraud.[2]  When alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  To satisfy Rule 9(b), a plaintiff must plead "(1) the precise

---

[2] Plaintiff argues that the FDUTPA claim (Count 4) is premised on both fraud and discrimination.  DE 50 at 11.  Plaintiff contends, without citation to any legal authority, that FDUPTA is an anti-discrimination statute.  *Id.* Defendant disputes that point, arguing that Florida has a separate anti-discrimination law and that even that law does not prohibit discrimination based on political viewpoint or affiliation.  DE 49 at 14 n.4; DE 51 at 9.  The Court need not resolve this dispute.  Even if Plaintiff could maintain a FUDTPA claim premised on both fraud and discrimination, Plaintiff has provided no legal authority to support a conclusion that such a claim would escape the pleading requirements under Fed. R. Civ. P. 9(b).

statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiff; and (4) what the defendants gained by the alleged fraud." *Cisneros*, 972 F.3d at 1216 (alteration and quotation marks omitted).

The allegations in the Second Amended Complaint do not satisfy the requirements of Rule 9(b).  Plaintiff alleges that Defendant engaged in fraud by inducing Plaintiff to make costly modifications to its website to improve search results, when such modifications would not in fact improve the website's search results. *See, e.g.*, DE 46 ¶¶ 13, 15, 27, 55, 62.  Plaintiff makes only generalized allegations that Defendant communicated with Plaintiff between 2016 and 2018 in emails, blogs, and online chats. *Id.* ¶¶ 13, 15, 26, 54.  At minimum, Plaintiff has not identified the precise statements that Defendant made to Plaintiff or the dates on which the statements were made.[3]  Plaintiff has provided no explanation for why it is unable to plead with the specificity that Rule 9(b) requires when the communications at issue were with Plaintiff itself.  Plaintiff's pleading of affirmative misrepresentations that allegedly constitute fraud is insufficient under Rule 9(b).

Plaintiff also bases its fraud claims on omissions, alleging that Defendant behaved fraudulently by failing to disclose certain information to Plaintiff.  Specifically, Plaintiff alleges that Defendant failed to disclose that it is biased against political conservatives and that, due to that bias, Defendant would ensure that no modifications Plaintiff could make to its website would improve search results. *See, e.g., id.* ¶¶ 15, 26, 39, 62.  As the Court stated in its prior Order, knowing non-disclosure of information may support a fraud claim under Florida law if a duty to

---

[3] To the extent that Plaintiff bases its fraud claims on Defendant's mission and policy statements available to the public, such as that Defendant "values honesty and fairness and diversity and respect for others," Plaintiff has cited no legal authority to demonstrate that such statements may support its fraud claims. *See, e.g.*, DE 46 ¶ 1, 34; *see also Perret v. Wyndham Vacation Resorts, Inc.*, 889 F. Supp. 2d 1333, 1342 (S.D. Fla. 2012) (stating that mere opinions and puffery do not constitute actionable fraud under Florida law).

disclose existed.  DE 43 at 14 (citing *TransPetrol, Ltd. v. Radulovic*, 764 So. 2d 878, 879-80 (Fla. 4th Dist. Ct. App. 2000)).  Plaintiff does not argue that, to the extent its fraud claims are based on omissions, it is unnecessary to show a duty to disclose for any of the claims.  Rather, Plaintiff argues that its allegations show that Defendant did have a duty to disclose.  *See* DE 46 ¶ 92 ("Google was in possession of information that Lincoln had a right to know because of (a) Google's position of superior knowledge and Lincoln's lack of access to and lack of opportunity to discover the truth, (b) Google's superior bargaining power and Lincoln's dependence on Google for advice, counsel and protection regarding Search, and (c) because of the relation of trust and confidence between Google (and its trusted partners) and Lincoln."); *id.* ¶ 99 ("Lincoln reposed trust and confidence in Google, which Google accepted. . . . As a result, a fiduciary relationship arose between Google and Lincoln.").

Possession of superior knowledge alone does not create a duty to disclose under Florida law.  *Cordell Consultant, Inc. Money Purchase Plan & Tr. v. Abbott*, No. 11-80416-CIV, 2012 WL 13148744, at *3 (S.D. Fla. July 11, 2012) (stating that a duty to disclose between parties to an arms' length transaction based on exclusive and superior knowledge "does not exist in the absence of a fiduciary or other special or confidential relationship of trust because there is no duty imposed on either party to protect or benefit the other").  And it is unclear why any disparity in the parties' "bargaining power" is relevant when Plaintiff does not allege that the parties were bargaining; Plaintiff provides no explanation on this point.

To establish a fiduciary relationship under Florida law, "a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party."  *Taylor Woodrow Homes Fla., Inc. v. 4/46-A Corp.*, 850 So. 2d 536, 540 (Fla. 5th Dist. Ct. App. 2003) (quotation marks omitted).  A fiduciary relationship may exist

where "confidence is reposed by one party and a trust accepted by the other."[4] *Cap. Bank v. MVB, Inc.*, 644 So. 2d 515, 518 (Fla. 3d Dist. Ct. App. 1994) (quotation marks omitted); *see also Lanz v. Resol. Tr. Corp.*, 764 F. Supp. 176, 179 (S.D. Fla. 1991) ("The fact that one party places trust or confidence in the other does not create a confidential relationship in the absence of some recognition, acceptance or undertaking of the duties of a fiduciary on the part of the other party."). "When the parties are dealing at arms' length, a fiduciary relationship does not exist because there is no duty imposed on either party to protect or benefit the other." *Taylor Woodrow Homes*, 850 So. 2d at 541.

Plaintiff has not alleged facts to support a plausible inference that the parties had a relationship of confidence and trust and has not alleged any other basis for the existence of a fiduciary relationship. The sole interactions that have been alleged between the parties are Defendant's communications with Plaintiff between 2016 and 2018, via emails, blogs, and online chats, about how to improve website search results. Plaintiff in no way distinguishes the parties' interactions from any other instance in which Defendant may advise any other person or entity about website improvements. *See MediaXposure Ltd. v. Harrington*, No. 8:11-CV-410, 2012 WL 1805493, at *9 (M.D. Fla. May 17, 2012) ("The mere giving of advice and guidance does not establish a fiduciary relationship since, among other things, it does not mean that a person has accepted an obligation to protect and act on the other party's behalf."). Plaintiff has not pled facts showing confidences about its business, website, or any other matters that it entrusted to Defendant. Plaintiff has not pled facts showing that Defendant accepted Plaintiff's trust or

---

[4] A fiduciary relationship can also be expressly created, for example by contract or through legal proceedings. *Cap. Bank*, 644 So. 2d at 518 ("Fiduciary relationships are either expressly or impliedly created. Those expressly created are either by contract, such as principal/agent or attorney/client, or through legal proceedings, such as trustee/beneficiary and guardian/ward."). Plaintiff has not alleged or argued that the parties had an expressly created fiduciary relationship.

otherwise undertook to protect Plaintiff.  Plaintiff has provided no legal authority to show that Florida law would recognize a relationship of confidence and trust and/or a fiduciary relationship under the circumstances presented in this case.[5]

Moreover, Plaintiff has not pled facts demonstrating that the person or people with whom it communicated about website modifications knew that it was owned by political conservatives. And, according to Plaintiff's own allegations, it was publicly knowable at least by 2017 that Defendant is biased against political conservatives and downgrades the search results for businesses owned by political conservatives.  *See* DE 46 ¶¶ 14, 38, 52.  Plaintiff has provided no legal authority to show that Florida law would impose a duty to disclose such publicly knowable information.  For all of these reasons, the Court concludes that Plaintiff has not plausibly alleged that Defendant had a duty to disclose.

In summary, to the extent that Plaintiff's fraud claims rely on affirmative misrepresentations, the allegations in the Second Amended Complaint fail to satisfy the requirements of Rule 9(b).  And to the extent that Plaintiff's fraud claims rely on Defendant's non-disclosure of information, the allegations in the Second Amended Complaint fail to demonstrate that Defendant had a duty to disclose.  Counts 4, 5, and 6 of the Second Amended Complaint are dismissed for failure to state a claim upon which relief can be granted.

## C.    Denial of Leave to Amend

The Court's dismissal is with prejudice and without leave to amend.  Where a more carefully drafted complaint might state a claim for relief, a plaintiff generally must be given at least one chance to amend the complaint before a court dismisses the action with prejudice.  *Bryant*

---

[5] Plaintiff's claim for constructive fraud (Count 6) fails for these same reasons.  *See Rogers v. Mitzi*, 584 So. 2d 1092, 1094 (Fla. 5th Dist. Ct. App. 1991) ("A constructive fraud is deemed to exist where a duty under a confidential or fiduciary relationship has been abused.").

*v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  However, a "district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc).  Here, Plaintiff is represented by counsel and has not moved to further amend the Second Amended Complaint.

Furthermore, Plaintiff has twice previously amended its Complaint.  In dismissing the Amended Complaint, the Court pointed out the same pleading deficiencies that it has identified in this Order: Plaintiff failed to allege the existence of a RICO enterprise with a common purpose, failed to satisfy the requirements of Rule 9(b), and failed to allege facts demonstrating a duty to disclose. *See* DE 43.  The Court concludes that giving Plaintiff further opportunities to attempt to correct these deficiencies, which would undoubtedly lead to Defendant filing a fourth Motion to Dismiss, is inappropriate.

For the foregoing reasons, Defendant Google, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint [DE 49] is **GRANTED**.  The Second Amended Complaint [DE 46] is **DISMISSED WITH PREJUDICE**.

The Clerk of the Court is instructed to **CLOSE THIS CASE**.  Any pending motions are **DENIED AS MOOT**, and any hearings or deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 21st of July, 2021.

Copies furnished to:                                    ROBIN L. ROSENBERG
Counsel of Record                                       UNITED STATES DISTRICT JUDGE

9