UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:20-CV-14159-ROSENBERG/MAYNARD

| | |
|---|---|
| DJ LINCOLN ENTERPRISES, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| GOOGLE, LLC | ) |
| | ) |
| Defendant. | ) |
| | ) |

# PLAINTIFF'S MOTION FOR LEAVE TO FILE MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR FEES

Plaintiff, DJ Lincoln Enterprises, Inc. ("Lincoln" or "Plaintiff"), by counsel, pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure and Local Civil Rule 7.1, respectfully moves the Court for leave to file its Memorandum in Opposition to Google, LLC's ("Google") motion for attorney's fees.

1. Lincoln's memorandum in opposition to Google's motion for attorney's fees was due September 29, 2021.

2. On August 20, 2021, Lincoln filed notice of appeal of the Court's Order granting Google's motion to dismiss Lincoln's second amended complaint. There were multiple deadlines in connection with the appeal, including Lincoln's opening brief which was due October 4, 2021.

1

3.      Counsel for Lincoln inadvertently calendared the date for filing Lincoln's response to Google motion as October 4, 2021.

4.      When Counsel learned of the mistake on Saturday, October 2, 2021, Counsel for Lincoln reached out to Counsel for Google via email, and advised that Lincoln was out of time and would need to file a motion for leave. Counsel for Lincoln requested Google's agreement to a few extra days to file the opposition. Counsel for Google notified Counsel for Lincoln that it would not consent.

5.      On October 5, 2021, Lincoln filed its Memorandum in Opposition to Google's motion. Lincoln seeks leave pursuant to Rule 6(b)(1)(B).

6.      "Whether a party has shown excusable neglect is an equitable determination that requires an analysis of all of the relevant circumstances surrounding the delay." *Baker v. JEA*, 2021 WL 4033279, at * 1 (M.D. Fla. 2021) (quoting *Kubiak v. S.W. Cowboy, Inc.*, 2017 WL 1080000, at * 4 (M.D. Fla. 2017) (unpublished) (citation omitted)). Such circumstances include but are not limited to: (1) the danger of prejudice to the nonmovant; (2) the length of the delay and the impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* (citation omitted). "Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) (citation omitted).

7.      Upon review of the filings, the record as a whole, and the applicable law, the Court should grant Lincoln's motion. First, there is no danger of prejudice to Google. The substance of Lincoln's opposition comes as no surprise to Google. The

facts and issues in dispute in this case are well-known to the parties.  Google would not be harmed in any way by a brief extension of the deadline to file Lincoln's opposition.  There was only a brief delay in filing Lincoln's opposition, which had no impact on the judicial administration of this case.  Lincoln acted in good faith and moved for relief as soon as Counsel discovered the calendaring error.

7. Google's motion for attorney's fees raises complex issues of fact and law.  The interests of justice would be served by full briefing and a determination of Google's motion on the merits.

WHEREFORE, Lincoln respectfully requests the Court to grant its motion, and accept Lincoln's opposition as filed.

DATED:     October 5, 2021

DJ LINCOLN ENTERPRISES, INC.

By:   */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:  (804) 501-8272
Facsimile:  (202) 318-4098
Email:  stevenbiss@earthlink.net
(*Admitted Pro Hac Vice*)

Jordan Reid Wagner (Florida Bar No: 14852)
73 SW Flagler Avenue
Stuart, FL 34994
Phone: (772) 286-0023
Service email:  jwagner@kibbeylaw.com

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2021 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Defendant and all interested parties receiving notices via CM/ECF.

By:   */s/ Steven S. Biss*
       Steven S. Biss (VSB # 32972)
       300 West Main Street, Suite 102
       Charlottesville, Virginia 22903
       Telephone:  (804) 501-8272
       Facsimile:  (202) 318-4098
       Email:  stevenbiss@earthlink.net
       (*Admitted Pro Hac Vice*)

       Jordan Reid Wagner (Florida Bar No: 14852)
       73 SW Flagler Avenue
       Stuart, FL 34994
       Phone: (772) 286-0023
       Service email:  jwagner@kibbeylaw.com

       *Counsel for the Plaintiff*