**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

FILED BY ____AP____ D.C.

Feb 22, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 22, 2022

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 21-12894-HH
Case Style: DJ Lincoln Enterprises, Inc. v. Google, LLC
District Court Docket No: 2:20-cv-14159-RLR

Enclosed is the Bill of Costs.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-12894

_____

DJ LINCOLN ENTERPRISES, INC.,

                                      Plaintiff-Appellant,

*versus*

GOOGLE LLC,

                                      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:20-cv-14159-RLR

_____

JUDGMENT

ISSUED AS MANDATE 02/22/2022

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: January 24, 2022

For the Court: DAVID J. SMITH, Clerk of Court

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 21-12894

Non-Argument Calendar

_____

DJ LINCOLN ENTERPRISES, INC.,

                                      Plaintiff-Appellant,

versus

GOOGLE LLC,

                                      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:20-cv-14159-RLR

_____

Case 2:20-cv-14159-RLR   Document 64   Entered on FLSD Docket 02/22/2022   Page 5 of 16
USCA11 Case: 21-12894   Date Filed: 01/24/2022   Page: 2 of 9

2                          Opinion of the Court                     21-12894

Before WILSON, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant DJ Lincoln Enterprises, Inc. (Lincoln) appeals from the district court's dismissal of its complaint alleging racketeering and fraud by Defendant-Appellee Google LLC (Google). The central allegation in the complaint is that Google told Lincoln it could increase its web traffic by altering its website, while in reality Google was secretly downgrading Lincoln's search results because its owners were political conservatives. The district court dismissed the complaint for failure to state a claim. After careful review, we affirm.

I.   **Background**

Lincoln is an assisted living and senior care services company, with its principal office in Port St. Lucie, Florida. Between 2014 and 2019, Lincoln operated a website through which caregivers could connect with seniors in need of assisted living and caregiving services. Lincoln is owned and managed by Darren and Jennifer Lincoln, who are both conservative Republicans. Lincoln says that between 2016 and 2018, it communicated in blogs and chat rooms with Google, as well as with some outside engineers and consultants, about how to increase the number of visits to Lincoln's website. Google and its associates provided instructions on how Lincoln could optimize its search results, and Lincoln implemented those instructions. But its efforts proved to be fruitless,

21-12894               Opinion of the Court                3

Lincoln says, because Google had placed it on a "blacklist," ensuring that Lincoln's search results were censored and downgraded. Lincoln claims that Google's actions were motivated by bias against businesses owned by conservatives.

Lincoln filed its original complaint against Google in May 2020 seeking damages for loss of business income and damage to Lincoln's good will and professional reputation. The gravamen of the complaint was that Google discriminated against Lincoln because Lincoln's owners were conservative Republicans, and that Google failed to disclose its bias. Several months later, in July 2020, Google moved to dismiss the complaint. Lincoln then filed an Amended Complaint, adding several additional causes of action. Google filed a second motion to dismiss, which the district court granted without prejudice, allowing Lincoln one more opportunity to amend.

Lincoln then filed a Second Amended Complaint (SAC) setting forth the following claims: violation of the federal Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1962(c) (Count 1), declaratory and injunctive relief for the federal RICO violation, 18 U.S.C. § 1964(a) (Count 2), violation of Florida's RICO statute, Fla. Stat. § 772.103 (Count 3), violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.204 (Count 4), fraud in the inducement and actual fraud (Count 5), and constructive fraud (Count 6). Google moved to dismiss the SAC, and the district court granted the motion, this time with prejudice.

Case 2:20-cv-14159-RLR  Document 64  Entered on FLSD Docket 02/22/2022  Page 7 of 16
USCA11 Case: 21-12894  Date Filed: 01/24/2022  Page: 4 of 9

4                    Opinion of the Court                  21-12894

First, as to the federal and Florida RICO claims in Counts 1–3, the district court found that Lincoln failed to plausibly allege the existence of two distinct entities—a person and an enterprise—that were engaged in a common purpose. Second, as to the Florida fraud claims alleged in Counts 4–6, the district court found that the allegations failed to satisfy the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Further, to the extent Lincoln's fraud claims relied on Google's failure to disclose information, Lincoln failed to allege the existence of any special relationship that would a create a duty to disclose under Florida law. In dismissing the SAC with prejudice, the district court noted that the SAC suffered from the same pleading deficiencies that the court had identified when it dismissed the Amended Complaint. Lincoln timely filed this appeal.

## II.  Standard of Review

We review de novo the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam). At the motion-to-dismiss stage, we accept as true the facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. *Id.*

## III. Discussion

### A.   Federal and Florida RICO Claims

On appeal, Lincoln first challenges the dismissal of the RICO claims alleged in Counts 1–3 of the SAC. We begin with the federal RICO claims alleged in Counts 1 and 2.

Case 2:20-cv-14159-RLR   Document 64   Entered on FLSD Docket 02/22/2022   Page 8 of 16
USCA11 Case: 21-12894   Date Filed: 01/24/2022   Page: 5 of 9

21-12894                Opinion of the Court                5

RICO makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). In addition to creating criminal liability, RICO creates a civil cause of action for "[a]ny person injured in his business or property" by a violation of § 1962. 18 U.S.C. § 1964(c).

A plaintiff suing under RICO must allege six elements: "that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020). A claim must be dismissed if it fails to plausibly allege any one of these six elements. *Id.*

As to the second element—an enterprise—a plaintiff must allege "the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001). We have explained that "a defendant corporation cannot be distinct for RICO purposes from its own officers, agents, and employees when those individuals are operating in their official capacities for the corporation." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1355 (11th Cir. 2016) ("The Supreme Court has made it crystal clear that the racketeering enterprise and the defendant must be two separate entities."). RICO defines an

6                       Opinion of the Court                    21-12894

"enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "An 'association-in-fact enterprise is simply a continuing unit that functions with a common purpose.'" *Cisneros*, 972 F.3d at 1211 (quoting *Boyle v. United States*, 556 U.S. 938, 948 (2009)). A plaintiff must allege more than an "abstract common purpose, such as a generally shared interest in making money." *Id.* "[W]here the participants' ultimate purpose is to make money for themselves," we have explained, "a RICO plaintiff must plausibly allege that the participants shared the purpose of enriching themselves through a particular criminal course of conduct." *Id.*

Here, the SAC alleges that Google was part of an association-in-fact enterprise, consisting of "Alphabet, Inc., its CEO and Board of Directors, YouTube, its CEO and Board of Directors, and outside third-party engineers, search engine optimizers, and digital sales marketing consultants . . . who operated with a common purpose." But, importantly, Lincoln fails to explain how Alphabet, Inc. (the parent company of Google), YouTube (which is owned by Google), or any of the individuals associated with those organizations, operated outside their official capacity. *See Ray*, 836 F.3d at 1355. Therefore, Lincoln fails to allege that these entities and individuals are distinct from Google for RICO purposes. *See id.*

And with respect to what Lincoln calls "outside" parties, the SAC fails to plausibly allege more than an abstract common purpose. Lincoln points to a footnote in the SAC that identifies three

Case 2:20-cv-14159-RLR   Document 64   Entered on FLSD Docket 02/22/2022   Page 10 of 16
USCA11 Case: 21-12894        Date Filed: 01/24/2022        Page: 7 of 9

21-12894               Opinion of the Court                7

companies—Godaddy.com, Bernstein-Rein, and Ucodice.com—and alleges, conclusorily, that they shared a common purpose with Google: to fraudulently induce Lincoln in connection with the optimization of Google search results. Besides naming these companies and concluding that they shared a common purpose with Google, the SAC does not offer any facts to plausibly support the inference that these companies were somehow participants in a scheme to defraud Lincoln. Therefore, the district court correctly concluded that Lincoln did not plausibly allege the existence of an enterprise, as required by the federal RICO Act.

Florida's RICO statute, Fla. Stat. § 772.103, is materially the same as its federal counterpart in requiring an enterprise operating with a common purpose. *Doorbal v. State*, 983 So. 2d 464, 492 (Fla. 2008) (per curiam). So, for the same reasons Lincoln failed to plausibly allege a federal RICO claim on Counts 1 and 2, it failed to plausibly allege a Florida RICO claim on Count 3.

### B.    Florida Fraud Claims

Lincoln also challenges the dismissal of Counts 4–6 of the SAC: violation of FDUTPA, fraud in the inducement and actual fraud, and constructive fraud. Because these claims allege fraud, they are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that a party "state with particularity the circumstances constituting fraud or mistake." Under Rule 9(b), Lincoln had to plead: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner

| 8 | Opinion of the Court | 21-12894 |
|---|---|---|

in which these statements misled [Lincoln]; and (4) what the defendants gained by the alleged fraud." *Cisneros*, 972 F.3d at 1216.

Lincoln did not meet these requirements. Taking, for example, the first requirement, the SAC wholly fails to identify the precise statements made by Google or its associates. And Lincoln's briefs do not meaningfully explain this failure, other than to suggest that we should relax the pleading requirement because "the information supporting [its] case is under the exclusive control of the defendant." *See United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003). Even assuming we could relax the pleading requirements under such a circumstance, Lincoln does not explain how the precise statements Google made are within Google's exclusive control when those very statements were allegedly communicated to Lincoln. Similarly, as to the time, place, and person responsible for the alleged statements, the SAC offers nothing more than vague references to comments by Google and its agents in Google blogs and chat rooms between 2014 and 2019. These allegations fall well short of the particularity that Rule 9(b) requires.

Finally, we agree with the district court that Lincoln's fraud allegations in Counts 4–6 suffer from an additional defect: each depends in part on *omissions* rather than affirmative misrepresentations. Specifically, Lincoln asserts that Google owed it a duty to disclose its intention to censor and suppress Lincoln's Google search results. Florida law, however, imposes a duty to disclose only in specific circumstances. *See TransPetrol, Ltd. v. Radulovic*,

21-12894               Opinion of the Court                9

764 So. 2d 878, 879–80 (Fla. Dist. Ct. App. 2000) (A duty to disclose may arise where there is a "confidential, contractual, or fiduciary relationship."). Lincoln fails to allege any such relationship here, and thus Google had no duty to disclose.

Because Lincoln's allegations of fraud lack the particularity required under Rule 9(b), and because Florida law does not support a duty to disclose absent a special relationship between Google and Lincoln, Lincoln failed to state a claim for relief on Counts 4–6 of the SAC. Finding no error in the district court's order granting Google's motion to dismiss, we affirm in all respects.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 24, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 21-12894-HH
Case Style: DJ Lincoln Enterprises, Inc. v. Google, LLC
District Court Docket No: 2:20-cv-14159-RLR

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Christopher Bergquist, HH at 404-335-6169.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## Bill of Costs

Court of Appeals Docket No. __21-12894-HH__

__DJ Lincoln Enterprises, Inc.__ vs. __Google LLC__

A Bill of Costs should only be filed when the Clerk's Office has advised a party that the party is entitled to costs. FRAP 39 and 11th Cir. R. 39-1 govern costs taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

### INSTRUCTIONS

The appellate docketing fee is set in the fee schedule issued pursuant to 28 U.S.C. § 1913. However, the $5 fee for filing a notice of appeal is recoverable as a cost in the district court. In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ($.15 per copy for "In-House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

|  | Repro. Method (Mark One) In-House | Repro. Method (Mark One) Comm* | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| Appellate Docketing Fee | — | — | — | — | — |  |  |
| Appellant's Brief |  |  |  |  |  |  |  |
| Appendix |  |  |  |  |  |  |  |
| Appellee's Brief |  | X | 64 | 6 | 384 | $116.49 | $116.49 |
| Reply Brief |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
| *Note: If reproduction was done commercially, receipt(s) must be attached. |  |  |  | TOTAL | | $116.49 REQUESTED | $ $116.49 ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Signature: __Nathan M. Berman__ (Digitally signed by Nathan M Berman, DN: CN = Nathan M Berman, email = nberman@zuckerman.com, C = AD, Date: 2022.01.28 10:35:22 -05'00')  
Date Signed: __January 28, 2022__

Attorney Name: __Nathan M. Berman__ (Type or print your name)  
Attorney for: __Google LLC__ (Type or print name of client)

E-mail: __nberman@zuckerman.com__  
Phone: __813-221-1010__

Street Address/City/State/Zip: __Zuckerman Spaeder, 101 E. Kennedy Blvd., Suite 1200, Tampa, FL 33602__

---

### FOR COURT USE ONLY

Costs are hereby taxed in the amount of $ __$116.49__ against __Appellant__

and are payable directly to __Appellee__

David J. Smith, Clerk of Court

Issued on: _____  By: __/S/ Tresa A. Porter__  DATE: __2/4/2022__  
Deputy Clerk

BOC Rev.: 6/17

ISSUED AS MANDATE 02/22/2022

# Invoice

Invoice No. #TNOV21
Invoice Date 11/24/2

## AVALON

| Syracuse | Rochester | Buffalo | Cleveland | Tampa | Omaha | Grand Rapids | Detroit | Phoenix |
|---|---|---|---|---|---|---|---|---|
| 315-471-3333 | 585-242-9999 | 716-995-7777 | 216-592-9999 | 813-221-3266 | 402-885-8800 | 616-251-1212 | 248-955-9200 | 602-975-4001 |

Docs   Cyber   Legal   Plans

**Bill To**
Zuckerman Spaeder LLP
101 East Kennedy Blvd.
Suite 1200
Tampa FL 33602
United States

**Ship To**
Zuckerman Spaeder LLP
101 East Kennedy Blvd.
Suite 1200
Tampa FL 33602
United States

| Terms | Due Date | Client Ref. # | Rep | Contact |
|---|---|---|---|---|
| Net 30 Days | 12/24/2021 | DJ Lincoln v. Google | Amber Gantero | Bobbi Camp |

| Item Description | Qty | Amo |
|---|---|---|
| B&W Images Printed from File 8.5"x11" | 660 | $108.90 |
| Spiral Binding | 10 | $75.00 |
| Tax ID # 14-1821550 | | |
| All Major Credit Cards Accepted | Tax (7.5%) | $13 |
| | Total | $197 |

Signature

:X _____

By signing this invoice you agree with the balance due for services rendered and the terms of payment. 1.5% interest will be a monthly for invoices not paid by the terms above (18% APR).

Please Pay From This Invoice!

Avalon Document Services | 1360 East 9th Street, Suite 150 | Cleveland, Ohio 44114

ar@teamavalon.com

ISSUED AS MANDATE 02/22/2022