FILED BY *HH* D.C.

Mar 29, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  21-12894-JJ

_____

DJ LINCOLN ENTERPRISES, INC.,                    20-14159-CV RLR

Plaintiff-Appellant,

versus

GOOGLE LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

Before: WILSON, ROSENBAUM, and GRANT, Circuit Judges.

BY THE COURT:

Appellee's motion for attorney's fees is TRANSFERRED to the district court for its

consideration of whether Appellee is entitled to appellate attorney's fees and the amount of

appellate attorney's fees to which Appellee is entitled, if any.   *See* 11th Cir. R. 39-2(d).

## No. 21-12894-HH

### UNITED STATES COURT OF APPEALS
### FOR THE ELEVENTH CIRCUIT

DJ LINCOLN ENTERPRISES, INC.,

*Plaintiff-Appellant*,

*v.*

GOOGLE, LLC,

*Defendant-Appellee*.

On Appeal from the United States District Court
for the Southern District of Florida, No. 2:20-cv-14159-RLR
Hon. Robin Lee Rosenberg

**DEFENDANT-APPELLEE GOOGLE LLC'S APPLICATION FOR ATTORNEYS' FEES OR, IN THE ALTERNATIVE, MOTION TO TRANSFER CONSIDERATION OF ATTORNEY'S FEES TO THE DISTRICT COURT, AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Nathan M. Berman
Florida Bar No. 0329230
ZUCKERMAN SPAEDER LLP
101 E. Kennedy Blvd., Suite 1200
Tampa, Florida 33602
Telephone:  (813) 221-1010
Facsimile:  (813) 223-7961
Email:  nberman@zuckerman.com

Brian M. Willen
G. Edward Powell III
Jordan A. Nelson
WILSON SONSINI
  GOODRICH & ROSATI,
Professional Corporation
1301 Avenue of the Americas, 40th Fl.
New York, NY  10019
Telephone:  (212) 999-5800
Facsimile:   (212) 999-5899
Email:  bwillen@wsgr.com
         epowell@wsgr.com
         jordan.nelson@wsgr.com
*Attorneys for Appellee Google LLC*

## CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1(a)(3), Defendant-Appellee Google LLC submits the following list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this appeal:

1. Alphabet Inc., a publicly held company (NASDAQ: GOOG, GOOGL), has more than 10% ownership of XXVI Holdings, Inc. No publicly held company owns 10% or more of Alphabet Inc.'s stock.

2. Ausley McMullen, P.A., Counsel for Plaintiff

3. Berman, Nathan, Esq., Counsel for Defendant

4. Biss, Steven S., Esq., Counsel for Plaintiff

5. DJ Lincoln Enterprises, Inc., Plaintiff

6. Google LLC, Defendant-Appellee. Google LLC is a subsidiary of XXVI Holdings Inc.

7. John C. Smith, PA, Counsel for Plaintiff

8. Kibbey Wagner, PLLC, Counsel for Plaintiff

9. Law Office of Steven S. Biss, Counsel for Plaintiff

10. Lincoln, Darren R., President and C.E.O of Plaintiff

11. Lincoln, Jennifer E., Vice President of Plaintiff

12. Maynard, Shaniek M., U.S. Magistrate Judge

1

13.     Nelson, Jordan A., Esq., Counsel for Defendant

14.     Powell III, G. Edward, Esq., Counsel for Defendant

15.     Rosenberg, Robin L., U.S. District Judge

16.     Sipple, Martin B., Esq., Counsel for Plaintiff

17.     Wagner, Jordan Reid, Esq., Counsel for Plaintiff

18.     White, Lauren Gallo, Esq., Counsel for Defendant

19.     Willen, Brian M., Esq., Counsel for Defendant

20.     Wilson Sonsini Goodrich & Rosati, P.C., Counsel for Defendant

21.     XXVI Holdings Inc., a subsidiary of Alphabet Inc., has more than 10%

        ownership of Google LLC.

22.     Zuckerman Spaeder LLP, Counsel for Defendant


Dated: February 28, 2022                    By: */s/ Brian M. Willen*_____
                                                 Brian M. Willen

## DEFENDANT-APPELLEE GOOGLE LLC'S APPLICATION FOR ATTORNEYS' FEES OR, IN THE ALTERNATIVE, MOTION TO TRANSFER CONSIDERATION OF ATTORNEY'S FEES TO THE DISTRICT COURT, AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant-Appellee Google LLC ("Google"), pursuant to 11th Cir. R. 39-2, respectfully requests that the Court award Google's attorney's fees on appeal pursuant to Fla. Stat. § 772.104(3) and § 501.2105(1). Alternatively, pursuant to Eleventh Circuit Rule 39-2(d), Google respectfully moves the Court for an Order transferring consideration of attorney's fees on appeal to the U.S. District Court for the Southern District of Florida.

## INTRODUCTION

Plaintiff-Appellant DJ Lincoln Enterprises, Inc. ("Lincoln" or "Appellant") brought baseless claims against Google, alleging that Google had lowered Lincoln's ranking in Google search results because of the political affiliation of its owners and misled Lincoln about the cause of its ranking change. The district court recognized the repeated pleading deficiencies in Lincoln's Complaint and granted two separate motions to dismiss that Google filed, initially with leave to amend and, after Appellant made only token changes to its complaint, ultimately with prejudice. Lincoln appealed. After full briefing, this Court affirmed the district court's decision, without argument, in an unpublished opinion. Slip op. at 2 (Jan. 24, 2022).

3

As the prevailing party, Google is entitled to recover its reasonable attorneys' fees on appeal pursuant to the attorney's fee provisions contained in Florida's civil RICO statute, Fla. Stat. § 772.104(3), and Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.2105. This application for attorney's fees is timely filed pursuant to 11th Cir. R. 39-2(a). While this Court could resolve this motion itself, principles of judicial economy may favor transferring consideration of the issue to the district court, where Google is already in the process of seeking its fees for the proceedings that occurred prior to Lincoln's appeal.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Lincoln owned and operated a website, SeniorCare.care, "from 2014 to 2019 that aimed to connect caregivers and assisted living professionals with seniors and families." JA-152. Lincoln is owned by conservative Republicans, Darren and Jennifer Lincoln (who are not parties to the case). JA-14, JA-23. According to Lincoln's initial Complaint, starting in November 2016, its website's ranking in Google search dropped, and the site did not appear at all in search results in response to various generic queries. JA-192-93. Lincoln believed that Google was "manipulating Search results because of Darren and Jennifer's conservative political ideology." JA-193-95. Beyond being false and unsupported, this story made little sense on its face. Lincoln's website focused on senior living facilities; there was no

4

suggestion that it contained any political or conservative content at all. And Lincoln never alleged that Google knew that the website was owned by, or had any connection to, conservatives.

In May 2020, Appellant initiated this lawsuit against Google in the district court asserting four causes of action for alleged violations of the federal RICO statute, 18 U.S.C. § 1962(c), and its Florida equivalent, Fla. Stat. § 772.104(1); a claim under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 et seq.; and a claim under Florida law for tortious interference. JA-44-47. Appellant's initial Complaint sought $90 million in damages and an order dissolving Google. JA-13, 48. These claims rested on the theory that Google had "discriminated against Lincoln because Lincoln is owned and operated by conservative Republicans" (JA-22) and that Google did not disclose its purported political biases to Lincoln (JA-22-23, 30-31, 32).

Google moved to dismiss the initial Complaint on the grounds that all of Appellant's claims failed to state a cause of action. JA-57. Google's motion explained the clear deficiencies in Appellant's federal and Florida RICO claims and its claim under FDUTPA. JA-61-72. Rather than contest Google's motion to dismiss, Appellant filed its First Amended Complaint ("FAC") that was substantially similar to its initial Complaint. JA-79. The FAC asserted claims under the federal RICO statute, 18 U.S.C. §§ 1962(c), 1964(a), (c), and its Florida equivalent, Fla. Stat. §

5

772.104(1); a claim under FDUTPA, and claims under Florida law for tortious interference and fraudulent inducement. JA-112-19. Google renewed its motion to dismiss, which the district court granted in a detailed order. JA-123; JA-152.

First, the district court held that Lincoln's RICO claim failed on multiple independent grounds, including failure to plausibly allege the existence of an "enterprise" and failure to plead a "pattern of racketeering," among other issues. JA-158-59, 160-62. The district court held that Lincoln's FDUTPA allegations were conclusory and that, insofar as the FDUTPA claim was based on fraud the FAC failed to meet the heightened Rule 9(b) pleading standard. JA-162-63. Last, the district court found Lincoln failed to state a claim for tortious interference or common law fraud. JA-163-65. While the district court granted leave to amend, it warned Lincoln about the manifest inadequacies of its pleadings, noting that the FAC resembled shotgun pleading. JA-167.

Lincoln filed its Second Amended Complaint ("SAC") (Dkt. No. 46), but the SAC did virtually nothing to respond to the district court's ruling. JA-169. The SAC offered only superficial changes, adding to only four of a total of 103 paragraphs. JA-178 (¶ 13), 197 (¶ 55), 203-05 (¶ 67), 209 (¶ 92); see also JA-247. Lincoln dropped its tortious interference claim, swapping in a new claim for "constructive fraud." JA-169. Aside from that, the SAC asserted the same claims as before—based on nearly identical factual allegations. Google again moved to dismiss, emphasizing

Lincoln's refusal to address the court's ruling and its almost complete unwillingness (or inability) to offer concrete factual allegations that supported its claims. JA-215. The district court once again agreed, granting Google's motion. JA-293.

The district court's second dismissal order detailed the many deficiencies in Appellant's claims that were carried over into the SAC. Appellant again failed to plausibly allege the elements required to state a RICO claim, failed to plead its fraud-based claims with the requisite specificity under Rule 9(b), and failed to show Google had a duty to disclose to support the remaining state claims. JA-296-97, 299-300. Given Lincoln's failure to address the serial pleading deficiencies the court had previously identified, coupled with the foundational infirmity of Lincoln's core RICO and fraud theories, the district court dismissed the SAC with prejudice. JA-301.

Despite the sound reasoning in the district court's dismissal of its deficient SAC, Appellant appealed the order to this Court on August 23, 2021. After full briefing by the parties, this Court affirmed the district court's order on January 24, 2022, in a brief opinion issued without need for any oral argument. The Court held that Appellant's SAC failed to state any plausible claim. As the Court explained, Appellant failed to allege key elements of its Florida RICO claim, including the existence of distinct entities and a common purpose. Slip op. at 6. The Court also agreed with the district court's finding that Lincoln's remaining fraud claims (under

FDUTPA and Florida common law) failed for multiple reasons. *Id.* at 8. Appellant's fraud allegations fell short of the particularity requirements under Rule 9(b). *Id.* Further, Appellant's omission-based fraud claims failed because Appellant could not show that Google had a duty to disclose. *Id.* at 9. Finding no errors in the district court's order, this Court affirmed the dismissal of Appellant's SAC with prejudice. *Id.*

In tandem with defending against this appeal, Google sought fees in the district court. On September 15, 2021, Google filed a motion seeking fees based on Florida's RICO statute and FDUTPA. ECF No. 55. That motion was fully briefed in the district court. ECF Nos. 58, 63. On October 25, 2021, the district court issued an order temporarily terminating Google's fees motion pending the resolution of this appeal: "Although the Court may award attorney fees at this time, the Court uses its discretion to stay this matter pending the outcome of the appeal." Paperless Order, Oct. 25, 2021. The court allowed either party to move for the fee's motion to be reinstated after the appeal has concluded. *Id*. Google moved to reinstate its motion in the district court on February 24, 2020 (ECF No. 65), and it now files this motion seeking its appellate fees.

8

## ARGUMENT

## I.   GOOGLE IS ENTITLED TO ATTORNEYS' FEES

Google prevailed in this litigation by obtaining dismissal with prejudice of all of Lincoln's claims, which this Court affirmed in full. Lincoln had brought claims under Florida's civil RICO statute, Fla. Stat. § 772.104(3), and FDUTPA, Fla. Stat. § 501.2105, both of which provide for the recovery of attorneys' fees by a prevailing defendant under certain circumstances. Those circumstances occurred here. Accordingly, Google is entitled to its reasonable attorneys' fees in connection with Appellant's appeal in the amount of $38,762.00, as substantiated below. Alternatively, in the interest of judicial economy and pursuant to Eleventh Circuit Rule 39-2(d), Google respectfully asks the Court to transfer consideration of this motion for attorney's fees on appeal to the U.S. District Court for the Southern District of Florida. *See, e.g.*, *Warren Tech., Inc. v. UL LLC*, 2020 U.S. Dist. LEXIS 238218, at *4 (S.D. Fla. Dec. 17, 2020) (deciding appellate fees following Eleventh Circuit's referral to district court application for fees pursuant to Rule 39-2(d)).

### A.   Google is Entitled to Attorneys' Fees Because Appellant's Florida RICO Claim Was Without Substantial Fact or Legal Support

Florida's civil RICO statute provides that a prevailing "defendant shall be entitled to recover reasonable attorney's fees and court costs in the trial *and appellate courts* upon a finding that the claimant raised a claim which was without substantial

fact or legal support."[1] Fla. Stat. § 772.104(3) (emphasis added). "[I]n awarding fees to a defendant under chapter 772.104, 'it is not necessary that the court find a complete absence of a justiciable issue of either law [or] fact. The trial court must only find that the claim lacked substantial fact or legal support.'" *Johnson Enters. of Jacksonville, Inc. v. FPL Grp.*, 162 F.3d 1290, 1330 (11th Cir. 1998) (quoting *Hartford Ins. Co. of the Midwest v. Miller*, 681 So. 2d 301, 302 (Fla. 3d DCA 1996)).

"Clearly a claim that is missing an essential element is, 'by definition[,] without *any* factual evidentiary support, let alone substantial fact.'" *Molinos Valle del Cibao, C. por A. v. Lama*, No. 07-23066-CIV-UNGARO/SIMONTON, 2008 U.S. Dist. LEXIS 127891, at *5 (S.D. Fla. Oct. 17, 2008), report and recommendation adopted, No. 07-23066-CIV, 2008 U.S. Dist. LEXIS 127890 (S.D. Fla. Oct. 31, 2008) (quoting *Friedman v. Lauderdale Med. Equip. Serv., Inc.*, 591 So. 2d 328, 329 (Fla. 4th DCA 1992)). Accordingly, Florida courts have consistently held that "defendants are entitled to fees under section 772.104 where civil RICO counts were dismissed with prejudice." *Miller*, 681 So. 2d at 302.

This Court affirmed the district court's dismissal of Appellant's Florida RICO claim because Appellant failed to allege key elements of such a claim. First, Lincoln

---

[1] Section 772.104(3) states that "[i]n awarding attorney's fees and costs under this section, the court shall not consider the ability of the opposing party to pay such fees and costs." Likewise, Section 772.104(3) expressly preserves the prevailing party's right to recover attorney's fees or costs pursuant to other provisions of law.

failed "to explain how Alphabet, Inc. (the parent company of Google), YouTube (which is owned by Google), or any of the individuals associated with those organizations, operated outside their official capacity." Slip op. at 6. Without more, Lincoln's RICO claim necessarily failed, as it could not "allege that these entities and individuals are distinct from Google for RICO purposes." *See id.* The Court also agreed with the district court's finding that Lincoln did not plausibly allege a common purpose: "the SAC does not offer any facts to plausibly support the inference that these companies were somehow participants in a scheme to defraud Lincoln." *Id.* at 7.

Appellant had three opportunities to plead its Florida RICO claim below and a fourth opportunity to support its claim in this Court on appeal, but was never remotely able to do so. By affirming the district court's dismissal of Appellant's Florida RICO claim with prejudice (in an unpublished opinion without argument, no less), this Court confirmed that the claim lacked substantial factual or legal support. *See Bahrakis v. Zimmerman*, No. 8:19-cv-02948-T-24 SPF, 2020 U.S. Dist. LEXIS 146814, at *5-6 (M.D. Fla. Aug. 14, 2020) ("by dismissing the Florida RICO claims . . . with prejudice, the Court implicitly found that such claims were made without any substantial basis in law or fact."). Further, Appellant was put on notice of the missing essential elements to this claim by Google's three motions to dismiss (JA-50, 123, 215) and the district court's orders dismissing the complaints (JA-152, 293).

Despite this repeated guidance, Appellant decided to appeal the dismissal of its Florida RICO claim, causing Google to incur additional costs defending against that manifestly deficient claim.

### B.    Google Is Entitled To Attorneys' Fees Because It Is a Prevailing Party Under FDUTPA

Google is also entitled to a fee award under FDUPTA, which provides that "[i]n any civil litigation resulting from an act or practice involving a violation of this part . . . the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party." Fla. Stat. § 501.2105(1). This provision does not distinguish between prevailing plaintiffs and prevailing defendants. *See, e.g., Humane Soc'y of Broward Cty., Inc. v. Fla. Humane Soc'y*, 951 So. 2d 966, 971 (Fla. 4th DCA 2007) ("The plain language of the statute does not suggest that the Legislature intended to treat prevailing defendants differently than prevailing plaintiffs"). And the statute "contemplates recovery of attorney's fees for hours devoted to the entire litigation," not just devoted to the FDUTPA claim, "unless the attorney's services clearly were not related in any way to establishing or defending an alleged violation of" FDUTPA. *Mandel v. Decorator's Mart, Inc. of Deerfield Beach*, 965 So. 2d 311, 314 (Fla. 4th DCA 2007); *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 370 (Fla. 2013).

Fee awards to prevailing parties under FDUTPA are discretionary and are governed by the following non-exhaustive list of factors: (1) the scope and history of the litigation; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) the merits of the respective positions—including the degree of the opposing party's culpability or bad faith; (5) whether the claim brought was not in subjective bad faith but was frivolous, unreasonable, or groundless; (6) whether the defense raised a defense mainly to frustrate or stall; and (7) whether the claim brought was to resolve a significant legal question under FDUTPA law. *Chow v. Chak Yam Chau*, 640 F. App'x 834, 838-39 (11th Cir. 2015) (citing *Humane Soc'y of Broward Cty.*, 951 So. 2d at 971–72). As applied here, all of these factors either favor Google or are neutral, as is recounted in Google's fee motion in the district court (ECF No. 55), and Lincoln's conduct with respect to the appeal does not change the analysis.

### 1. Scope and History of the Litigation

This case was litigated for over a year in the district court. Lincoln amended its Complaint twice in an attempt to state a FDUTPA claim, leading Google to file a total of three motions to dismiss and three reply memoranda. Appellant's claims remained essentially the same across the various revisions of its Complaint, making extra work for the district court, while Google worked to keep costs down by filing

motions to stay discovery (which Appellant opposed). After its Second Amended Complaint was dismissed with prejudice, Appellant appealed, leading Google to file a brief supporting and explaining the basis for the district court's decision, and this Court affirmed. Appellant consistently drove expenditures of fees and costs, while Google availed itself of the least costly tools available to dispose of the suit. This factor thus favors Google.

> 2.    Appellant Has The Ability To Satisfy an Award of Fees

Appellant's allegations suggest that it can satisfy a fee award. *See, e.g.*, JA-172, JA-182 (SAC ¶¶ 5, 21). No representations in Appellant's brief on appeal call this implication into doubt. Accordingly, this factor favors Google.

> 3.    An Award of Fees Against the Appellant Would Deter Others From Acting in Similar Circumstances

This factor weighs in Google's favor because an award of attorneys' fees in response to Appellant's actions would deter others from bringing similar meritless claims. *See, e.g.*, *Marjam Supply Co. v. Pliteq, Inc.*, No. 1:15-cv-24363-WILLIAMS/BECERRA, 2021 U.S. Dist. LEXIS 44435, at *35 (S.D. Fla. Mar. 5, 2021) (finding that by awarding fees others would be deterred from bringing similarly unsupported FDUTPA claims).

4.    <u>Appellant's Position Lacked Any Merit</u>

This Court's summary order affirming the district court's orders dismissing Appellant's FDUTPA and other claims illustrate the utter lack of merit in Appellant's positions. This factor weighs heavily in favor of a fee award.

5.    <u>Appellant's FDUTPA Claim Was Frivolous, Unreasonable, and/or Groundless</u>

The district court noted Appellant's repeated failures to plead a FDUTPA claim, on multiple independent grounds. Appellant repeatedly and flagrantly failed to comply with Rule 9(b) despite its claim that the fraudulent communications at issue were allegedly between Google and Appellant itself; Appellant also failed to allege facts showing that Google had a duty to disclose. This Court noted both of these deficiencies in affirming the district court order.  Slip op. at 8-9.  This factor likewise weighs in favor of a fee award.

6.    <u>Google Brought No Defenses To Frustrate or Stall</u>

Google moved to dismiss each of Appellant's claims promptly after the original Complaint, and each successive complaint, was filed. Google's assertion of Rule 12(b)(6) as a defense was thus intended to, and successfully did, resolve the suit with relative speed and lack of expense. This factor does not weigh against a fee award.

7.   Appellant Did Not Bring Its Claim To Resolve A Significant Legal Question under FDUTPA

Appellant brought its FDUTPA claim (baselessly) seeking millions of dollars in damages, not to obtain some test-case ruling or to resolve a significant untested legal question. Appellant framed its claim around a simple assertion of fraud, which was what this Court (like the district court) readily rejected based on established law, without the need to conduct oral argument or to issue a published decision. This factor also favors a fee award to Google.

## II.   GOOGLE'S REQUEST FOR FEES IS REASONABLE AND WELL SUPPORTED

Google seeks its attorneys' fees incurred as a result of its efforts on appeal to defeat Appellant's Florida RICO and FDUTPA claims. Google retained the law firm of Wilson Sonsini Goodrich & Rosati, P.C. ("WSGR") to represent it in this matter. WSGR is a premier legal advisor to technology, Internet, and other growth enterprises worldwide. WSGR has represented Google for over 20 years and is familiar with its business operations. Google also retained Zuckerman Spaeder LLP as its Florida counsel.

### A.   Scope of Attorneys' Fees under Florida RICO and FDUTPA

As explained above, Google is statutorily entitled to attorneys' fees incurred in defending the Florida RICO and FDUTPA claims on appeal. Fla. Stat. § 772.104(3); Fla. Stat. § 501.2105(1). Google is also entitled to recover fees incurred

defending the Appellant's fraud claims because they are based on the same "common core" of facts as the alleged FDUTPA violation. *See Alhassid v. Bank of Am., N.A.*, 688 F. App'x 753, 757 (11th Cir. 2017) ("[t]he fees recoverable are those devoted to the entire action, not merely the FDUTPA claim, 'unless the attorney's services clearly were not related in any way to establishing or defending an alleged violation of chapter 501.'"); *Mandel*, 965 So.2d at 314-15 (upholding award of fees for time spent on fraud and contract claims where "the fraud and contract claims arose from the same "common core" of facts as the Chapter 501 claim."); *McNider Marine, LLC v. Cain & Daniels, Inc.*, No. 8:17-cv-2561-T-24 JSS, 2019 U.S. Dist. LEXIS 73564, at *8 (M.D. Fla. Apr. 29, 2019) ("[w]hile only the FDUTPA claim entitles Plaintiffs to an award of attorneys' fees, Plaintiffs can also recover their attorneys' fees for time spent on claims based on the same transaction as alternative theories of recovery.") (citing *Mandel*, 965 So. 2d at 314); *Chow*, 640 F. App'x at 838-39 (fees recoverable under FDUTPA include "those devoted to the entire action, not merely the FDUTPA claim 'unless the attorney's services clearly were not related in any way to establishing or defending an alleged violation of chapter 501.'") (citation omitted).

**B.      Googles' Request for \$38,762.00 in Appellate Fees is Reasonable**

In this Circuit, an award of attorneys' fees is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a

reasonable hourly rate." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Blum v. Stenson,* 465 U.S. 886, 888 (1984)). "Once the lodestar has been calculated, there is a strong presumption that the figure is a reasonable sum." *Alhassid*, 688 F. App'x at 758. "[C]ourts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838, (2011) (internal citation omitted).

### 1.    Google Is Entitled To Recover A Reasonable Hourly Rate

The "reasonable hourly rate" is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436. The "agreed-upon billing rate is a strong indication of a reasonable rate." *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.,* 253 F.3d 1332, 1337 (11th Cir. 2001) (per curiam). Here, the agreed-upon billing rates ranged from $467.50 to $1,030.00. These rates are reasonable given the qualifications and experience of the attorneys working on the case.

Brian Willen, whose effective, discounted rate for this matter was $1,030.00 per hour, is a partner in WSGR's internet litigation and strategy group. He advises

some of the world's most innovative online companies—including Google, Dropbox, Flipboard, Pinterest, Spotify, Twitter, and YouTube—on a range of complex and sensitive matters. Mr. Willen's expertise includes copyright and trademark law (especially the DMCA safe harbors, fair use, and music copyright issues), Section 230 of the CDA, online privacy, government requests for user data, and the First Amendment. He has an extensive and cutting-edge practice representing online platforms against attacks on their content-moderation practices. He graduated from Yale Law School in 2001. Mr. Willen clerked for Judge Harry T. Edwards of the U.S. Court of Appeals for the D.C. Circuit and for Judge Ellen S. Huvelle of the U.S. District Court for the District of Columbia. Prior to joining the firm, Brian worked in the Justice Department's Office of Legal Counsel, where he advised the Executive Branch on complex issues of constitutional law and national security.

Nathan Berman, whose effective, discounted rate for this matter was $467.50 per hour, is a partner with Zuckerman Spaeder's Florida office. Mr. Berman maintains a broad litigation practice, representing clients in Florida and throughout the country. He graduated from Georgetown University Law Center in 2000. Prior to joining the firm, Mr. Berman served as a clerk for the Honorable James S. Moody Jr. of the U.S. District Court for the Middle District of Florida.

G. Edward Powell III, whose effective, discounted rate for this matter was

$685.00 per hour, is an associate in WSGR's patent litigation group. Mr. Powell specializes in intellectual property and appellate litigation. He represents hardware, software, and life sciences clients in patent litigation nationwide. Mr. Powell has contributed to successful outcomes in cases before the U.S. Supreme Court and the Federal Circuit. He graduated from Duke University School of Law in 2018. Prior to joining the firm, Mr. Powell clerked for the Honorable Gerald B. Tjoflat on the 11th Circuit Court of Appeals.

Jordan Nelson, whose effective, discounted rate for this matter was $590.00 per hour, is an associate in WSGR's internet litigation and strategy group. Ms. Nelson has experience litigating cases in federal courts and California state courts. She has contributed to successful outcomes in a variety of complex matters. Ms. Nelson graduated from the George Washington University Law School in 2019.

These rates are consistent with the legal market in the Southern District of Florida and in the 11th Circuit. *See Domond v. PeopleNetwork APS*, 750 F. App'x 844, 848 (11th Cir. 2018) (upholding hourly rates of $645 to $675 for Miami trademark infringement case); *Marjam Supply Co. of Fla.,* 2021 U.S. Dist. LEXIS 44435, at *58-62 (S.D. Fla. Mar. 5, 2021) (finding rate of $650 an hour to be reasonable for South Florida legal market); *Roche Diagnostics Corp. v. Surplus Diabetic, Inc.*, No. 19-cv-61469-Ruiz/Strauss, 2020 U.S. Dist. LEXIS 120816, at *19-21 (S.D. Fla. July 6, 2020) (finding $625 and $700 to be reasonable hourly rates

in the South Florida market); *Kleinman v. Wright, No. 18-80176-CV-Bloom/Reinhart*, 2020 U.S. Dist. LEXIS 78102, at *5-6 (finding hourly rates of $600 to $700 in Palm Beach County to be reasonable).

2.    <u>Number of Hours Spent on the Matter</u>

Google seeks fees for the hours detailed in the attached declarations of WSGR partner Brian Willen and Zuckerman Spaeder partner Nathan Berman. These declarations identify the experience and qualifications for each timekeeper for whom fees are sought and each timekeeper's hourly rate. Willen Decl. at ¶¶ 7-11; Berman Decl. at ¶¶ 2, 4. Attached to the declarations are summaries of the numbers of hours reasonably expended by each timekeeper and a description of tasks performed during those hours. Willen Decl. at ¶ 12, Ex. A; Berman Decl. at ¶ 5, Ex. A.

Appellant appealed the district court's dismissal of the Second Amended Complaint on August 23, 2021. This Court affirmed the district court's order on January 24, 2022. During this five-month period, Google prepared the necessary disclosures for the appeals court, filed a 49-page answering brief, and participated in the Court's mandatory mediation program. Specifically, Google's counsel performed the phases of litigation as described below:

| Interviews and conferences, including mandatory appellate mediation | |
|---|---|
| **Timekeeper** | **Hours** |
| Brian M. Willen | 0.7 |
| Nathan M. Berman | 7.5 |
| G. Edward Powell III | 0.3 |
| Jordan Nelson | 1.0 |
| **Obtaining and reviewing records, including related preliminary work** | |
| Brian M. Willen | 3.8 |
| Nathan M. Berman | 4.0 |
| Jordan Nelson | 2.1 |
| **Legal research** | |
| Jordan Nelson | 8.0 |
| **Brief writing** | |
| Brian M. Willen | 20.8 |
| Nathan M. Berman | 8.9 |

| | |
|---|---|
| G. Edward Powell III | 16.7 |
| Jordan Nelson | 41.1 |

3.      <u>Google's Request for 50% of the Lodestar as a Reasonable Fee</u>

Google is entitled to fees incurred in defending on appeal Appellant's Florida

RICO, FDUTPA and fraud claims. In other words, Google is entitled to fees for

everything but Appellant's federal RICO claim, to the extent Appellant can prove

that a portion of the time spent defending the federal RICO claim was "clearly [] not

related in any way" to the defense of the FDUTPA claim.  *Supra* at 12.

Where a party is entitled to fees only on some of the claims involved in a case,

the prevailing party may calculate its fee entitled as a percentage of the overall fees

incurred in defending the case. *See Anania v. United States*, No. 16-CV-3542 (SJF)

(ARL), 2021 U.S. Dist. LEXIS 4098, at *14-15 (E.D.N.Y. Jan. 8, 2021) (where some

claims in case allowed recovery of fees and some did not, court awarded about 6%

of total fees spent litigating overall case, based on the percentage of pages of briefing

devoted to claim on which fees were warranted); *SoCal Recovery, LLC v. City of

Costa Mesa*, No. 8:18-cv-01304-JVS-PJW, 2020 U.S. Dist. LEXIS 245945, at *8-9

(C.D. Cal Oct. 9, 2020) (court awarded 10% of total fees when defendant did not

provide separate billing by claim but determined 10% of defense effort was directed

to frivolous claim); *Bahrakis,* 2020 U.S. Dist. LEXIS 146814, at *9-11 (reducing

lodestar amount by 15% to account for time spent on unrelated claims); *Williams v. R.W. Cannon, Inc*, 657 F. Supp. 2d 1302, 1313-14 (S.D. Fla. 2009) (reducing lodestar by 10% to account for issues including fees incurred in connection with unrelated claims).

Google is entitled to fees for its defense of the entire action, and the governing law for four of the five claims that Appellant appealed expressly authorizes fee-shifting. However, Google is only seeking 50% of the fees it incurred defending this matter. Google incurred $77,524.00 in defending this appeal, yet it only seeks $38,762.00. This request is very conservative in light of the fact there is only one cause of action not expressly governed by a fee-shifting provision on appeal. In short, Google's request for an award of 50% of its total fees as compensation for the time and effort it was forced to incur on appeal by again defending against Appellant's Florida RICO, FDUTPA and fraud claims is reasonable, modest and appropriate.

## **CONCLUSION**

Google respectfully requests that the Court enter judgment in the amount of $38,762.00 for attorney's fees on appeal pursuant to Fla. Stat. § 772.104(3) and § 501.2105(1). Alternatively, in the interest of judicial economy, Google respectfully requests that the Court transfer consideration of this motion to the district court,

which now has before it a similar fees motion based on the proceedings conducted

before that court.

Respectfully Submitted,

Dated: February 28, 2022                By: */s/ Brian M. Willen*

Brian M. Willen
G. Edward Powell III
Jordan A. Nelson
WILSON SONSINI
 GOODRICH & ROSATI,
Professional Corporation
1301 Avenue of the Americas,
 40th Fl.
New York, NY  10019
Telephone:  (212) 999-5800
Facsimile:  (212) 999-5899
Email:  bwillen@wsgr.com
epowell@wsgr.com
jordan.nelson@wsgr.com

Nathan M. Berman
Florida Bar No. 0329230
ZUCKERMAN SPAEDER LLP
101 E. Kennedy Blvd., Suite 1200
Tampa, Florida 33602
Telephone:  (813) 221-1010
Facsimile:  (813) 223-7961
Email:
 nberman@zuckerman.com

*Attorneys for Appellee Google LLC*

## CERTIFICATE OF COMPLIANCE

This brief complies with the length limits permitted by Eleventh Circuit Rule 27-1 and Fed. R. App. 27(d).  The brief is 4,894 words, excluding the portions exempted by Fed. R. App. P. 32(f).  The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

Dated: February 28, 2022                    By: */s/ Brian M. Willen*
                                                  Brian M. Willen

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system on February 28, 2022.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: February 28, 2022          By: */s/ Brian M. Willen*
                                       Brian M. Willen

# Appendix 1

No. 21-12894-HH

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

DJ LINCOLN ENTERPRISES, INC.,

*Plaintiff-Appellant*,

*v.*

GOOGLE, LLC,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Southern District of Florida, No. 2:20-cv-14159-RLR
Hon. Robin Lee Rosenberg

**DECLARATION OF BRIAN M. WILLEN IN SUPPORT OF DEFENDANT-
APPELLEE GOOGLE LLC'S APPLICATION FOR ATTORNEYS' FEES
OR, IN THE ALTERNATIVE, MOTION TO TRANSFER
CONSIDERATION OF ATTORNEY'S FEES TO THE DISTRICT COURT**

Nathan M. Berman
Florida Bar No. 0329230
ZUCKERMAN SPAEDER LLP
101 E. Kennedy Blvd., Suite 1200
Tampa, Florida 33602
Telephone:  (813) 221-1010
Facsimile:  (813) 223-7961
Email:  nberman@zuckerman.com

Brian M. Willen
G. Edward Powell III
Jordan A. Nelson
WILSON SONSINI
  GOODRICH & ROSATI,
Professional Corporation
1301 Avenue of the Americas, 40th Fl.
New York, NY  10019
Telephone:  (212) 999-5800
Facsimile:   (212) 999-5899
Email:  bwillen@wsgr.com
        epowell@wsgr.com
        jordan.nelson@wsgr.com
*Attorneys for Appellee Google LLC*

I, Brian M. Willen, declare as follows:

1.      I am a member of the law firm Wilson Sonsini Goodrich & Rosati,

P.C. ("WSGR"), counsel for Defendant-Appellee Google LLC ("Google"), and

duly admitted *pro hac vice* before this Court. I submit this declaration in support of

Google's Application for Appellate Attorneys' Fees following the Court's

affirmance of the district court's dismissal with prejudice of all of Appellant DJ

Lincoln Enterprises, Inc.'s claims in this matter.  The following facts are true of

my personal knowledge, and if called and sworn as a witness, I could competently

testify to them.

2.      I have practiced law for twenty years, focusing primarily on

intellectual property and internet-related litigation.  I advise some of the world's

most innovative online companies—including Google, Dropbox, Flipboard,

Pinterest, Spotify, Twitter, and YouTube—on a range of complex and sensitive

matters.  My expertise includes copyright and trademark law (especially the

DMCA safe harbors, fair use, and music copyright issues), Section 230 of the

CDA, online privacy, government requests for user data, and the First

Amendment.  I graduated from Yale Law School in 2001.  I clerked for Judge

Harry T. Edwards of the U.S. Court of Appeals for the D.C. Circuit and for Judge

Ellen S. Huvelle of the U.S. District Court for the District of Columbia.  Prior to

joining the firm, I worked in the Justice Department's Office of Legal Counsel,

where I advised the Executive Branch on complex issues of constitutional law and national security.

3.      In addition to this action, I have worked on hundreds of intellectual property and other civil litigation matters during my career.  In recent years, I have worked on an increasing number of litigation matters involving First Amendment claims against internet services and hosts.  I am familiar with the volume and scope of work typically required in a litigation like this one.

4.      WSGR is a premier legal advisor to technology, Internet, and other growth enterprises worldwide. WSGR has approximately 900 attorneys and, according to the National Law Journal's 2021 NLJ 500 ranking of firms based on size, it is the 49th largest firm in the United States by headcount.  The firm has often been recognized as one of the nation's leading intellectual property, securities, and commercial litigation firms.

5.      Google is a long-time WSGR client and has used our firm for a variety of litigation-related matters.  I personally have represented Google since 2007.

6.      I have served as the lead attorney for Google in this case since it began. I am personally familiar with the work performed by WSGR in this case on appeal.  In this declaration, I describe the work WSGR performed and billed for and for which Google now seeks reimbursement.

2

Google's Fee Request

7.      In its motion, Google seeks reimbursement of $33,993.50, or 50% of

the attorneys' fees it was charged and paid for work performed on this matter by

three WSGR attorneys from August 2021 through the Court's January 24, 2022

Order affirming the district court's dismissal of Appellant's claims with prejudice.

WSGR associate Jordan Nelson, whose discounted billing rate for the matter was

$590 per hour, drafted portions of Appellant's answering brief and conducted legal

research necessary for the brief.  She billed 52.2 hours on the matter during the

relevant time period.  WSGR associate G. Edward Powell III, whose rate was $685

per hour, spent 17.0 hours drafting portions of the answering brief.  My discounted

rate was $1,030 per hour and I billed 24.8 hours helping to develop Appellant's

arguments and revising Appellant's answering brief.

8.      The rates charged by WSGR to Google for this case represent a

substantial discount from the standard rates charged by WSGR for litigation

services.  WSGR's standard rates are designed to be competitive in the markets in

which WSGR competes for similar work performed by attorneys of comparable

skill, experience, and reputation among many others, the San Francisco/Silicon

Valley, California, market, which is relevant to this action as Google's

headquarters.

9.      As a partner at WSGR, I am familiar with Mr. Powell's and Ms.

Nelson's background and professional experience.  As lead attorney on this case, I supervised the work that they did on the case.

10.   G. Edward Powell III is an associate in WSGR's patent litigation group.  Mr. Powell specializes in intellectual property and appellate litigation.  He represents hardware, software, and life sciences clients in patent litigation nationwide.  Mr. Powell has contributed to successful outcomes in cases before the U.S. Supreme Court and the Federal Circuit.  He graduated from Duke University School of Law in 2018.  Prior to joining the firm, Mr. Powell clerked for the Honorable Gerald B. Tjoflat on the 11th Circuit Court of Appeals.

11.   Jordan Nelson is an associate in WSGR's internet litigation and strategy group.  Ms. Nelson has experience litigating cases in federal district and appellate courts and California state courts.  She has contributed to successful outcomes in a variety of complex matters.  Ms. Nelson graduated from the George Washington University Law School in 2019.

12.   A spreadsheet showing the attorney time entries for the work these attorneys performed on this matter from August 2021 to January 2022 and for which Google seeks reimbursement is attached as Exhibit A.  The spreadsheet reflects the time the listed attorney spent on each task and a description of the task performed during that time.  The time entries and descriptions shown on the spreadsheet were kept contemporaneously and were drawn directly from the

invoices our firm sent to Google.  In addition to work on Google's answering brief, the time entries show time spent in connection with the appeals management process.

13.     Over the course of this appeal, I reviewed all the time entries for WSGR personnel on the matter, and excised charges for anything I judged to be unnecessary or excessive.  I used my normal and experienced judgment to examine the recorded time entries and to make adjustments where appropriate to ensure that the recorded time was reasonable (i.e., not excessive for the tasks performed) and necessary to the litigation.  I performed this review with the same perspective I used when preparing bills for other clients with hourly fee billing arrangements and in accordance with the Rules of Professional Conduct and WSGR guidelines. Google was not billed for the work I excised.  I undertook a similar exercise in connection with preparing this motion, excising from Exhibit A time entries for work billed to and paid for by Google for charges that I did not believe were the appropriate subject of a request for reimbursement.  The minimal redactions that appear on the spreadsheet that is Exhibit A were made to protect privilege, attorney work product, and personal privacy.

14.     In my experience and judgment, the time spent and the fees billed for which Google now seeks reimbursement as shown in Exhibit A were reasonable and reasonably necessary to the successful defense on appeal of the

matter.  Further, I am confident that considerably more than 50% of the time spent in connection with the defense on appeal of Appellant's case and shown on Exhibit A was spent responding to Appellant's Florida RICO, FDUTPA and fraud claims.

I declare under penalty of perjury under the laws of the State of Florida and the United States that the foregoing is true and correct and that this Declaration is executed the 28th day of February 2022 in Ann Arbor, Michigan.

/s/ Brian M. Willen\
Brian M. Willen

# Exhibit A

# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050

| NAME | DATE | PROFESSIONAL SERVICES | HOURS |
|------|------|-----------------------|-------|
| Nelson, Jordan | 9/8/2021 | Discuss appellate briefing schedule and plan deadlines with J.R. Perez | 0.4 |
| Willen, Brian M. | 9/20/2021 | Discuss appeal formalities/logistic with N. Berman | 0.3 |
| Willen, Brian M. | 9/23/2021 | Review/discuss plaintiff's appeal papers | 0.3 |
| Nelson, Jordan | 10/5/2021 | ████████████████████████████ ████████████████; discuss strategy and outline for answering brief to Plaintiff's opening brief; start outline for answering brief | 1.3 |
| Willen, Brian M. | 10/5/2021 | Review Plaintiff's CA11 brief; discuss brief with WSGR team | 2 |
| Nelson, Jordan | 10/6/2021 | Plan outline for answering brief with J.R. Perez; review lower court docket orders and motions to summarize procedural history | 2.1 |
| Willen, Brian M. | 10/6/2021 | Update client on case developments | 0.4 |
| Nelson, Jordan | 10/7/2021 | Draft procedural background of answering brief outline; apply edits according to J.R. Perez comments; update outline to contain correct record cites | 6.6 |
| Willen, Brian M. | 10/7/2021 | Review case material for CA11 appeal; review/edit outline for CA11 response brief | 1.9 |
| Nelson, Jordan | 10/8/2021 | Arrange application for admission and request certificate of good standing; discuss B. Willen edits with J.R. Perez; edit answering outline according to B. Willen edits | 3.7 |
| Willen, Brian M. | 10/8/2021 | Review/edit outline re 11 Circuit brief | 1.3 |
| Nelson, Jordan | 10/11/2021 | Discuss answering brief outline with B. Willen and J.R. Perez; edit outline according to B. Willen feedback | 0.8 |
| Willen, Brian M. | 10/11/2021 | Call with WSGR team re CA11 brief; review/edit outline for CA11 brief | 1.1 |
| Nelson, Jordan | 10/12/2021 | Research lowered requirements under 9(b) to add to answering brief outline | 1.2 |

1

# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050

| Nelson, Jordan | 11/1/2021 | Review edits and comments in answering brief outline; discuss revisions to outline with J.R. Rafael in advance of drafting long form brief | 0.8 |
|---|---|---|---|
| Nelson, Jordan | 11/2/2021 | Review procedural history of matter; review court orders to extract quotes to include in appellate brief; draft introduction to appellate brief; begin draft of procedural background in counterstatement of facts | 3.8 |
| Nelson, Jordan | 11/3/2021 | Draft summary of motion to dismiss briefing in lower court for counterstatement of facts in appellate brief | 2.1 |
| Nelson, Jordan | 11/4/2021 | Plan outstanding tasks for completion of full draft appellate brief with J.R. Perez; finish drafting counterstatement of facts to share with J.R. Perez for review | 2.4 |
| Nelson, Jordan | 11/5/2021 | Draft additional counterstatement of facts section discussing court's order granting motion to dismiss SAC following edits by J.R. Rafael; review briefing related to motion to dismiss SAC to add details re Plaintiff's failure to state causes of action | 3.7 |
| Powell III, George E. | 11/7/2021 | Correspond with B. Willen re merits brief | 0.1 |
| Nelson, Jordan | 11/8/2021 | Review edits by J.R. Perez; edit statement of facts according to same; review joint appendix and ensure each statement supported with cite to record; complete citations to record | 3.3 |
| Powell III, George E. | 11/9/2021 | Correspond with B. Willen, J. Nelson re opening brief on appeal | 0.1 |
| Nelson, Jordan | 11/11/2021 | Discuss next steps for research and drafting of answering brief with J.R. Perez; review local rules to ensure compliance with all relevant rules | 0.6 |
| Powell III, George E. | 11/11/2021 | Draft appellee brief | 2.3 |
| Powell III, George E. | 11/12/2021 | Draft appellee brief | 3.2 |
| Willen, Brian M. | 11/12/2021 | Draft/edit CA11 brief | 2.5 |
| Nelson, Jordan | 11/13/2021 | Review edits and comments by B. Willen in appellate brief | 0.3 |
| Willen, Brian M. | 11/13/2021 | Further edits to CA11 brief | 3.4 |
| Powell III, George E. | 11/14/2021 | Revise appellant brief | 1.1 |

2

# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050

| | | | |
|---|---|---|---|
| Willen, Brian M. | 11/14/2021 | Further edits to CA11 brief | 1.5 |
| Nelson, Jordan | 11/15/2021 | Finish review of B. Willen edits and comments in appellate brief; meet with E. Powell and B. Willen to discuss research needs and edits to be done to complete appellate brief; implement B. Willen edits to counterstatement of facts | 2.1 |
| Powell III, George E. | 11/15/2021 | Revise appellee brief | 3.7 |
| Willen, Brian M. | 11/15/2021 | Call with WSGR team to discuss CA11 brief (.5 hrs); draft/edit CA11 brief (2.4 hrs) | 2.9 |
| Nelson, Jordan | 11/16/2021 | Shepardize case law relied on by ███████████ █████████████████████; research case law discussing continuity requirement of RICO claim ████████ ███████████████████████████████ | 4.9 |
| Powell III, George E. | 11/16/2021 | Revise appellee brief | 2 |
| Willen, Brian M. | 11/16/2021 | Further edits to CA11 brief; discuss brief with local counsel/WSGR team | 2.5 |
| Nelson, Jordan | 11/17/2021 | Continue research re continuity requirement to cite in appellate brief; transfer brief to doc to share with Google team | 1.9 |
| Powell III, George E. | 11/17/2021 | Revise appellee brief | 0.7 |
| Willen, Brian M. | 11/17/2021 | Further edits to CA11 brief for circulation to client; discuss brief with local counsel | 1.1 |
| Powell III, George E. | 11/21/2021 | Correspond with B. Willen, J. Nelson re cite check and logistics for filing | 0.1 |
| Nelson, Jordan | 11/22/2021 | Prepare final version of appellate brief; review history of case cited to ensure cases support arguments in brief; discuss final steps to finalize brief with WSGR team | 2.1 |
| Nelson, Jordan | 11/23/2021 | Finish review of case history check to ensure cases cited support assertion; review and apply edits to citations in brief; review and fill needed citations to joint appendix; discuss next steps for filing brief with WSGR team; review table of contents and table of authorities and apply edits; review brief in final word form and implement edits | 5.2 |

# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050

| | | | |
|---|---|---|---|
| Powell III, George E. | 11/23/2021 | Revise appellee brief; correspond with team re same | 0.7 |
| Willen, Brian M. | 11/23/2021 | Further review to CA11 brief to prepare for filing | 0.8 |
| Nelson, Jordan | 11/24/2021 | Review and implement edits by B. Willen in final appellate brief; review and implement edits by ▮ ▮ in final brief; review and update tables according to edits; prepare final brief to send to N. Berman for filing | 2.9 |
| Powell III, George E. | 11/24/2021 | Prepare appellee brief for filing | 2.8 |
| Willen, Brian M. | 11/24/2021 | Final edits/review to CA11 brief for filing; discuss final edits to brief with WSGR team | 1.3 |
| Powell III, George E. | 12/15/2021 | Review reply brief | 0.2 |
| Willen, Brian M. | 12/15/2021 | Review/discuss plaintiff's CA11 reply brief | 1.5 |

## Timekeeper Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Brian, Willen M. | 24.8 | $1,030 | $25,544 |
| Powell III, George E. | 17.0 | $685 | $11,645 |
| Nelson, Jordan | 52.2 | $590 | $30,798 |

**TOTAL BILLED   $ 67,987**

# Appendix 2

**No. 21-12894-HH**

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

DJ LINCOLN ENTERPRISES, INC.,

*Plaintiff-Appellant*,

*v.*

GOOGLE, LLC,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Southern District of Florida, No. 2:20-cv-14159-RLR
Hon. Robin Lee Rosenberg

**DECLARATION OF NATHAN M. BERMAN IN SUPPORT OF
DEFENDANT-APPELLEE GOOGLE LLC'S APPLICATION FOR
ATTORNEYS' FEES OR, IN THE ALTERNATIVE, MOTION TO
TRANSFER CONSIDERATION OF ATTORNEY'S FEES TO THE
DISTRICT COURT**

Nathan M. Berman
Florida Bar No. 0329230
ZUCKERMAN SPAEDER LLP
101 E. Kennedy Blvd., Suite 1200
Tampa, Florida 33602
Telephone:  (813) 221-1010
Facsimile:  (813) 223-7961
Email:  nberman@zuckerman.com

Brian M. Willen
G. Edward Powell III
Jordan A. Nelson
WILSON SONSINI
  GOODRICH & ROSATI,
Professional Corporation
1301 Avenue of the Americas, 40th Fl.
New York, NY  10019
Telephone:  (212) 999-5800
Facsimile:   (212) 999-5899
Email:  bwillen@wsgr.com
        epowell@wsgr.com
        jordan.nelson@wsgr.com
*Attorneys for Appellee Google LLC*

I, Nathan M. Berman, declare as follows:

1.      I am a partner with Zuckerman Spaeder LLP and am counsel for
Defendant-Appellee Google LLC ("Google") in the above-captioned case.  I
submit this declaration in support of Google's Application for Attorneys' Fees
following the Court's affirmance of the district court's dismissal with prejudice of
all of Appellant DJ Lincoln Enterprises, Inc.'s claims in this matter.  The following
facts are true of my personal knowledge, and if called and sworn as a witness, I
could competently testify to them.

2.      I have been practicing law since 2000, when I graduated from the
Georgetown University Law Center.  I am admitted to the Bars of the State of
Florida, the Southern, Middle, and Northern Districts of Florida, the Eleventh
Circuit Court of Appeals and the Supreme Court of the United States.  Prior to
joining the firm, I served as a clerk for the Honorable James S. Moody, Jr. of the
U.S. District Court for the Middle District of Florida.  My practice consists of
representing individuals and companies in federal and state civil and criminal
matters in Florida and throughout the country.

3.      In this declaration, I describe the work I performed and billed for and
for which Google now seeks reimbursement.

4.      In its motion, Google seeks reimbursement of $4,768.50 in attorneys'
fees it was charged and paid for work performed on this matter by Zuckerman

Spaeder LLP from August 2021 through the Court's January 24, 2022 Order affirming dismissal of Appellant's claims with prejudice. My discounted rate for this matter is $467.50 per hour.

5.      I kept contemporaneous records of the time I spent working on this case. These time records are reflected in the invoices Zuckerman Spaeder sent to Google and which Google paid. The invoices reflect the time I spent on each task and a description of the task performed during that time. Attached as Exhibit A is a true and correct copy of Zuckerman Spaeder's invoices for services rendered from August 2021 to January 2022. During the course of the case, I reviewed all the time entries for my work on the matter and removed or modified charges for anything I judged to be unnecessary or excessive. The minimal redactions that appear on the spreadsheet that is Exhibit A were made to protect privacy, privilege and attorney work product. The portions of Exhibit A that are greyed show time that was billed that was unrelated to the appeal. The time in grey was not included in calculating the fees Google now seeks.

6.      On this case, I worked closely with the attorneys at Wilson Sonsini Goodrich & Rosati, P.C. I advised on Florida law and practices and assisted in preparing the briefing and participated in the mandatory mediation process.

7.     The hourly rate that I charged for this matter is comparable to or below those of other attorneys with similar skill and experience at Florida firms that enjoy a similar reputation.

8.     In my experience and judgment, the time spent and the fees billed for which Google now seeks reimbursement as shown in Exhibit A were reasonable and reasonably necessary to the successful defense of the matter.  Further, I am confident that considerably more than 50% of the time spent in connection with the defense of Appellant's case and shown on Exhibit A was spent responding to Appellant's Florida RICO, FDUTPA and fraud claims.

I declare under penalty of perjury under the laws of the State of Florida and the United States that the foregoing is true and correct and that this Declaration is executed the 28th day of February, 2022, in Tampa, Florida.

/s/ Nathan M. Berman_____
Nathan M. Berman

# Exhibit A

**ZUCKERMAN
SPAEDER**

ZUCKERMAN SPAEDER LLP
101 EAST KENNEDY BLVD. SUITE 1200
TAMPA, FL 33602-5838
813.221.1010  813.223.7961 fax    www.zuckerman.com

Google LLC

1600 Ampitheatre Parkway
Mountain View, CA 94043

| | |
|---|---|
| Invoice Date: | September 22, 2021 |
| Invoice Number: | 405778 |
| Matter Number: | 14019-0009 |
| EIN: | |

*For Professional Services through **August 31, 2021***

**Client:**   Google LLC
**Matter:**   Google LLC / DJ Lincoln Enterprises, Inc.

| | | |
|---|---|---:|
| Total Fees | $ | 13,530.00 |
| Less Professional Courtesy | $ | (2,029.50) |
| Total Due This Invoice | $ | 11,500.50 |
| | | |
| Previous Balance Due | $ | 1,729.75 |
| **Amount Due** | **$** | **13,230.25** |

**PRIOR OPEN INVOICES**

| Invoice Date | Invoice Number | Invoice Amount | | Payments | | Balance Due |
|---|---|---:|---|---:|---|---:|
| 08/09/2021 | 405402 | $   1,729.75 | $ | 0.00 | $ | 1,729.75 |
| | | $   1,729.75 | $ | 0.00 | $ | 1,729.75 |
| | **Prior Open Invoices Balances Due** | | | | $ | **1,729.75** |

Google LLC                                    Invoice Date:          September 22, 2021
                                              Invoice Number:                    405778
                                              Matter Number:                 14019-0009

Please email BillingDepartment@zuckerman.com for questions regarding the above invoice(s).

**Remittance via US Mail:**

Zuckerman Spaeder LLP
PO BOX 45799
Baltimore, MD  21297-5799
EIN: ███████
202-778-1800

**Remittance for Overnight Payments ONLY**

BB&T, now Truist
Attn:  Lockbox # ██████
16410 Heritage Blvd – 2nd Floor
Bowie, MD  20716-3172

**Remittance via ACH Transfer:**

BB&T, now Truist
1445 New York Avenue
FL 4
Washington DC 20005-2134
Contact:
ABA: ███████████
Account: ████████████
Swift# (Intl Only):
Account Name: Zuckerman Spaeder LLP
*Please include invoice number in description.*

Google LLC                                                                        September 22, 2021
                                                           Invoice Number:               405778
                                                           Matter Number:             14019-0009

## TIMEKEEPER SUMMARY

| Name | Rate | Hours | | Amount |
|------|------|-------|---|--------|
| Nathan M. Berman | 550.00 | 24.60 | $ | 13,530.00 |
| | **Total** | **24.60** | **$** | **13,530.00** |

## DESCRIPTION OF SERVICE RENDERED

Nathan M. Berman                                                          Task      Activity

| Date | Hours | Description | Task | Activity |
|------|-------|-------------|------|----------|
| 08/02/21 | 0.20 | Exchange email with client and WSGR regarding ████ ████ | L190 | A108 |
| 08/02/21 | 0.20 | Email plaintiff's counsel regarding motion for attorney's fees. | L190 | A107 |
| 08/06/21 | 0.10 | Email opposing counsel regarding motion for attorney's fees. | L250 | A107 |
| 08/08/21 | 0.10 | Exchange email with WSGR regarding conference with opposing counsel. | L190 | A107 |
| 08/08/21 | 0.10 | Telephone conference with opposing counsel regarding motion for attorney's fees and potential appeal. | L190 | A107 |
| 08/09/21 | 0.20 | Exchange email with client, WSGR and opposing counsel regarding motion for attorney's fees. | L190 | A108 |
| 08/10/21 | 0.20 | Exchange email with WSGR and opposing counsel regarding motion for attorney's fees. | L250 | A107 |
| 08/12/21 | 0.20 | Exchange email with WSGR regarding motion for attorney's fees. | L190 | A107 |
| 08/12/21 | 3.30 | Research and review case law and prepare motion for attorney's fees. | L190 | A102 |
| 08/13/21 | 0.80 | Prepare motion for attorney's fees. | L190 | A103 |
| 08/15/21 | 3.50 | Prepare motion for attorney's fees. | L250 | A103 |
| 08/16/21 | 3.20 | Prepare and revise motion for attorney's fees. | L250 | A103 |
| 08/17/21 | 4.10 | Prepare and revise motion for attorney's fees including supporting declarations. | L190 | A103 |
| 08/18/21 | 2.60 | Prepare and revise motion for attorney's fees and supporting declarations. | L250 | A103 |
| 08/18/21 | 0.20 | Exchange email with WSGR regarding motion for attorney's fees. | L190 | A107 |
| 08/19/21 | 1.40 | Prepare Zuckerman Spaeder declaration and fee summary. | L190 | A110 |
| 08/19/21 | 0.20 | Exchange email with client and WSGR regarding ████ ████ | L190 | A108 |
| 08/20/21 | 0.20 | Email opposing counsel regarding draft motion for attorney's fees. | L250 | A107 |
| 08/20/21 | 0.10 | Receipt and review of notice of appeal. | L190 | A104 |
| 08/20/21 | 2.80 | Revise and finalize draft of motion for attorney's fees and supporting declarations. | L190 | A104 |
| 08/20/21 | 0.30 | Exchange email with client and WSGR ████ ████ | L190 | A108 |
| 08/24/21 | 0.20 | Receipt and review of scheduling order from 11th Circuit Court of Appeals. | L190 | A104 |
| 08/27/21 | 0.30 | Exchange email with plaintiff's counsel regarding meet and confer for motion for attorney's fees. | L190 | A107 |

| | | | | |
|---|---|---|---|---|
| Google LLC | | Invoice Date: | | September 22, 2021 |
| | | Invoice Number: | | 405778 |
| | | Matter Number: | | 14019-0009 |

| Nathan M. Berman | | | Task | Activity |
|---|---|---|---|---|
| 08/27/21 | 0.10 | Exchange email with WSGR regarding motion for attorney's fees. | L250 | A107 |

**ZUCKERMAN**
**S P A E D E R**

ZUCKERMAN SPAEDER LLP
101 EAST KENNEDY BLVD. SUITE 1200
TAMPA, FL 33602-5838
813.221.1010   813.223.7961 fax    www.zuckerman.com

Google LLC
████████████
1600 Ampitheatre Parkway
Mountain View, CA 94043

| | |
|---|---|
| Invoice Date: | October 15, 2021 |
| Invoice Number: | 405957 |
| Matter Number: | 14019-0009 |
| EIN: | ███████ |

*For Professional Services through **September 30, 2021***

**Client:** Google LLC
**Matter:** Google LLC / DJ Lincoln Enterprises, Inc.

| | | |
|---|---|---|
| Total Fees | $ | 3,850.00 |
| Less Professional Courtesy | $ | (577.50) |
| Total Due This Invoice | $ | 3,272.50 |
| Previous Balance Due | $ | 11,500.50 |
| **Amount Due** | **$** | **14,773.00** |

**PRIOR OPEN INVOICES**

| Invoice Date | Invoice Number | Invoice Amount | Payments | Balance Due |
|---|---|---|---|---|
| 09/22/2021 | 405778 | $        11,500.50 | $        0.00 | $        11,500.50 |
| | | $        11,500.50 | $        0.00 | $        11,500.50 |
| | **Prior Open Invoices Balances Due** | | $ | **11,500.50** |

Google LLC

Invoice Date: October 15, 2021
Invoice Number: 405957
Matter Number: 14019-0009

Please email BillingDepartment@zuckerman.com for questions regarding the above invoice(s).

**Remittance via US Mail:**

Zuckerman Spaeder LLP
PO BOX 45799
Baltimore, MD  21297-5799
EIN: ██████
202-778-1800

**Remittance for Overnight Payments ONLY**

Truist
Attn:  Lockbox # - ████
16410 Heritage Blvd – 2nd Floor
Bowie, MD  20716-3172

**Remittance via ACH Transfer:**

Truist
1445 New York Avenue
FL 4
Washington DC 20005-2134
Contact:
ABA #: ██████
Account #: ██████
Swift # (Intl Only): ██████
Account Name: Zuckerman Spaeder LLP
Please include invoice number in description.

Google LLC                                                          October 15, 2021
                                                    Invoice Date:
                                                    Invoice Number:              405957
                                                    Matter Number:          14019-0009

## TIMEKEEPER SUMMARY

| Name | Rate | Hours | | Amount |
|------|------|-------|---|--------|
| Nathan M. Berman | 550.00 | 7.00 | $ | 3,850.00 |
| | **Total** | **7.00** | **$** | **3,850.00** |

## DESCRIPTION OF SERVICE RENDERED

Nathan M. Berman                                                    Task      Activity

| | | | Task | Activity |
|---|---|---|---|---|
| 09/01/21 | 0.10 | Email opposing counsel regarding meet and confer process for motion for attorneys' fees. | L190 | A107 |
| 09/07/21 | 0.10 | Email Plaintiff's counsel regarding motion for attorneys' fees. | L250 | A107 |
| 09/11/21 | 0.10 | Exchange email with WSGR regarding motion for attorneys' fees. | L250 | A107 |
| 09/11/21 | 0.40 | Revise motion for attorneys' fees. | L250 | A103 |
| 09/13/21 | 0.20 | Exchange email with WSGR and client regarding ████████ ████████. | L250 | A108 |
| 09/14/21 | 0.20 | Exchange email with WSGR and client regarding ████████ | L250 | A107 |
| 09/14/21 | 1.70 | Revise motion for attorney's fees and supporting declarations. | L250 | A103 |
| 09/15/21 | 0.20 | Exchange email with WSGR and client regarding ████████ ████████. | L250 | A107 |
| 09/15/21 | 2.10 | Revise and finalize motion for attorney's fees and supporting documents. | L250 | A103 |
| 09/20/21 | 1.00 | Prepare and finalize Certificate of Interested Persons and Corporate Disclosure Statement in the 11th Circuit Court of Appeals. | L510 | A103 |
| 09/20/21 | 0.30 | Exchange email with WSGR and client regarding ████████ ████████████████. | L510 | A108 |
| 09/22/21 | 0.20 | Receipt and analysis of plaintiff's notice of appearance of counsel form and certificate of interested persons in the 11th Circuit Court of Appeals. | L510 | A104 |
| 09/22/21 | 0.10 | Exchange email with WSGR regarding appearance of plaintiff's counsel. | L510 | A107 |
| 09/23/21 | 0.10 | Receipt and analysis of plaintiff's motion to file civil appeal statement out of time. | L510 | A104 |
| 09/23/21 | 0.10 | Exchange email with WSGR regarding potential response to motion to file civil appeal statement out of time. | L510 | A107 |
| 09/30/21 | 0.10 | Exchange email with WSGR regarding plaintiff's failure to response to motion for attorney's fees. | L510 | A107 |

# ZUCKERMAN SPAEDER

ZUCKERMAN SPAEDER LLP
101 EAST KENNEDY BLVD. SUITE 1200
TAMPA, FL 33602-5838
813.221.1010  813.223.7961 fax    www.zuckerman.com

Google LLC
████████
1600 Ampitheatre Parkway
Mountain View, CA 94043

| | |
|---|---|
| Invoice Date: | November 4, 2021 |
| Invoice Number: | 406148 |
| Matter Number: | 14019-0009 |
| EIN: | ████████ |

*For Professional Services through **October 31, 2021***

**Client:**     Google LLC
**Matter:**     Google LLC / DJ Lincoln Enterprises, Inc.

| | | |
|---|---|---|
| Total Fees | $ | 14,300.00 |
| Less Professional Courtesy | $ | (2,145.00) |
| Total Due This Invoice | $ | 12,155.00 |
| | | |
| Previous Balance Due | $ | 3,272.50 |
| **Amount Due** | **$** | **15,427.50** |

**PRIOR OPEN INVOICES**

| Invoice Date | Invoice Number | Invoice Amount | Payments | Balance Due |
|---|---|---|---|---|
| 10/15/2021 | 405957 | $ 3,272.50 | $ 0.00 | $ 3,272.50 |
| | | $ 3,272.50 | $ 0.00 | $ 3,272.50 |
| | **Prior Open Invoices Balances Due** | | $ | **3,272.50** |

Google LLC

Invoice Date: November 4, 2021
Invoice Number: 406148
Matter Number: 14019-0009

Please email BillingDepartment@zuckerman.com for questions regarding the above invoice(s).

**Remittance via US Mail:**

Zuckerman Spaeder LLP
PO BOX 45799
Baltimore, MD  21297-5799
EIN: ███████
202-778-1800

**Remittance for Overnight Payments ONLY**

Truist
Attn:  Lockbox # - ██████
16410 Heritage Blvd – 2nd Floor
Bowie, MD  20716-3172

**Remittance via ACH Transfer:**

Truist
1445 New York Avenue
FL 4
Washington DC 20005-2134
Contact:
ABA #: ████████
Account #: ████████
Swift # (Intl Only): ████████
Account Name: Zuckerman Spaeder LLP
Please include invoice number in description.

Google LLC                                          November 4, 2021
                                        Invoice Date:
                                        Invoice Number:           406148
                                        Matter Number:         14019-0009

## TIMEKEEPER SUMMARY

| Name | Rate | Hours | | Amount |
|------|------|-------|---|--------|
| Nathan M. Berman | 550.00 | 26.00 | $ | 14,300.00 |
| | **Total** | **26.00** | **$** | **14,300.00** |

## DESCRIPTION OF SERVICE RENDERED

Nathan M. Berman                                               Task    Activity

| | | | Task | Activity |
|---|---|---|------|----------|
| 10/01/21 | 0.10 | Exchange email with WSGR regarding Plaintiff's failure to respond to Google's motion for attorneys' fees. | L250 | A107 |
| 10/04/21 | 0.20 | Exchange email with WSGR regarding case issues. | L190 | A107 |
| 10/04/21 | 0.40 | Review and analysis of Plaintiff's initial brief in Eleventh Circuit Court of Appeals. | L510 | A104 |
| 10/04/21 | 0.10 | Receipt and review of Order to Show cause to Plaintiff for failure to file a response to Google's motion for attorneys' fees. | L510 | A104 |
| 10/05/21 | 0.40 | Review and analysis of Plaintiff's response to order to show cause, motion for leave to file untimely response to Google's motion for attorneys' fees, and proposed response to motion for attorneys' fees. | L510 | A104 |
| 10/05/21 | 0.20 | Telephone conference with 11th Circuit Court of Appeals' Clerk's Office regarding extension of time to file answer brief. | L510 | A107 |
| 10/05/21 | 0.10 | Review and analysis of 11th Circuit's Notice of Appendix Deficiency to Plaintiff. | L510 | A104 |
| 10/05/21 | 0.30 | Conference with WSGR regarding appellate briefing and motion for attorneys' fees. | L520 | A107 |
| 10/05/21 | 0.30 | Exchange email with WSGR regarding case issues. | L190 | A107 |
| 10/05/21 | 0.50 | Attend to 11th Circuit Court of Appeals admission for WSGR. | L510 | A104 |
| 10/06/21 | 0.20 | Exchange email with WSGR and client regarding case status. | L190 | A107 |
| 10/07/21 | 0.60 | Attend to admission for WSGR in Eleventh Circuit Court of Appeals. | L520 | A104 |
| 10/08/21 | 0.60 | Revise and finalize filings for WSGR admissions in Eleventh Circuit Court of Appeals. | L510 | A103 |
| 10/11/21 | 1.50 | Conduct legal research regarding waiver for failing to comply with local rules to support reply brief for motion for attorneys' fees. | L250 | A102 |
| 10/12/21 | 0.20 | Exchange email with WSGR regarding response to Plaintiff's motion for leave to file untimely response to motion for attorneys' fees. | L250 | A107 |
| 10/14/21 | 4.30 | Prepare response to Plaintiff's motion for leave to file untimely response to Google's motion for attorneys' fees. | L250 | A103 |
| 10/14/21 | 0.30 | Exchange email with WSGR and client regarding ███████ | L250 | A107 |
| 10/15/21 | 0.20 | Exchange email with WSGR regarding opposition to Plaintiff's motion for leave to file untimely response to motion for attorneys' fees. | L250 | A107 |

Page 3

Google LLC                                                        Invoice Date:        November 4, 2021
                                                                 Invoice Number:             406148
                                                                 Matter Number:          14019-0009

Nathan M. Berman                                                          Task      Activity

| 10/15/21 | 0.40 | Revise and finalize opposition to Plaintiff's motion for leave to file untimely response to motion for attorneys' fees. | L250 | A103 |
| 10/18/21 | 5.80 | Prepare reply in support of motion for attorneys' fees. | L250 | A103 |
| 10/18/21 | 0.10 | Exchange email with WSGR regarding reply in support of motion for attorneys' fees. | L250 | A107 |
| 10/18/21 | 0.10 | Receipt and review of order from district court granting Plaintiff's motion to file untimely opposition to motion for attorneys' fees. | L250 | A104 |
| 10/19/21 | 5.60 | Prepare reply in support of motion for attorneys' fees. | L250 | A103 |
| 10/20/21 | 0.30 | Exchange email with WSGR and client regarding ███████ | L250 | A107 |
| 10/20/21 | 1.60 | Revise reply in support of motion for attorneys' fees. | L250 | A103 |
| 10/21/21 | 0.30 | Exchange email with client and WSGR regarding ████ ██████ | L250 | A108 |
| 10/22/21 | 1.10 | Revise and finalize reply memorandum in support of motion for attorneys' fees | L250 | A103 |
| 10/25/21 | 0.10 | Exchange email with client and WSGR regarding ████ ████. | L250 | A108 |
| 10/25/21 | 0.10 | Receipt and review of order terminating motion for attorneys' fees pending resolution of appeal. | L250 | A104 |

# ZUCKERMAN
## SPAEDER

ZUCKERMAN SPAEDER LLP
101 EAST KENNEDY BLVD. SUITE 1200
TAMPA, FL 33602-5838
813.221.1010  813.223.7961 fax     www.zuckerman.com

Google LLC
▮▮▮▮▮▮▮
1600 Ampitheatre Parkway
Mountain View, CA 94043

| | |
|---|---|
| Invoice Date: | December 7, 2021 |
| Invoice Number: | 406463 |
| Matter Number: | 14019-0009 |
| EIN: | ▮▮▮▮▮▮ |

*For Professional Services through **November 30, 2021***

**Client:** Google LLC
**Matter:** Google LLC / DJ Lincoln Enterprises, Inc.

| | | |
|---|---|---|
| Total Fees | $ | 3,681.00 |
| Less Professional Courtesy | $ | (552.15) |
| Total Due This Invoice | $ | 3,128.85 |
| Previous Balance Due | $ | 15,427.50 |
| **Amount Due** | **$** | **18,556.35** |

## PRIOR OPEN INVOICES

| Invoice Date | Invoice Number | Invoice Amount | Payments | Balance Due |
|---|---|---|---|---|
| 10/15/2021 | 405957 | $ 3,272.50 | $ 0.00 | $ 3,272.50 |
| 11/04/2021 | 406148 | $ 12,155.00 | $ 0.00 | $ 12,155.00 |
| | | $ 15,427.50 | $ 0.00 | $ 15,427.50 |

| | | |
|---|---|---|
| **Prior Open Invoices Balances Due** | **$** | **15,427.50** |

Invoice Date:          December 7, 2021
Invoice Number:              406463
Matter Number:            14019-0009

Please email BillingDepartment@zuckerman.com for questions regarding the above invoice(s).

**Remittance via US Mail:**

Zuckerman Spaeder LLP
PO BOX 45799
Baltimore, MD  21297-5799
EIN: ████████
202-778-1800

**Remittance for Overnight Payments ONLY**

Truist
Attn:  Lockbox # - ██████
16410 Heritage Blvd – 2nd Floor
Bowie, MD  20716-3172

**Remittance via ACH Transfer:**

Truist
1445 New York Avenue
FL 4
Washington DC 20005-2134
Contact:
ABA #: ██████████
Account #: ████████████
Swift # (Intl Only): ████████
Account Name: Zuckerman Spaeder LLP
Please include invoice number in description.

Google LLC

Invoice Date:                     December 7, 2021
Invoice Number:                           406463
Matter Number:                        14019-0009

**TIMEKEEPER SUMMARY**

| Name | Rate | Hours | | Amount |
|------|------|-------|---|--------|
| Nathan M. Berman | 550.00 | 6.50 | $ | 3,575.00 |
| Bobbi Camp | 265.00 | 0.40 | $ | 106.00 |
| | **Total** | **6.90** | **$** | **3,681.00** |

**DESCRIPTION OF SERVICE RENDERED**

| Nathan M. Berman | | | Task | Activity |
|---|---|---|---|---|
| 11/17/21 | 1.40 | Revise answer brief in Eleventh Circuit Court of Appeals. | L520 | A103 |
| 11/22/21 | 0.40 | Communicate with WSGR regarding answer brief. | L190 | A107 |
| 11/23/21 | 0.40 | Communications with WSGR regarding answer brief. | L520 | A107 |
| 11/23/21 | 1.50 | Review and revise answer brief. | L520 | A103 |
| 11/24/21 | 2.80 | Revise, finalize and file answer brief in Eleventh Circuit Court of Appeals. | L520 | A103 |

| Bobbi Camp | | | Task | Activity |
|---|---|---|---|---|
| 11/24/21 | 0.40 | Assist with finalizing Appellee's Brief. | L520 | A103 |

**ZUCKERMAN SPAEDER LLP**
101 EAST KENNEDY BLVD. SUITE 1200
TAMPA, FL 33602-5838
813.221.1010  813.223.7961 fax    www.zuckerman.com

Google LLC
▮▮▮▮▮▮▮▮▮
1600 Ampitheatre Parkway
Mountain View, CA 94043

| | |
|---|---|
| Invoice Date: | January 26, 2022 |
| Invoice Number: | 406877 |
| Matter Number: | 14019-0009 |
| EIN: | ▮▮▮▮▮▮▮ |

*For Professional Services through **December 31, 2021***

**Client:**   Google LLC
**Matter:**   Google LLC / DJ Lincoln Enterprises, Inc.

| | | |
|---|---|---:|
| Total Fees | $ | 330.00 |
| Total Expenses | $ | 197.69 |
| Less Professional Courtesy | $ | (49.50) |
| Total Due This Invoice | $ | 478.19 |
| | | |
| Previous Balance Due | $ | 18,556.35 |
| **Amount Due** | **$** | **19,034.54** |

**PRIOR OPEN INVOICES**

| Invoice Date | Invoice Number | | Invoice Amount | | Payments | | Balance Due |
|---|---|---|---:|---|---:|---|---:|
| 10/15/2021 | 405957 | $ | 3,272.50 | $ | 0.00 | $ | 3,272.50 |
| 11/04/2021 | 406148 | $ | 12,155.00 | $ | 0.00 | $ | 12,155.00 |
| 12/07/2021 | 406463 | $ | 3,128.85 | $ | 0.00 | $ | 3,128.85 |
| | | $ | 18,556.35 | $ | 0.00 | $ | 18,556.35 |
| | **Prior Open Invoices Balances Due** | | | | | $ | **18,556.35** |

ZUCKERMAN SPAEDER LLP  |  WASHINGTON, DC  |  NEW YORK  |  TAMPA  |  BALTIMORE

Google LLC

Invoice Date:                    January 26, 2022
Invoice Number:                  406877
Matter Number:                   14019-0009

Please email BillingDepartment@zuckerman.com for questions regarding the above invoice(s).

**Remittance via US Mail:**

Zuckerman Spaeder LLP
PO BOX 45799
Baltimore, MD  21297-5799
EIN: ████████
202-778-1800

**Remittance for Overnight Payments ONLY**

Truist
Attn:  Lockbox # - ██████
16410 Heritage Blvd – 2nd Floor
Bowie, MD  20716-3172

**Remittance via ACH Transfer:**

Truist
1445 New York Avenue
FL 4
Washington DC 20005-2134
Contact:
ABA #: ██████████
Account #: ███████████
Swift # (Intl Only): █████████
Account Name: Zuckerman Spaeder LLP
Please include invoice number in description.

Google LLC                                                                    January 26, 2022
                                                        Invoice Date:
                                                        Invoice Number:                406877
                                                        Matter Number:              14019-0009

**TIMEKEEPER SUMMARY**

| Name | Rate | Hours | | Amount |
|------|-----:|------:|---|------:|
| Nathan M. Berman | 550.00 | 0.60 | $ | 330.00 |
| **Total** | | **0.60** | **$** | **330.00** |

**DESCRIPTION OF SERVICE RENDERED**

| Nathan M. Berman | | | Task | Activity |
|---|---|---|---|---|
| 12/15/21 | 0.40 | Review and analysis of plaintiff's reply brief. | L520 | A104 |
| 12/15/21 | 0.20 | Exchange email with WSGR regarding reply brief. | L520 | A107 |

**EXPENSES**

| Description | Amount |
|-------------|-------:|
| Avalon Document Services - Outside Duplicating/Printing | 197.69 |
| **Total** | **$197.69** |

**ZUCKERMAN SPAEDER**

ZUCKERMAN SPAEDER LLP
101 EAST KENNEDY BLVD. SUITE 1200
TAMPA, FL 33602-5838
813.221.1010  813.223.7961 fax    www.zuckerman.com

Google LLC
███████
1600 Ampitheatre Parkway
Mountain View, CA 94043

| | |
|---|---|
| Invoice Date: | February 14, 2022 |
| Invoice Number: | 406990 |
| Matter Number: | 14019-0009 |
| EIN: | ████████ |

*For Professional Services through **January 31, 2022***

**Client:** Google LLC
**Matter:** Google LLC / DJ Lincoln Enterprises, Inc.

| | | |
|---|---|---|
| Total Fees | $ | 6,128.50 |
| Less Professional Courtesy | $ | (919.28) |
| Total Due This Invoice | $ | 5,209.22 |
| Previous Balance Due | $ | 19,034.54 |
| **Amount Due** | **$** | **24,243.76** |

**PRIOR OPEN INVOICES**

| Invoice Date | Invoice Number | Invoice Amount | | Payments | | Balance Due |
|---|---|---|---|---|---|---|
| 10/15/2021 | 405957 | $ | 3,272.50 | $ | 0.00 | $ | 3,272.50 |
| 11/04/2021 | 406148 | $ | 12,155.00 | $ | 0.00 | $ | 12,155.00 |
| 12/07/2021 | 406463 | $ | 3,128.85 | $ | 0.00 | $ | 3,128.85 |
| 01/26/2022 | 406877 | $ | 478.19 | $ | 0.00 | $ | 478.19 |
| | | $ | 19,034.54 | $ | 0.00 | $ | 19,034.54 |

| | | |
|---|---|---|
| **Prior Open Invoices Balances Due** | $ | **19,034.54** |

Google LLC

Invoice Date:      February 14, 2022
Invoice Number:              406990
Matter Number:           14019-0009

Please email BillingDepartment@zuckerman.com for questions regarding the above invoice(s).

**Remittance via US Mail:**

Zuckerman Spaeder LLP
PO BOX 45799
Baltimore, MD  21297-5799
EIN: ██████
202-778-1800

**Remittance for Overnight Payments ONLY**

Truist
Attn:  Lockbox # - ████
16410 Heritage Blvd – 2nd Floor
Bowie, MD  20716-3172

**Remittance via ACH Transfer:**

Truist
1445 New York Avenue
FL 4
Washington DC 20005-2134
Contact:
ABA #: ████████
Account #: ████████
Swift # (Intl Only): ████████
Account Name: Zuckerman Spaeder LLP
Please include invoice number in description.

Google LLC

February 14, 2022

Invoice Number: 406990

Matter Number: 14019-0009

## TIMEKEEPER SUMMARY

| Name | Rate | Hours | | Amount |
|------|-----:|------:|---|------:|
| Nathan M. Berman | 595.00 | 10.30 | $ | 6,128.50 |
| | **Total** | **10.30** | **$** | **6,128.50** |

## DESCRIPTION OF SERVICE RENDERED

Nathan M. Berman

| | | | Task | Activity |
|------|-----|------|------|----------|
| 01/17/22 | 0.20 | Exchange email with Wilson Sonsini regarding mediation. | L160 | A108 |
| 01/18/22 | 0.20 | Telephone conference with mediator. | L160 | A108 |
| 01/18/22 | 0.20 | Exchange email with client and WSGR regarding ███████. | L160 | A108 |
| 01/18/22 | 3.20 | Prepare mediation statement. | L160 | A103 |
| 01/19/22 | 0.30 | Exchange email with client and WSGR regarding ███████. | L160 | A108 |
| 01/19/22 | 0.90 | Revise mediation statement. | L160 | A103 |
| 01/20/22 | 0.20 | Exchange email with mediator and opposing counsel regarding mediation. | L160 | A108 |
| 01/20/22 | 0.70 | Revise and finalize mediation statement. | L160 | A103 |
| 01/20/22 | 0.20 | Exchange email with WSGR and client regarding ██████. | L160 | A108 |
| 01/21/22 | 1.80 | Prepare for and attend Eleventh Circuit telephone mediation. | L520 | A109 |
| 01/24/22 | 0.30 | Review and analysis of Eleventh Circuit's opinion affirming dismissal of claims. | L510 | A104 |
| 01/24/22 | 0.20 | Exchange email with client and WSGR regarding ████████ ████████. | L510 | A107 |
| 01/24/22 | 0.50 | Analysis of process for motion for attorney's fees in Eleventh Circuit. | L510 | A104 |
| 01/25/22 | 0.20 | Exchange email with WSGR regarding motion for attorney's fees. | L510 | A107 |
| 01/26/22 | 0.10 | Exchange email with WSGR regarding motion for attorney's fees. | L510 | A107 |
| 01/27/22 | 0.50 | Prepare bill of costs in the Eleventh Circuit Court of Appeals. | L520 | A103 |
| 01/27/22 | 0.20 | Exchange email with WSGR and client regarding ████████ ████. | L520 | A107 |
| 01/28/22 | 0.40 | Revise and finalize bill of costs in Eleventh Circuit Court of Appeals. | L520 | A103 |

# Appendix 3

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): <u>Brian M. Willen</u>

Total compensation requested for this person: <u>$12,722.00</u>

Hourly rate of compensation requested for this person: <u>$1,030.00</u>

This person is an:

☒ attorney   ☐ law student/graduate   ☐ certified paralegal   ☐ other:_____

| Category | Total Hours |
|---|---|
| Interviews and conferences | 0.7 |
| Obtaining and reviewing records | 3.8 |
| Legal research | |
| Brief writing | 20.8 |
| Preparing for and attending oral argument | |
| Other (specify on additional sheets if necessary): | |
| Total hours claimed for this person | 24.8 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): <u>Nathan M. Berman</u>

Total compensation requested for this person: <u>$4,768.50</u>

Hourly rate of compensation requested for this person: <u>467.50</u>

This person is an:

☒ attorney   ☐ law student/graduate   ☐ certified paralegal   ☐ other:_____

| Category | Total Hours |
|---|---|
| Interviews and conferences | 7.5 |
| Obtaining and reviewing records | 2.3 |
| Legal research | |
| Brief writing | 8.9 |
| Preparing for and attending oral argument | |
| Other (specify on additional sheets if necessary): | 1.7 |
| Total hours claimed for this person | 20.4 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): <u>G. Edward Powell III</u>

Total compensation requested for this person: <u>$5,822.50</u>

Hourly rate of compensation requested for this person: <u>$685.00</u>

This person is an:

☒ attorney   ☐ law student/graduate   ☐ certified paralegal   ☐ other:_____

| Category | Total Hours |
|---|---|
| Interviews and conferences | 0.3 |
| Obtaining and reviewing records | |
| Legal research | |
| Brief writing | 16.7 |
| Preparing for and attending oral argument | |
| Other (specify on additional sheets if necessary): | |
| Total hours claimed for this person | 17.0 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): <u>Jordan A. Nelson</u>

Total compensation requested for this person: <u>$15,399.00</u>

Hourly rate of compensation requested for this person: <u>$590.00</u>

This person is an:

☒ attorney   ☐ law student/graduate   ☐ certified paralegal   ☐ other: _____

| Category | Total Hours |
|---|---|
| Interviews and conferences | 1.0 |
| Obtaining and reviewing records | 2.1 |
| Legal research | 8 |
| Brief writing | 41.1 |
| Preparing for and attending oral argument | |
| Other (specify on additional sheets if necessary): | |
| Total hours claimed for this person | 52.2 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03