IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.: 2:20-cv-14159-ROSENBERG-REINHART

DJ LINCOLN ENTERPRISES, INC.

    Plaintiff,

v.

GOOGLE, LLC,

    Defendant.

_____

**GOOGLE LLC'S REPLY
IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES ON APPEAL**

Plaintiff's two-page Memorandum in Opposition to Defendant's Motion for Fees on Appeal (Dkt. 73) (the "Opposition") does nothing to undermine Google's entitlement to its appellate attorneys' fees. Plaintiff's Opposition does not challenge Google's entitlement to recover fees incurred during the appeal of this matter in the Eleventh Circuit Court of Appeals. Rather, Plaintiff only makes over-generalized and conclusory objections regarding the amount of the fee claim and Google's failure to apportion the fees among each of Plaintiff's claims. The Opposition is simply another effort by Plaintiff to avoid responsibility for pursuing a meritless lawsuit and appeal. Plaintiff's failure to support its objection to the hourly rates with evidence or to provide specific objections regarding the hours it claims are excessive are fatal to the Opposition. In contrast, Google has met its evidentiary burden and only seeks reasonable fees incurred defending Plaintiff's appeal in the Eleventh Circuit.

    **I.**    **Google's Request for Fees Incurred During the Appeal is Reasonable**

        **A.**    **Hourly Rate**

Plaintiff's objection to the hourly rates of WSGR's attorneys is unfounded.  Plaintiff fails to provide any authority for its conclusion that WSGR's hourly rates are excessive.  Plaintiff does not disclose its own counsel's hourly rates or present any evidence challenging the reasonableness of the requested hourly rates. *See Burrow, Inc. v. Euro Furniture and Design, LLC*, No. 21-cv-22500-Bloom/Otazo-Reyes, 2022 WL 356451, *4 (S.D. Fla. Feb. 7, 2022) (approving requested hourly rates based, in part, upon defendant's failure to provide any evidence challenging reasonableness of rates).

The requested hourly rates for WSGR's attorneys are reasonable and consistent with the market in South Florida and the Eleventh Circuit Court of Appeals.  The "reasonable hourly rate" is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *ACLU v. Barnes,* 168 F.3d 423, 436 (11th Cir. 1999).[1]  Moreover, specialized practice areas warrant higher hourly rates. *See Burrow*, 2022 WL 356451 at *4 (specialized areas of law, including patent and intellectual property, "command high attorney rates in South Florida."); *Tobinick v. Novella*, No. 14-80781-CV-Rosenberg/Hopkins, 2017 WL 8809365, *6 (S.D. Fla. Nov. 29, 2017), *report and recommendation adopted*, 2017 WL 8809110 (S.D. Fla. Dec. 18, 2017) (approving a $650.00 hourly rate for appellate fees for attorney specializing in First Amendment litigation).

WSGR attorney Brian Willen specializes in internet litigation, the First Amendment, and copyright and trademark law.  He represents numerous online companies such as Google, Dropbox, Flipboard, Pinterest, Spotify, and Twitter on a range of complex issues.  Ed Powell specializes in intellectual property and appellate litigation, and is a former law clerk for Judge

---

[1] The "agreed-upon billing rate is a strong indication of a reasonable rate." *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.,* 253 F.3d 1332, 1337 (11th Cir. 2001) (per curiam).

Tjoflat on the Eleventh Circuit Court of Appeals. Jordan Nelson also specializes in internet litigation and strategy. Collectively, their rates are consistent with lawyers of comparable skills, experience and reputation in the Southern District of Florida and the Eleventh Circuit. *See Domond v. PeopleNetwork APS*, 750 Fed. Appx. 844, 848 (11th Cir. 2018) (upholding hourly rates of $645 to $675 for Miami trademark infringement case); *Burrow*, 2022 WL 356451 at *4 (approving hourly rates of $520 to $790 in patent case); *Tropical Paradise Resorts, LLC v. JBSHBM, LLC*, No. 18-cv-60912-Bloom/Valle, 2021 WL 2269822, *9 (S.D. Fla. Apr. 30, 2021), *report and recommendation adopted,* 2021 WL 2024424 (S.D. Fla. May 21, 2021) (approving hourly rates of $787 and $841 in patent litigation); *Marjam Supply Co. of Florida v. Pliteq, Inc*., No. 1:15-cv-24363, 2021 WL 1200422, *17-18 (S.D. Fla. Mar. 5, 2021) (finding rate of $650 an hour to be reasonable for South Florida legal market); *Roche Diagnostics Corp. v. Surplus Diabetic, Inc.,* No. 19-cv-61469-Ruiz/Strauss, 2020 WL 8082367, *7 (S.D. Fla. July 6, 2020) (finding $625 and $700 to be reasonable hourly rates in the South Florida market); *Kleinman v. Wright*, No. 18-80176-CV-Bloom/Reinhart, 2020 WL 1980601, *3 (S.D. Fla. Mar. 17, 2020) (finding hourly rates of $500 to $675 in Palm Beach County to be reasonable).

### B. Hours Expended Were Reasonable

Plaintiff's accusation regarding the unreasonableness of the number of hours spent on the appeal is unsupported and without merit. Plaintiff fails to satisfy its burden to provide specific objections regarding the hours it claims should be excluded. *See Rodriguez v. Molina Healthcare Inc*., 806 Fed. Appx. 797, 804 (11th Cir. 2020) (party opposing fee application has an obligation to identify the hours that should be excluded with specificity); *Barnes*, 168 F.3d at 428 ("In order for courts to carry out their duties in this area, 'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'") (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988)). This lack of

3

specificity is fatal to Plaintiff's objections. *See Norman*, 836 F.2d at 1301 ("Generalized statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not entitled to much weight.") (citing *Hensley v. Eckerhart*, 461 U.S. 424, 439 n. 15; 103 S.Ct. 1933, 1942 n. 15 (1983)); *P&k Restaurant Enterprise, LLC v. Jackson*, 758 Fed. Appx. 844, 850-51 (11th Cir. 2019) (general and conclusory assertion regarding the excessiveness of fee request "is a far cry from this Court's instruction that objections concerning hours should be "specific and 'reasonably precise'") (quoting *Barnes*, 168 F.3d at 428)).

Plaintiff's argument also overlooks the fact Google was obligated to respond to its initial brief that raised six distinct issues on appeal, in a case where the stakes were high: Plaintiff brought claims under RICO, accusing Google of being "a billion-dollar racketeer" and seeking $90,000,000 in damages along with the "[d]issolution and/or reorganization of Google." Dkt. 46 at pp. 2, 44. As detailed in its motion for fees, Google prepared a 49-page answering brief in response to Plaintiff's brief, which addressed each of those issues and raised additional arguments for affirming the judgment below. Google's counsel also prepared the necessary disclosures and participated in the Eleventh Circuit's mandatory mediation program. Google's counsel's time records demonstrate with sufficient particularity the reasonableness of the time spent in defending Plaintiff's appeal. None of that was excessive, especially given Plaintiff's own demands and claims in the case.

## II.     Apportionment of Fees is Not Required

Finally, Plaintiff's assertion that "Google's failure to allocate or apportion recoverable from unrecoverable attorney's fees precludes the Court from awarding any fees" is unfounded. Dkt. 73 at p. 2. Florida law provides that apportionment of fees is not required where work for some claims cannot be distinguished from work on other claims. *See Franzen v. Lacuna Golf Ltd.*

4

*Partnership*, 717 So.2d 1090, 1093 (Fla. 4th DCA 1998) ("trial court is not required to apportion attorney's fees where work for one claim cannot be distinguished from work on other claims."). Contrary to Plaintiff's position, Florida law permits recovery of all fees incurred in a case where it is difficult to separate the time spent defending each claim. *See Pirretti v. Dean Witter Reynolds, Inc.*, 578 So.2d 474, 475-76 (Fla. 4th DCA 1991) (not an abuse of discretion to award fees for all work performed, including defending claims for which fees are not otherwise recoverable, where "the effort required to defend the case was the same as to both the common law and statutory claims and that a time allocable to each could not reasonably be separately determined."); *State Farm Fire & Cas. Co. v. Becraft*, 501 So.2d 1316, 1319 (Fla. 4th DCA 1986) ("where the bulk of the work involved was intertwined with both issues, so as to make it difficult to separate the time spent, the allowance of fees for the entire service furnished is not error.").

In this action, all of Plaintiff's claims share the same common core of facts. Given the intertwined nature of the issues and claims raised by Plaintiff, it is practically impossible for Google's counsel to separate the time spent on each discrete claim. All of Plaintiff's claims are based upon the same factual allegations and alleged misconduct by Google. Moreover, there was significant overlap between Plaintiff's claims. For example, Plaintiff asserted claims based upon alleged violations of the federal and Florida RICO statutes. Likewise, Plaintiff's FDUTPA and common law fraud claims arose out of the same allegedly false and misleading statements. The effort required to defend the case was the same for all of Plaintiff's claims. Accordingly, Google is not required, and cannot be expected to, apportion its counsel's fees for each claim.

The cases cited by Plaintiff do not apply to Google's claims for fees. None of the four cited cases involve Florida law. Two of the cases, *In re Kincaid,* 445 B.R. 731 (N.D. Tex. 2011), and *Ralston Oil and Gas Co. v. Gesnco, Inc.*, 706 F.2d 685 (5th Cir. 1983), involved Texas law,

which requires some level of allocation of attorney's fees between claims on which fees are recoverable and those claims which do not provide for recovery of fees. *Manufacturing Automation and Software Systems, Inc. v. Hughes*, 833 Fed. Appx. 147, 149 (9th Cir. 2021), involved California law. Moreover, in *Hughes* the court rejected the claim that it was impossible to segregate even a portion of fees incurred in defending one of sixteen separate claims. *Id*. Finally, *Fair Housing Council of Greater Washington v. Landow*, 999 F.2d 92, 98 (4th Cir. 1993), involved a claim for fees under 42 U.S.C. § 1988. The Fourth Circuit Court of Appeals held that the plaintiff was obligated to make a reasonable effort to allocate fees between its successful claim (breach of a settlement agreement) and its unsuccessful claims (discrimination) because the claims were legally and factually distinct. *Id.*

Moreover, Plaintiff's assertion that Google's fees are limited to those incurred in defending the Florida RICO and FDUTPA claims is incorrect. In addition to its entitlement to appellate fees incurred in defending those claims, Google is also entitled to recover fees incurred in defending the Plaintiff's common law fraud claims because they are based on the same "common core" of facts as the alleged FDUTPA violation. *See Mandel v. Decorator's Mart, Inc. of Deerfield Beach*, 965 So.2d 311, 314-15 (Fla. 4th DCA 2007) (upholding award of fees for time spent on fraud and contract claims where "the fraud and contract claims arose from the same 'common core' of facts as the Chapter 501 claim."); *McNider Marine, LLC v. Cain & Daniels, Inc.*, No. 8:17-cv-2561-T-24 JSS, 2019 WL 1902897, *3 (M.D. Fla. Apr. 29, 2019) ("While only the FDUTPA claim entitles Plaintiffs to an award of attorneys' fees, Plaintiffs can also recover their attorneys' fees for time spent on claims based on the same transaction as alternative theories of recovery.") (citing *Mandel*, 965 So.2d at 314); *Chow v. Chak Yam Chau*, 640 Fed. Appx. 834, 838-9 (11th Cir. 2015) (fees recoverable under FDUTPA include "those devoted to the entire action, not merely the FDUTPA

6

claim 'unless the attorney's services clearly were not related in any way to establishing or defending an alleged violation of chapter 501.'") (internal quotation omitted).

Plaintiff's claims for FDUTPA, fraud in the inducement and actual fraud, and constructive fraud are all based on the same "common core" of facts—that Google made false and misleading statements to Plaintiff and discriminated against Plaintiff because of its conservative ownership. Accordingly, Google is entitled to recover 80% of its total fees for defending against the appeal of the dismissal of four of the five claims asserted in the Second Amended Complaint.

Google incurred $77,524.00 in defending against Plaintiff's appeal in the Eleventh Circuit Court of Appeals. Rather than seeking all of its fees, or even the 80% of those fees to which it is entitled, Google is only seeking 50% of its fees incurred in defending the appeal, or $38,762.00. This request is reasonable, modest and very conservative under the circumstances of the case and applicable law. Plaintiff has offered no basis for rejecting or limiting that request.

## CONCLUSION

Google respectfully requests that the Court enter judgment in the amount of $38,762.00 for attorney's fees incurred in defending Plaintiff's appeal in the Eleventh Circuit Court of Appeals.

Dated: April 19, 2022                      Respectfully submitted,

*/s/ Nathan M. Berman*_____
Nathan M. Berman
FBN: 0329230
nberman@zuckerman.com
Zuckerman Spaeder LLP
101 E. Kennedy Blvd., Suite 1200
Tampa, Florida 33602
813-221-1010
813-223-7961 (Fax)

BRIAN M. WILLEN (*pro hac vice*)
Email: bwillen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas

                                                   New York, NY 10019
                                                   Telephone: (212) 999-5800
                                                   Facsimile: (212) 999-5899

*Attorneys for Defendant Google LLC*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on April 19, 2022, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system thereby serving all registered users in this case.

                                                  */s/ Nathan M. Berman*
                                                  Nathan M. Berman