UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:20-CV-14159-ROSENBERG/REINHART

DJ LINCOLN ENTERPRISES, INC.,

    Plaintiff,

v.

GOOGLE, LLC,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART MOTION AND APPLICATION FOR ATTORNEYS' FEES

**THIS CAUSE** comes before the Court upon Defendant Google, LLC's Motion to recover attorneys' fees incurred for litigating before this Court (DE 55) and upon Defendant's Application to recover attorneys' fees incurred on appeal (DE 67; DE 68).[1] The Court previously referred the matter to the Honorable Bruce E. Reinhart for a Report and Recommendation.

Judge Reinhart issued his Report and Recommendation on July 27, 2022, recommending that the Motion and Application be granted in part and denied in part. DE 75. Judge Reinhart determined that Defendant was entitled to recover attorneys' fees under Florida's RICO statute, Fla. Stat. § 772.104, but that Defendant had not met its burden to show entitlement to attorneys' fees under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.2105. *Id.* at 4-13. Judge Reinhart then applied the lodestar method and concluded by recommending that Defendant be awarded attorneys' fees of $118,075.75 for litigating before this Court and $27,380 for litigating on appeal, for a total award of $145,455.75.[2] *Id.* at 13-28.

---

[1] Defendant filed its Application for appellate fees in the Eleventh Circuit Court of Appeals, and the Eleventh Circuit subsequently transferred the Application to this Court for consideration. *See* DE 67.

[2] This award was a reduction from the total $202,205.75 that Defendant sought in its Motion and Application.

Plaintiff DJ Lincoln Enterprises, Inc. filed Objections to the Report and Recommendation, and Defendant filed an Opposition to those Objections. DE 76; DE 77. The Court has thoroughly reviewed the parties' briefing on the Motion and Application, the Report and Recommendation, Plaintiff's Objections, Defendant's Opposition, and the entire record. The Court has familiarity with the background of this case, having presided over the case for more than one year and having issued two Orders granting Motions to Dismiss for failure to state a claim for relief. The Court is fully advised in the premises.

The Court agrees with the thorough and well-reasoned analysis and conclusions in the Report and Recommendation. The Court will briefly address Plaintiff's Objections to the Report and Recommendation. The Court has reviewed those Objections *de novo* in accordance with 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule 4.

Plaintiff's first objection to the Report and Recommendation is that the dismissal of Plaintiff's Florida RICO claim with prejudice should not trigger an award of attorneys' fees under Fla. Stat. § 772.104(3). *See id.* ("The defendant shall be entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim which was without substantial fact or legal support."). The Report and Recommendation cites well-reasoned caselaw standing for the proposition that achieving the dismissal with prejudice of a Florida RICO claim due to failure to state a claim does enable the defendant to collect attorneys' fees under § 772.104(3). Plaintiff acknowledges that the Report and Recommendation "correctly summarizes" that caselaw, and Plaintiff cites no caselaw with a contrary holding. *See* DE 76 at 2. Plaintiff's assertion that § 772.104(3) "requires something more than a 'with prejudice' dismissal" is unsupported.

Furthermore, the Court rejects Plaintiff's contention that attorneys' fees should not be awarded in this case because the Court frustrated Plaintiff's ability to plead a claim when the Court

stayed discovery. A plethora of caselaw may be cited for the proposition that a plaintiff is not entitled to discovery to enable the plaintiff to plead a claim for relief. *E.g.*, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. . . . [N]either the parties nor the court have any need for discovery before the court rules on the motion."); *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim."). The Court overrules Plaintiff's objection to an award of attorneys' fees under § 772.104(3).

Plaintiff's second objection to the Report and Recommendation is that the hourly rates on which Judge Reinhart based his recommended award are unreasonable and that Defendant should only recover the fees incurred preparing one Motion to Dismiss, given Defendant's position that all three of Plaintiff's Complaints were meritless for similar reasons.[3] The Court has reviewed Judge Reinhart's application of the lodestar method and agrees with his determinations as to the reasonableness of the attorneys' hourly rates and of the hours those attorneys expended litigating this case. The Court will note in particular that one of the factors relevant to an application of the lodestar method is "the amount involved and the results obtained." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 n.2 (11th Cir. 2008) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). The result that Plaintiff sought in this litigation, and the outcome that Defendant's attorneys thwarted, was a judgment in excess of $90 million and the dissolution of Google. *See* DE 46. Having reviewed the relevant lodestar factors as applied to this case, the Court overrules Plaintiff's second objection.

---

[3] Defendant filed a Motion to Dismiss in response to each of the three Complaints Plaintiff filed in this matter. The first Motion to Dismiss became moot when Plaintiff voluntarily amended its first Complaint. The Court ruled on the latter two Motions to Dismiss following full briefing.

Plaintiff's third objection to the Report and Recommendation is that the recommended award should be reduced because Defendant is entitled to recover fees for only one of the claims (the Florida RICO claim) among the several claims that Plaintiff raised in its Complaints. However, Judge Reinhart accounted for this issue in the Report and Recommendation. Judge Reinhart explained that Defendant had already reduced the hours for which it sought compensation by 50%, and he determined that it was appropriate to further reduce the compensable hours by 10%. Plaintiff cites no authority demonstrating that this determination was in error. The Court concludes that the hours on which Judge Reinhart based his recommended award are reasonable and overrules Plaintiff's third objection.

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** that:

1. Magistrate Judge Reinhart's Report and Recommendation (DE 75) is **ADOPTED** as the Order of the Court.

2. Plaintiff's Objections (DE 76) are **OVERRULED**.

3. Defendant's Motion for Attorneys' Fees (DE 55) is **GRANTED IN PART AND DENIED IN PART**.

4. Defendant's Application for Attorneys' Fees (DE 67; DE 68) is **GRANTED IN PART AND DENIED IN PART**.

5. Defendant is awarded attorneys' fees in the total amount of $145,455.75, consisting of $118,075.75 for litigating before this Court and $27,380 for litigating on appeal.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 29th day of August, 2022.

Copies furnished to: Counsel of Record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE